IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AYANNA WALKER, ) | |
|     *Plaintiff,* ) | |
| v. ) | Case No. 07 C 6148 |
| ) | |
| CALUMET CITY, ILLINOIS, ) | Judge Milton I. Shadur |
|     *Defendant.* ) | |

FILED
Oct. 31, 2007
JH.
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## MOTION FOR TEMPORARY RESTRAINING ORDER
## AND/OR PRELIMINARY INJUNCTION

Plaintiff, Ayanna Walker ("Walker"), pursuant to Fed. R. Civ. P. 65, moves the Court for entry of a temporary restraining order and/or preliminary injunction enjoining enforcement of Calumet City's ("City") Point of Sale Inspection Ordinance ("Ordinance") (Ex. A to Walker's Supporting Memorandum). In support of this motion, Walker states as follows:

1.  This case raises the same issues raised in litigation originally brought by the Realtor Association of West/South Suburban Chicagoland ("Association"), No. 06 C 2271 (the "Prior Litigation"). This suit, like the Prior Litigation, seeks a declaration that the Ordinance is unconstitutional and an injunction prohibiting, among other things, enforcement of the Ordinance. Importantly, in the Prior Litigation, this Court ruled that immediate injunctive relief enjoining enforcement of the Ordinance was necessary and appropriate. For the following reasons, Walker asks that the Court enter the same relief in this case. Indeed, based on the Court's familiarity with the Ordinance and the arguments of the parties, Walker respectfully requests that the Court enter a TRO immediately until such time as the Court has time to more fully consider Walker's request for a preliminary injunction.

2.  Association filed the Prior Litigation against City on April 24, 2006. After that suit was filed, City amended its Point of Sale Inspection Ordinance to remedy certain

135667v1

deficiencies alleged by Association. The amendment, however, did not remedy all Constitutional defects and, upon Association's motion, the Court entered a preliminary injunction against enforcement of the amended Point of Sale Inspection Ordinance on August 8, 2006. Thereafter, City amended its ordinance again and moved to dissolve the August 8 injunction. The Court granted the motion to dissolve and, after briefing, on December 8, 2006, enjoined the new ordinance (the "December 8 Injunction") (Ex. B to Walker's Supporting Memorandum).

3. *Importantly, the Ordinance whose enforcement was enjoined by the December 8 Injunction is exactly the same Ordinance which Walker seeks to enjoin enforcement of by this motion.* Thus, the Court has already considered the arguments set forth below and in the Supporting Memorandum and decided that injunctive relief is warranted.

4. City appealed the entry of the December 8 Injunction. During the pendency of the appeal, this Court granted Walker, a City property owner, leave to join Association in the lawsuit and to file an amended complaint. A new injunction is required, however, because on October 17, 2007, the Seventh Circuit vacated the December 8 Injunction on the ground that Association lacks "prudential" standing and ordered that the "suit" brought by Association be dismissed without prejudice. On October 23, 2007, this Court dismissed the "suit" without prejudice, including the claims asserted by Walker. On October 31, Walker refiled her lawsuit and now seeks the same relief this Court previously awarded pursuant to the December 8 Injunction. Because the Seventh Circuit vacated the December 8 Injunction, all of the unconstitutional wrongs and irreparable harm that caused the Court to issue the December 8 Injunction will again be imposed on Walker and other City property. To prevent such irreparable harm, the Court should enter a new injunction in favor of Walker.

2

135667v1

5. The facts supporting Walker's claims are set forth in detail in her Verified Complaint and in the accompanying Supporting Memorandum, both of which are incorporated herein by reference. Walker bring this action of injunctive, declaratory and other relief, pursuant to 42 U.S.C. § 1983, and 28 U.S.C. §§2201 and 2202 to redress the deprivation, under color of law, of rights guaranteed to Walker by the United States Constitution. As explained briefly below and in more detail in the Supporting Memorandum, the Ordinance is unconstitutional because, among other reasons, it (a) unreasonably and unconstitutionally restrains Walker's right to sell her property without due process of the law, and (b) fails to provide procedural due process.

6. Walker has a high likelihood of success on the merits of her claims. The Ordinance unreasonably and unconstitutionally restrains the alienability of Ms. Walker's property. The Ordinance provides that property cannot be sold unless City issues a transfer stamp. Ex. A to Supporting Memorandum at § 14-1(h); Ex. C to Supporting Memorandum at §§ 82-325, 82-327(b), 82-328. The only way for Ms. Walker to obtain a transfer stamp is to first obtain a "Certificate of Compliance" which, in turn, can only be obtained if an inspector decides her property "passed" a point of sale inspection. Ex. A. A property owner can "pass" a point of sale inspection only if it completes all repairs required by the inspector -- even if those repairs are cosmetic in nature -- by using a licensed contractor. *Id.* at § 14-1(k). Thus, even if Walker's property complies with all City codes, she may not sell her property if City refuses to issue a "Certificate of Compliance."

7. The Ordinance is also unconstitutional because, as respects point of sale inspections and City's refusal to issue a Certificate of Compliance, it has no due process safeguards of any kind and no appeal process to challenge City's refusal to issue a Certificate of

Compliance or a repair order issued by an inspector. *Id.* Thus, property owners such as Walker must capitulate to an inspector's demands, even if the repair work is unnecessary from a public health or safety standpoint, if they want to sell their property. *Id.* In addition, the Ordinance requires citizens to pay the water bill before City will issue transfer stamps. *Id.* at § 14-1(i). Although the Ordinance states that an owner can dispute the water bill in a "predeprivation hearing," the ordinance does not explain the due process protections, if any, of such hearing and requires the owner to pay the bill "under protest" while she challenges it. Thus, if a property owner such as Walker wants to sell her property, she must capitulate and pay (albeit "under protest") what City claims it is owed. *Id.* Otherwise, she will be unable to obtain the necessary transfer stamp. *Id.*.

8.  The Ordinance permits City to order the "deconversion" of "illegally converted" property. Ex. A at §§ 14-1(c)(2), 14-1(g). As respects deconversions, the Ordinance is unconstitutional because it contains no due process protection against City improperly ordering the deconversion of legal nonconforming property as a precondition of the right to sell the property. Ex. A. For example, there are no guidelines that explain how City determines whether property is "illegal." *Id.* Additionally, there is no hearing at which property owners are permitted to be represented by counsel and to submit evidence that the property is legal. *Id.* Similarly, property owners cannot appeal a decision by City's inspector that the property is illegal. *Id.* There is no right to judicial review. *Id.* Thus, City may prevent the sales of any property, such as Walker's property, simply by declaring it illegal. *Id.*

9.  Walker and other persons who own property in the City have suffered and will continue to suffer irreparable harm by virtue of City's unconstitutional Ordinance.

10. The balance of harm favors Walker. Absent an injunction, Walker will be deprived of her Constitutional rights. An injunction against enforcement of the Ordinance, however, will not harm City because, even with the injunction in place, City may continue to enforce its safety codes through other ordinances (Exs. F & G to Supporting Memorandum) that allow City to eliminate code violations, including those created by illegally converted property, that relate to public health and safety, without encroaching on the right to sell property

11. The public interest is served by the issuance of an injunction which enjoins the Ordinance.

WHEREFORE, for the reasons set forth above and in the Supporting Memorandum, Walker requests that the Court immediately enter a temporary restraining order and/or a preliminary injunction that:

1. enjoins enforcement of the Ordinance;

2. prohibits City from performing point-of-sale inspections pursuant to the Ordinance and enjoins City from prohibiting the sale of property and refusing to issue transfer stamps in the absence of a point of sale inspection and/or issuance of a "certificate of compliance;"

3. grants such other relief as the Court deems just and proper; and

4. finds that because no costs or damages will be incurred or suffered by City if the requested injunction is issued, the Court deems it proper that, pursuant to Fed. R. Civ. P. 65(c), no security need be given by Walker.

Dated: October 31, 2007

Respectfully submitted,

AYANNA WALKER

By: _____
One of Her Attorneys

Philip C. Stahl
Patrick T. Nash
Maggie M. Hanel
GRIPPO & ELDEN LLC
111 South Wacker Drive
Chicago, IL 60606
Phone: (312) 704-7700

## CERTIFICATE OF SERVICE

I, Patrick T. Nash, certify that on this 31st day of October, 2007, I served the foregoing **MOTION FOR TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION** to the following by Electronic Mail before 4:00 p.m. and by U.S. Mail upon:

> Mark H. Sterk
> Odelson & Sterk, Ltd.
> 3318 West 95th Street
> Evergreen Park, Illinois 60805
> E-mail: msterk@odelsonsterk.com

And by Electronic Mail and Hand Delivery before 4:00 p.m. on:

> John B. Murphey
> Rosenthal, Murphey & Coblentz
> 30 North LaSalle Street
> Suite 1624
> Chicago, IL 60602
> E-mail: jmurphey@mej.com

_____
Patrick T. Nash

135667v1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| AYANNA WALKER, | ) | |
| *Plaintiff,* | ) | |
| | ) | Case No. 07 C 6148 |
| v. | ) | |
| | ) | |
| CALUMET CITY, ILLINOIS, | ) | Judge Milton I. Shadur |
| *Defendant.* | ) | |
| | ) | |
| | ) | |
| | ) | |

### ORDER GRANTING INJUNCTIVE RELIEF

This matter coming to be heard on Plaintiff's Motion For Temporary Restraining Order And/Or Preliminary Injunction, due notice having been given, and the Court being fully advised in the premises, for the reasons set forth on the record at the hearing of this matter on November 2, 2007, the Court finds that, as to Walker's claims that the Ordinance is unconstitutional, (i) Walker has established a high likelihood of success on the merits; (ii) there is no adequate remedy at law and Walker will suffer irreparable harm if injunctive relief is not granted; (iii) the irreparable harm Walker will suffer absent injunctive relief will substantially outweigh any irreparable harm that City will suffer if injunctive relief is granted; and (iv) granting injunctive relief will not disserve the public interest -- indeed, will serve the public interest -- in terms of the consequences to non-parties.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. City and its agents, employees, officers, successors and members (collectively, "City), is prohibited and enjoined from enforcing (a) Section 14-1 of Chapter 14, Article I of the Calumet City Code, as amended by Ordinance No. 06-68 ("Ordinance"), and (b) Section 327(b) of Chapter 82, Article X of the Calumet City Code. This Order shall not prohibit City from attempting to collect unpaid water bills by lawful means other than pursuant to Section 327(b).

135689v2

-2-

2. City is prohibited and enjoined from (i) conducting inspections pursuant to the Ordinance; (ii) prohibiting the sale of property and refusing to issue transfer stamps in the absence of a point of sale inspection and/or issuance of a "certificate of compliance"; and (iii) ordering deconversion of property pursuant to the Ordinance. City shall allow the sale or transfer of property without requiring point of sale inspections or deconversions.

3. This order shall remain in effect until the trial on the merits, unless modified by this Court; and

4. Because no costs or damages will be incurred or suffered by City if the requested injunction is issued, the Court deems it proper that, pursuant to Fed. R. Civ. P. 65(c), no security need be given by Walker.

Dated: November ____, 2007          ENTERED:

                                    _____
                                    Judge Milton I. Shadur

135689v2