# THE CITY OF CALUMET CITY
# COOK COUNTY, ILLINOIS

## ORDINANCE
## NUMBER 06-68

### AN ORDINANCE AMENDING CHAPTERS 14 AND 82 OF THE MUNICIPAL CODE OF CALUMET CITY REGARDING POINT OF SALE INSPECTIONS AND REAL ESTATE TRANSFER TAX

MICHELLE MARKIEWICZ QUALKINBUSH, Mayor
Gloria L. Dooley, City Clerk

EDWARD GONZALEZ
THADDEUS JONES
BRIAN WILSON
GERALD A. TARKA
NIKOLAOS MANOUSOPOULOS
CYNTHIA M. PALLICK
LENI WOSCZYNSKI
Aldermen

Published in pamphlet form by authority of the Mayor and City Council of the City of Calumet City on
ODELSON & STERK, LTD. - City Attorneys - 3318 West 95th Street - Evergreen Park, Illinois 60805


EXHIBIT 1

A.6

ORDINANCE NO. 06 - 68

**AN ORDINANCE AMENDING CHAPTERS 14 and 82 OF THE MUNICIPAL CODE OF CALUMET CITY REGARDING POINT OF SALE INSPECTIONS AND REAL ESTATE TRANSFER TAX**

WHEREAS, the City of Calumet City has reviewed the provisions of its Municipal Code governing Point of Sale Inspections; and

WHEREAS, it is the intention of the City of Calumet City to continue to provide for periodic inspections of dwellings upon the transfer of interest or ownership thereof; and

WHEREAS, the City of Calumet City believes it is in the best interests of the health, safety and welfare to make the following amendments to its Ordinance regarding Point of Sale Inspections.

NOW, THEREFORE, be it ordained by the Mayor and City Council of the City of Calumet City, Cook County, Illinois, in the exercise of Calumet City's home rule powers as follows:

Section 1: Chapter 14, Article I, Section 14-1 of the Municipal Code of the City of Calumet City is hereby amended by deleting the text thereof and substituting the following text in its place:

Sec. 14-1. *Point of Sale Inspection Requirement; Certificate of Compliance Procedures*

(a) *Department Created; Definition; General Requirement.*

1. A Department of Inspectional Services is hereby created pursuant to this section. The Department of Inspectional Services ("Department") shall be headed by a Director of Inspectional Services ("Director," which shall also include the Director's designees) who shall be appointed by the Mayor with the advice and consent of the City Council. All inspectional services concerning point of sale matters within the City, including building and housing, shall be under the jurisdiction of the Department. The building commissioner, electrical inspector, plumbing inspector, housing director and all Department inspectors and staff shall be responsible for reporting to the Director relative to all matters relating to this section and the Director shall have full authority to direct, train and provide appropriate personnel subject to City Council approval as to expenditures and/or requirements as provided herein.

2. For the purpose of this section, the term "Point of Sale Inspection" means an inspection of real property by the Department conducted in connection with a taxable transfer of

A.7

08/25/2006 FRI 08:27 FAX 7085891143 CLERKS OFFICE 6THF
Case 1:06-cv-02271 Document 167-2 Filed 08/17/2006 Page 3 of 10
Case 1:06-cv-02148 Document 105-2 Filed 10/08/2007 Page 3 of 13

real estate to determine whether the condition of said property conforms to the specific regulations identified in this Section.

3. A Point of Sale Inspection shall be required relative to any transfer of any interest in property which is subject to this Section, except as exempted herein.

(b) *Notice of Transfer of Real Property Required.* Whenever an owner of real property in the City proposes to engage in a transfer of real property in the City which is subject to taxation under Chapter 82, Article X of the Calumet City Municipal Code (Real Estate Transfer Tax), such owner shall provide the Department a Notice of Transfer for said property, on a form therefore provided by the Department.

(c) Compliance *Inspection; Pertinent Code Requirements.* The Notice of Transfer form shall also constitute the Director's request to inspect such property ("Compliance Inspection") to determine whether such property is in compliance with the following specific requirements, which the corporate authorities of the City find are related to the public health, safety and welfare:

(1) *Compliance with Specific City Codes.* All structures shall be in compliance with City building ordinances, including any property maintenance codes adopted by the City, which codes are set forth elsewhere in this Chapter 14.
(2) *Inspection to Determine Possible Illegal Conversions.* All structures shall be inspected to determine whether they have been illegally converted. For purposes of this subsection, "illegally converted" means that the property was converted to another or additional use beyond that for which the property was originally permitted, and which [i] is in violation of the property's zoning limitations and [ii] is not a legal nonconforming use under Section V of the City Zoning Ordinance.

(d) *Proposed Compliance Inspection.* When the owner files the Notice of Transfer, the Department will schedule a proposed Compliance Inspection to be conducted within 28 calendar days of the Notice. The Notice of Transfer Form shall include the following:

(1) Date and time of the proposed Compliance Inspection;
(2) A statement that the owner or occupant has the right to withhold consent to the Compliance Inspection and require the City to obtain a warrant to conduct the inspection;
(3) For occupied rental dwellings, the City must also request and obtain the consent of the tenant prior to conducting any inspection; and
(4) A space for the owner and/or to indicate that the owner and/or tenant either consent to the Compliance Inspection, or refuse consent.

(e) *Refusal to Consent; Warrant Procedures.* If the owner or occupant does not consent to the proposed inspection, the Director may appear before any judge in the Circuit Court of Cook County and seek an administrative search warrant to allow an inspection. Any such application

A.8

shall be made within 10 calendar days after the owner's nonconsent. The application for the warrant shall specify the basis upon which the warrant is being sought and shall include a statement that the inspection will be limited to a determination whether there are violations of the Code provisions identified in this Section, and whether there have been any illegal conversions. The Court may consider any of the following factors along with such other matters as it deems pertinent in its decision as to whether a warrant shall issue:

(1) eyewitness account of violation;
(2) citizen complaints;
(3) tenant complaints;
(4) plain view violations;
(5) violations apparent from City records;
(6) property deterioration;
(7) age of property;
(8) nature of alleged violation;
(9) condition of similar properties in the area;
(10) documented violations on similar properties in the area;
(11) passage of time since last inspection;
(12) previous violations on the property.

(f) *Uninspected Property; Transfer Stamps.* In the event the owner or occupant refuses to consent to an inspection, and the Director does not seek a warrant (or if Court refuses an application for the warrant), the Department shall notify the City Clerk that "Uninspected Property" transfer stamps may issue. In connection with the issuance of transfer stamps, the City Clerk shall advise the purchaser of such property that it is "Uninspected Property."

(g) *Inspection Procedures.* In the event consent is given or a warrant issues, the Department shall conduct the Compliance Inspection as provided in subsection (c) and (d). Within 3 business days after the Compliance Inspection the Department shall issue a written notice of violations and repairs, if any, necessary to bring the property into compliance with this Section. In the event the inspection reveals a structure which has been illegally converted, the Department shall issue a Notice of Deconversion, specifying the measures which must be taken in order to bring the illegally converted structure into compliance with applicable zoning regulations.

(h) *Follow-Up Repairs; Reinspection.* A party issued a notice of repairs as provided for in subsection (g) shall proceed to make such repairs. Upon completion of said repairs and notice thereof to the Department, the Department will conduct a reinspection within 3 business days thereafter. Upon completion of the follow-up repairs, and the completion of any deconversion measures required by the Department, the Department shall issue a Certificate of Compliance.

(i) *Payment of Current Water Bills; Predeprivation Hearing.* The seller must pay the current water bill (as defined in Section 82-327(b) of the Municipal Code) and other fees owed

4

A.9

by the seller to Calumet City prior to the issuance of transfer stamps. In the event the owner disputes any such obligation (or any portion thereof), the Office of City Clerk shall promptly provide the owner with a predeprivation due process hearing consistent with the principles enunciated in *Memphis Light, Gas & Water Division v Craft*, 436 U.S. 1 (1978). The City Clerk's office shall provide the hearing with 3 business days of a request. If the owner disputes the City's determination as to liability, the owner may pay said bill under protest, and may pursue any remedies available to said seller to recover the claimed overcharge.

(j)   *Conditional Certificate of Compliance; Procedures.*   An owner who has not completed the repairs identified through the inspection may nevertheless transfer ownership of property if:

   (1)   The owner or agent has deposited with the City an amount of money determined by the Director or his designee to be sufficient to bring the structure into compliance with all City building and zoning ordinances and any applicable housing, fire or property maintenance codes or regulations; and

   (2)   The buyer, conveyee, transferee, assignee or successor in title, ownership or interest (hereinafter "buyer") has entered into an agreement with the City whereby the buyer agrees to bring the structure into compliance within the time period determined by the Director or his designee, to bring the structure into compliance with all applicable Code requirements within a period not to exceed one hundred eighty (180) calendar days after the closing of the transaction ("closing").

   (3)   If the buyer enters into such an agreement, a Conditional Certificate of Compliance will issue in order to allow the closing to be completed. The Conditional Certificate of Compliance shall be issued by the Department and shall terminate on the one hundred eighty-first day after closing and no extensions shall be granted. A buyer who elects to accept the premises, subject to the inspection with existing violations, and who agrees, in order to close, to be responsible as provided herein, shall execute a sworn affidavit satisfactory to the Director, which will clearly indicate that the buyer is fully aware of the existing violations as well as the possibility of violations that may have existed but were undiscovered due to lack of access and agrees to accept the requirement and obligation to bring the structure into compliance within one hundred eighty (180) days of the closing. The City shall issue a Certificate of Compliance upon completion of the repairs necessary to bring the dwelling or structure into compliance.

   (4)   In the event the buyer fails to complete the required repairs, and have the repairs verified on reinspection, the Director is hereby authorized to pursue enforcement proceedings through the Calumet City administrative adjudication process, or, at his discretion, through the Circuit Court of Cook County. The buyer hereby agrees to submit to the jurisdiction and venue of the Calumet City Administrative Adjudication Process and the Circuit Court of Cook County and to waive service

5

A.10

08/25/2008 FRI 8:44 FAX 708 862 9473 CLERKS OFFICE CITY
Case 1:06-cv-03148 Document 67-2 Filed 03/12/2008 Page 6 of 10
Case 1:06-cv-02274 Document 105-2 Filed 10/08/2007 Page 6 of 13

of summons subject only to the notice requirement as required by law in order to enable the City to expeditiously obtain an order of compliance with this section.

(5) If reasonable proof that the repairs have been completed is not received by the Director or his designee within the required period for the repairs to be completed, the City, may also issue a citation for violation of this Chapter and/or the escrow repair agreement, and may also pursue any applicable administrative or judicial remedies to bring the structure and property into compliance with applicable codes and regulations.

(6) The fine for violations of this Chapter shall be not less than one hundred dollars ($100) nor more than one thousand dollars ($1,000.00) per day for each day the violations remain uncorrected.

(k) *Licensed and Bonded Contractors.* All contractors performing repairs identified in the point of sale inspection, or issuing certifications shall be licensed by the City and bonded and shall make available, upon request, copies of their license(s), verification of their liability insurance, errors and omissions insurance policies, and surety bond.

(l) *Validity of Certificate of Compliance.* A Certificate of Compliance issued to the seller shall be valid for one hundred eighty (180) days from the date of issuance.

(m) *No Warranty.* In issuing a certificate of compliance or a conditional certificate of compliance, the City and its agents do not make any warranty, representation or statement nor does it intend to insure or guarantee to either buyer or seller of the property subject to the point of sale inspection or any of their designees, agents, representatives, heirs or assigns or any other interested party, including mortgage companies, insurance companies, banks or any other party which may have any interest relative to the property subject to the point-of-sale inspection, nor does the City affirm that there are no additional unnoted violations relative to any other provisions of any of the Municipal Code of the City of Calumet City, or relevant statutes, ordinances, rules and regulations of the County of Cook, the State of Illinois or the United States of America.

(o) *Inspection Fee Schedule.*

(1) The fee for a point of sale inspection shall be one hundred-fifty dollars ($150.00) for all single-family residential inspections. The failure of an owner/seller or his designee to appear at the time of inspection shall result in a fifty-dollar ($50.00) penalty.
(2) The fee for a point of sale inspection shall be one hundred-fifty dollars ($150.00) plus twenty-five additional dollars ($25.00) for each residential unit in excess of one unit.
(3) A fee of twenty cents ($0.20) per square foot shall be charged for each commercial/industrial unit inspected with a minimum fee of two hundred dollars ($200.00) per commercial/industrial unit.

(4) Each fee set for the above covers the cost of one (1) follow-up inspection to verify compliance. In the event that additional inspections are required because full compliance did not exist at the time of the reinspection, then an additional reinspection fee of fifty dollars ($50.00) per unit shall be assessed.

(5) If an owner, agent or tenant has failed to appear for two previously scheduled inspections, an additional inspection fee of fifty dollars ($50.00) per unit shall be assessed.

Section 2: Section 82-327(b) of the Calumet City Municipal Code is hereby amended to provide as follows:

(b) The City Clerk shall issue no stamps for the transfer of any dwelling, structure, commercial or industrial building unless the grantor/seller (i) presents a "Certificate of Compliance" or other certificate indicating compliance with appropriate city ordinances and/or codes signed by an authorized signatory of the department of inspectional services or (ii) presents an "Uninspected Property" notice to the City Clerk pursuant to Section 14-1(f) of the City Code. The City Clerk shall provide the purchaser notice whether the property is inspected or uninspected.

Additionally, prior to the issuance of transfer tax stamps, and subject to the procedures as set forth in Section 14-1(i) of the City Code, the grantor/seller shall present to the city clerk proof of a current paid water bill. The term "current" shall be defined as the most recent bill issued to the grantor/seller and certified as same by an authorized official of the water department of the city. The water department shall not issue certification of a paid water bill relative to any transfer of title unless the new owner's name and address is supplied to an official of the water department simultaneously upon request for certification of a paid water bill. Grantors/sellers who are exempt from the requirement of purchase of transfer stamps shall be required to comply with the requirements of this section, and shall have the Section 14-1(i) procedural rights.

Section 3: If any section, paragraph, clause or provision of this ordinance shall be held invalid, the invalidity thereof shall not effect any of the other provisions of this ordinance.

Section 4: All ordinances in conflict herewith are hereby repealed to the extent of such conflict.

Section 5: This ordinance shall be in full force and effect from and after its passage, approval and publication as provided by law.

ADOPTED this 24th day of August, 2006, pursuant to a roll call vote as follows:

7

A.12

08/25/2006 FRI 09:49 FAX (055416)  CLERKS OFFICE CITY  ☒008
Case 1:06-cv-06748  Document 47-2  Filed 11/08/2007  Page 8 of 10
Case 1:06-cv-02271  Document 105-2  Filed 10/08/2007  Page 8 of 13

## EXECUTIVE SUMMARY OF POINT OF SALE ORDINANCE AMENDMENTS

The City of Calumet City has extensively modified various provisions of the City Code relating to the transfer of real estate and the Point of Sale inspection requirements. The amendments are designed to clearly delineate rights and responsibilities of property owners in connection with the sale of property and issuance of transfer stamps. The ordinance balances individual rights against the imperative that the City maintain the quality of its housing stock.

Here is a summary of revised Section 14-1. The Point of Sale requirements apply only in those cases where property transfers are subject to the City's transfer tax. See Sec. 82-321, *et seq.* of the City Code.

Subsection (a). This Section maintains the definition of the Department of Inspectional Services. Sec. 2 defines the term "Point of Sale Inspection," by identifying the specific code requirements which must be satisfied in connection with the sale of property. Subsection 3 sets forth the general requirement that a point of sale inspection is generally required.

Subsection (b) requires an owner of real estate to notify the City of his or her intent to transfer real estate.

Subsection (c) obligates the Department to request an inspection of the property proposed for transfer. The inspection is specifically designed to insure that the property conforms to the specifically identified code requirements, and to prevent the perpetuation of illegally converted properties.

Subsection (d) provides that once the Department receives the Notice of Transfer, the department will schedule a proposed inspection. The owner will be notified that he or she has the right to withhold consent to the inspection and require the City to obtain a warrant should the City desire to inspect. Tenants are also obligated to give consent to inspection of their units.

A.13

Subsection (e) addresses the processes to be followed if the owner declines consent. The City will make a determination as to whether or not to seek an administrative search warrant. In the event the City decides not to seek a warrant, or if a request for warrant is declined, Subsection (f) requires the City to proceed to the issuance of transfer stamps.

Subsection (g) addresses the procedures to be followed by the City when the owner consents to the inspection. Under Subsection (d), the inspection will be conducted within 28 days. The City will promptly notify a property owner as to items which need to be corrected. Under Subsection (h), the City will do a prompt reinspection once the owner notifies as to the repairs which have been made.

Subsection (i) requires that the property's current water bill be paid prior to the issuance of transfer stamps. The ordinance now specifically grants the owner an opportunity to have an informal due process hearing in the event the owner contests the water bill.

Subsection (j) continues to provide for conditional certificates of compliance.

G:\mmcj\Calumet City\Realtor Association\Executive Summary of Amdt to Sec 14-1.doc

2

A.14

|  | YES | NO | ABSENT | PRESENT |
|---|---|---|---|---|
| Gonzalez | X |  |  |  |
| Jones | X |  |  |  |
| Pallick | X |  |  |  |
| Manousopoulos | X |  |  |  |
| Tarka | X |  |  |  |
| Wilson | X |  |  |  |
| Wosczynski | X |  |  |  |
| Qualkinbush (Mayor) |  |  |  |  |
| TOTAL | -7 |  |  |  |

APPROVED by the Mayor on August 24, 2006.

Michelle Markiewicz Qualkinbush
MAYOR

ATTEST:

Gloria Dooley
CITY CLERK

G:\mcj\Calumet City\Realtor Association\CalCityOrd1.doc

Ord. #06-68

A.15

8