# EXHIBIT A

Case 1:07-cv-06148    Document 18-2    Filed 11/12/2007    Page 1 of 5

## ARTICLE I. IN GENERAL

**Sec. 14-1. Point of sale inspection requirement; certificate of compliance procedures.**

(a) *Department created; definition; general requirement.*

(1) A department of inspectional services is hereby created pursuant to this section. The department of inspectional services ("department") shall be headed by a director of inspectional services ("director," which shall also include the director's designees) who shall be appointed by the mayor with the advice and consent of the city council. All inspectional services concerning point of sale matters within the city, including building and housing, shall be under the jurisdiction of the department. The buildingcommissioner, electrical inspector, plumbing inspector, housing director and all department inspectors and staff shall be responsible for reporting to the director relative to all matters relating to this section and the director shall have full authority to direct, train and provide appropriate personnel subject to city council approval as to expenditures and/or requirements as provided herein.

(2) For the purpose of this section, the term "point of sale inspection" means an inspection of real property by the department conducted in connection with a taxable transfer of real estate to determine whether the condition of said property conforms to the specific regulations identified in this section.

(3) A point of sale inspection shall be required relative to any transfer of any interest in property which is subject to this section, except as exempted herein.

(b) *Notice of transfer of real property required.* Whenever an owner of real property in the city proposes to engage in a transfer of real property in the city which is subject to taxation under Chapter 82, Article X of the Calumet City Municipal Code (Real estate transfer tax), such owner shall provide the department a notice of transfer for said property, on a form therefore provided by the department.

(c) *Compliance; inspection; pertinent code requirements.* The notice of transfer form shall also constitute the director's request to inspect such property ("compliance inspection") to determine whether such property is in compliance with the following specific requirements, which the corporate authorities of the city find are related to the public health, safety and welfare:

(1) *Compliance with specific city codes.* All structures shall be in compliance with city building ordinances, including any property maintenance codes adopted by the city, which codes are set forth elsewhere in this chapter 14.

(2) *Inspection to determine possible illegal conversions.* All structures shall be inspected to determine whether they have been illegally converted. For purposes of this subsection, "illegally converted" means that the property was converted to another or additional use beyond that for which the property was originally permitted, and which (i) is in violation of the property's zoning limitations and (ii) is not a legal nonconforming use under section V of the City Zoning Ordinance.

(d) *Proposed compliance inspection.* When the owner files the notice of transfer, the department will schedule a proposed compliance inspection to be conducted within twenty-eight (28) calendar days of the notice. The notice of transfer form shall include the following:

(1) Date and time of the proposed compliance inspection;

(2) A statement that the owner or occupant has the right to withhold consent to the compliance inspection and require the city to obtain a warrant to conduct the inspection;

(3) For occupied rental dwellings, the city must also request and obtain the consent of the tenant prior to conducting any inspection; and

(4) A space for the owner and/or to indicate that the owner and/or tenant either consent to the compliance inspection, or refuse consent.

(e) *Refusal to consent; warrant procedures.* If the owner or occupant does not consent to the proposed inspection, the director may appear before any judge in the Circuit Court of Cook County and seek an administrative search warrant to allow an inspection. Any such application shall be made within ten (10)

calendar days after the owner's nonconsent. The application for the warrant shall specify the basis upon which the warrant is being sought and shall include a statement that the inspection will be limited to a determination whether there are violations of the Code provisions identified in this section, and whether there have been any illegal conversions. The court may consider any of the following factors along with such other matters as it deems pertinent in its decision as to whether a warrant shall issue:

   (1)  Eyewitness account of violation;

   (2)  Citizen complaints;

   (3)  Tenant complaints;

   (4)  Plain view violations;

   (5)  Violations apparent from city records;

   (6)  Property deterioration;

   (7)  Age of property;

   (8)  Nature of alleged violation;

   (9)  Condition of similar properties in the area;

   (10) Documented violations on similar properties in the area;

   (11) Passage of time since last inspection;

   (12) Previous violations on the property.

(f) *Uninspected property; transfer stamps.* In the event the owner or occupant refuses to consent to an inspection, and the director does not seek a warrant (or if court refuses an application for the warrant), the department shall notify the city clerk that "uninspected property" transfer stamps may issue. In connection with the issuance of transfer stamps, the city clerk shall advise the purchaser of such property that it is "uninspected property."

(g) *Inspection procedures.* In the event consent is given or a warrant issued, the department shall conduct the compliance inspection as provided in subsections (c) and (d). Within three (3) business days after the compliance inspection the department shall issue a written notice of violations and repairs, if any, necessary to bring the property into compliance with this section. In the event the inspection reveals a structure which has been illegally converted, the department shall issue a notice of deconversion, specifying the measures which must be taken in order to bring the illegally converted structure into compliance with applicable zoning regulations.

(h) *Follow-up repairs; reinspection.* A party issued a notice of repairs as provided for in subsection (g) shall proceed to make such repairs. Upon completion of said repairs and notice thereof to the department, the department will conduct a reinspection within three (3) business days thereafter. Upon completion of the follow-up repairs, and the completion of any deconversion measures required by the department, the department shall issue a certificate of compliance.

(i) *Payment of current water bills; predeprivation hearing.* The seller must pay the current water bill (as defined in subsection 82-327(b) of the Municipal Code) and other fees owed by the seller to Calumet City prior to the issuance of transfer stamps. In the event the owner disputes any such obligation (or any portion thereof), the office of city clerk shall promptly provide the owner with a predeprivation due process hearing consistent with the principles enunciated in *Memphis Light, Gas & Water Division v Craft,* 436 U.S. 1 (1978). The city clerk's office shall provide the hearing within three (3) business days of a request. If the owner disputes the city's determination as to liability, the owner may pay said bill under protest, and may pursue any remedies available to said seller to recover the claimed overcharge.

(j) *Conditional certificate of compliance; procedures.* An owner who has not completed the repairs identified through the inspection may nevertheless transfer ownership of property if:

   (1)  The owner or agent has deposited with the city an amount of money determined by the director or his designee to be sufficient to bring the structure into compliance with all city building and zoning ordinances and any applicable housing, fire or property maintenance codes or regulations; and

   (2)  The buyer, conveyee, transferee, assignee or successor in title, ownership or interest (hereinafter

"buyer") has entered into an agreement with the city whereby the buyer agrees to bring the structure into compliance within the time period determined by the director or his designee, to bring the structure into compliance with all applicable Code requirements within a period not to exceed one hundred eighty (180) calendar days after the closing of the transaction ("closing").

(3) If the buyer enters into such an agreement, a conditional certificate of compliance will issue an order to allow the closing to be completed. The conditional certificate of compliance shall be issued by the department and shall terminate on the one hundred eighty-first day after closing and no extensions shall be granted. A buyer who elects to accept the premises, subject to the inspection with existing violations, and who agrees, in order to close, to be responsible as provided herein, shall execute a sworn affidavit satisfactory to the director, which will clearly indicate that the buyer is fully aware of the existing violations as well as the possibility of violations that may have existed but were undiscovered due to lack of access and agrees to accept the requirement and obligation to bring the structure into compliance within one hundred eighty (180) days of the closing. The city shall issue a certificate of compliance upon completion of the repairs necessary to bring the dwelling or structure into compliance.

(4) In the event the buyer fails to complete the required repairs, and have the repairs verified on reinspection, the director is hereby authorized to pursue enforcement proceedings through the Calumet City administrative adjudication process, or, at his discretion, through the Circuit Court of Cook County. The buyer hereby agrees to submit to the jurisdiction and venue of the Calumet City Administrative Adjudication Process and the Circuit Court of Cook County and to waive service of summons subject only to the notice requirement as required by law in order to enable the city to expeditiously obtain an order of compliance with this section.

(5) If reasonable proof that the repairs have been completed is not received by the director or his designee within the required period for the repairs to be completed, the city, may also issue a citation for violation of this chapter and/or the escrow repair agreement, and may also pursue any applicable administrative or judicial remedies to bring the structure and property into compliance with applicable codes and regulations.

(6) The fine for violations of this chapter shall be not less than one hundred dollars ($100.00) nor more than one thousand dollars ($1,000.00) per day for each day the violations remain uncorrected.

(k) *Licensed and bonded contractors.* All contractors performing repairs identified in the point of sale inspection, or issuing certifications shall be licensed by the city and bonded and shall make available, upon request, copies of their license(s), verification of their liability insurance, errors and omissions insurance policies, and surety bond.

(l) *Validity of certificate of compliance.* A certificate of compliance issued to the seller shall be valid for one hundred eighty (180) days from the date of issuance.

(m) *No warranty.* In issuing a certificate of compliance or a conditional certificate of compliance, the city and its agents do not make any warranty, representation or statement nor does it intend to insure or guarantee to either buyer or seller of the property subject to the point of sale inspection or any of their designees, agents, representatives, heirs or assigns or any other interested party, including mortgage companies, insurance companies, banks or any other party which may have any interest relative to the property subject to the point-of-sale inspection, nor does the city affirm that there are no additional unnoted violations relative to any other provisions of any of the Municipal Code of the City of Calumet City, or relevant statutes, ordinances, rules and regulations of the County of Cook, the State of Illinois, or the United States of America.

(o) *Inspection fee schedule.*

(1) The fee for a point of sale inspection shall be one hundred-fifty dollars ($150.00) for all single-family residential inspections. The failure of an owner/seller or his designee to appear at the time of inspection shall result in a fifty-dollar penalty.

(2) The fee for a point of sale inspection shall be one hundred-fifty dollars ($150.00) plus twenty-five additional dollars ($25.00) for each residential unit in excess of one unit.

(3) A fee of twenty cents ($0.20) per square foot shall be charged for each commercial/industrial unit inspected with a minimum fee of two hundred dollars ($200.00) per commercial/industrial unit.

(4) Each fee set for the above covers the cost of one follow-up inspection to verify compliance. In the event that additional inspections are required because full compliance did not exist at the time of the

reinspection, then an additional reinspection fee of fifty dollars ($50.00) per unit shall be assessed.

(5)  If an owner, agent or tenant has failed to appear for two (2) previously scheduled inspections, an additional inspection fee of fifty dollars ($50.00) per unit shall be assessed.

(Ord. No. 06-68, § 1, 8-24-2006)

**Editor's note:** Section 1 of Ord. No. 06-68, adopted Aug. 24, 2006, amended § 14-1 in its entirety to read as herein set out. Former § 14-1 pertained to similar subject matter and derived from § 6-308 of the 1980 Code; Ord. No. 96-28, adopted May, 9, 1996; Ord. No. 04-50, adopted Aug. 10, 2004; and Ord. No. 06-48, adopted June 22, 2006.

**Sec. 14-2. Rebates for overhead sewers.**

(a)  The city will rebate up to fifty (50) percent of the cost with a maximum of two thousand five hundred dollars ($2,500.00) to the homeowner for all completed overhead sewer repairs or installations that have been preapproved by the city. The city will additionally rebate up to fifty (50) percent of the cost with a maximum of two thousand five hundred dollars ($2,500.00) to the homeowner for all completed installation, repair or replacement of sewer traps, valves, and waterproofing.

(b)  The applicant must submit a request for funding reimbursement to the city on forms prescribed by the city for preapproval. Two (2) estimates and the recommendation of a contractor who is licensed with the city are required. After the work is completed, the property will be inspected to verify compliance with Code requirements. The homeowner must provide paid receipts and their property index number (PIN).

(Ord. No. 03-61, §§ 1, 2, 10-9-2003; Ord. No. 04-09, § 1, 3-11-2004; Ord. No. 05-12, § 1, 2-10-2005)

Secs. 14-3—14-20. Reserved.