# EXHIBIT C

## DIVISION 2. RENTAL DWELLING INSPECTIONS*

*Editor's note: Ord. No. 06-49, adopted June 22, 2006, amended division 2 in its entirety to read as herein set out. Former division 2, which consisted of §§ 14-711--14-718, pertained to similar subject matter and derived from the 1980 Code; Ord. No. 87-5, adopted Mar. 26, 1987; Ord. No. 87-16, adopted July 23, 1987; Ord. No. 88-2, adopted Feb. 25, 1988; Ord. No. 89-8, adopted Feb. 9, 1989; Ord. No. 89-40, adopted Nov. 9, 1989; Ord. No. 90-1, adopted Jan. 11, 1990; Ord. No. 94-16, adopted May 12, 1994; and Ord. No. 04-42, adopted June 29, 2004.

### Sec. 14-711. Certificate of occupancy requirement.

(a) No owner, agent or person (hereinafter referred to as "responsible party") in charge of a one-family, two-family or multiple-family dwelling (hereinafter referred to as "rental dwelling"), as those terms are defined in the property maintenance code, shall allow any person to occupy the same as a tenant or lessee or for valuable consideration unless said dwelling or structure shall have been inspected and determined to be in compliance with all of the provisions of the property maintenance code as well as all health and building ordinances as evidenced by a certificate of occupancy issued by the department of inspectional services ("department"). Thereafter, all rental properties shall be inspected annually and an updated certificate of occupancy issued.

(b) No certificate of occupancy shall be issued unless the applicant[,] owner or operator agrees in his application to an inspection pursuant to this section. Notwithstanding any other provisions of this Code, when the city conducts inspections of a tenant's rental dwelling, the city must obtain the consent of such tenant to conduct the inspection. If a tenant refuses consent, the city may attempt to obtain a warrant pursuant to subsection (d) below.

(c) Prior to the time that the department is scheduled to conduct the inspection, the department shall deliver to the owner and occupants of the structure written notice that includes the following:

 (1) Date and time of the inspection;

 (2) A statement that the owner or tenant has the right to withhold his consent to the inspection and require the city to attempt to obtain a warrant to conduct the inspection;

(d) If the owner or occupant does not consent to the attempted inspection, the director of inspectional services ("director") or his designee shall seek in the circuit court of Cook County a warrant in accordance with the appropriate laws of the State of Illinois to allow an inspection. The application for the warrant shall specify the basis upon which the warrant is being sought and shall include a statement that the inspection will be limited to a determination whether there are violations of the city building and zoning ordinances or any applicable housing, fire or property maintenance codes or regulations. The court may consider any of the following factors along with such other matters as it deems pertinent in its decision as to whether a warrant shall issue:

 (1) Eyewitness account of violation;

 (2) Citizen complaints;

 (3) Tenant complaints;

 (4) Plain view violations;

 (5) Violations apparent from city records;

 (6) Property deterioration;

 (7) Age of property;

 (8) Nature of alleged violation;

 (9) Similar properties in the area;

DIVISION 2. RENTAL DWELLING INSPECTIONS*                                    Page 2 of 3

    (10) Documented violations on similar properties in the area;

    (11) Passage of time since last inspection;

    (12) Previous violations on the property.

(e) If the annual inspection establishes that the rental dwelling complies with all the provisions of the property maintenance code as well as all other health, zoning, and building ordinances of the city, then the department of inspectional services shall issue a certificate of occupancy for said dwelling or structure. The certificate shall indicate the date of the inspection; that such dwelling or structure complies with the requirements of the property maintenance code as well as other health and building ordinances that apply to the dwelling. One (1) copy of the certificate shall be delivered to or mailed to the owner of the dwelling unit. A record of all certificates shall be kept on file by the department, and copies shall be furnished upon request to any person having a proprietary interest or tenancy interest in the dwelling affected. The director shall submit once a month to the mayor and the city council a list of addresses of those dwellings which have been inspected the previous month with an indication whether or not said dwellings have been issued certificate of occupancy permits. Every certificate of occupancy shall be issued for a period of one (1) year after its date of issuance, unless sooner revoked.

(f) Inspection fee schedule.

    (1) Fifty dollars ($50.00) yearly.

    (2) Ten dollars ($10.00) per additional unit.

    (3) All inspection fees as herein provided shall be paid prior to the issuance of a certificate of occupancy.

    (4) Each fee set for the above covers the cost of one (1) follow-up inspection to verify compliance. In the event that additional inspections are required because full compliance did not exist at the time of the reinspection, then an additional reinspection fee of fifty dollars ($50.00) plus ten dollars ($10.00) per unit shall be assessed.

    (5) If an owner, agent or tenant has failed to appear for two previously scheduled inspections, an additional inspection fee of fifty dollars ($50.00) plus ten dollars ($10.00) per unit shall be assessed.

(Ord. No. 06-49, § 1, 6-22-2006)

**Sec. 14-712. Notice of violation.**

(a) Whenever the building official determines that any rental dwelling or the premises surrounding fails to meet the requirements set forth in this chapter or in applicable rules and regulations issued pursuant thereto, the building official in accordance with the property maintenance code and the other city health, and building codes shall issue a notice setting forth the alleged failures and advising the responsible party that such failures must be corrected. This notice shall:

    (1) Be in writing.

    (2) Set forth the alleged violations of this chapter or of applicable rules and regulations issued pursuant thereto.

    (3) Describe the rental dwelling where the violations are alleged to exist or to have been committed. Such written notice shall specify an appropriate or acceptable method of correction.

    (4) Specify a specific date for the correction of any violation alleged.

    (5) Be served upon the responsible party of the rental dwelling by the building official, or mailed to the responsible party. If one (1) or more persons to whom such notice is addressed cannot be found after diligent effort to do so, service may be made upon such persons by posting the notice in or about the rental dwelling described in the notice.

(b) At the end of the period of time allowed for the correction of any violation alleged, which was stated in the inspection notice, the building official shall reinspect the rental property described in the notice.

(c) If, upon reinspection, the violations are determined by the building official not to have been corrected, the

DIVISION 2. RENTAL DWELLING INSPECTIONS*  Page 3 of 3

building official, in turn, shall issue an O.V. (ordinance violation) ticket to initiate legal proceedings to be handled in Calumet City's housing court for the immediate correction of the alleged violations or shall order the rental property vacated within thirty (30) days, or both.

(Ord. No. 06-49, § 1, 6-22-2006)

### Sec. 14-713. Responsibility of tenants.

No tenant shall damage or cause to be damaged any unit or building leased nor shall any damage be caused to the general premises of any building used by the tenants. Each tenant and the families of each tenant shall maintain his rental unit free of any litter, and tenants shall not litter any of the premises or the buildings provided for use by the tenants. The tenants must maintain their responsibilities as outlined in the property maintenance code, subject to O.V. citations.

(Ord. No. 06-49, § 1, 6-22-2006)

### Sec. 14-714. Penalties.

Any responsible party of a rental dwelling who has received an order or notice of an alleged violation of this article shall be subject to a penalty of not less than one hundred dollars ($100.00) nor more than one thousand dollars ($1,000.00) for each day the alleged violation continues after expiration of the specified reasonable consideration period; provided that no such penalty shall be applicable while reconsideration, hearing or appeal to a court of competent jurisdiction is pending in the matter.

(Ord. No. 06-49, § 1, 6-22-2006)

### Sec. 14-715. Validity and severability.

If any section, subsection, paragraph, sentence, clause, or phrase of this Code shall be declared invalid for any reason whatsoever, this decision shall not affect the remaining portions of this Code, which shall continue in full force and effect, and to this end, the provisions of this Code are hereby declared to be severable.

(Ord. No. 06-49, § 1, 6-22-2006)

### Sec. 14-716. Savings clause.

This Code shall not affect violations of any other ordinance, code or regulation of the jurisdiction existing prior to the effective date hereof, and any such violation shall be governed and shall continue to be punishable to the full extent of the law under the provisions of those ordinances, codes or regulations in effect at the time the violation was committed.

(Ord. No. 06-49, § 1, 6-22-2006)

Secs. 14-717--14-750. Reserved.