IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AYANNA WALKER, for herself and all others similarly situated, ) ) ) | |
| Plaintiffs, ) ) | Case No. 07 C 6148 |
| v. ) ) | Judge Milton I. Shadur |
| CALUMET CITY, ILLINOIS, ) ) | |
| Defendant. | |

**PLAINTIFF AYANNA WALKER'S MOTION FOR CLASS CERTIFICATION**

Pursuant to Fed. R. Civ. P. 23(a) and (b)(2), Plaintiff Ayanna Walker ("Walker") respectfully requests that this Court enter an order determining that this action may proceed as a class action against Defendant Calumet City, Illinois ("City"). Walker defines the proposed class as all owners of residential property in City. Walker further requests that she be appointed as class representative and Grippo & Elden LLC be appointed counsel for the class.

In support of this Motion, Walker states as follows:

1. Walker, a property owner in City, has filed this class action seeking a declaration that City's Point of Sale Inspection Ordinance ("POS Inspection Ordinance") is unconstitutional, and an injunction enjoining its enforcement.

2. Walker contends that the POS Inspection Ordinance is unconstitutional because it unreasonably and unconstitutionally restrains City's property owners' right to sell their property without due process of law and otherwise fails to provide procedural due process.

3. All of the requirements of Rule 23(a) and (b)(2) of the Federal Rules of Civil Procedure are met.

138292v1

4. Numerosity cannot be disputed. The proposed class consists of all owners of residential property in City. According to U.S. Census Bureau data from 2000, Calumet City had a population of 39,071 with 15,947 housing units and at least 15,527 residential properties.[1] Conservatively, this data shows there are likely more than 15,000 residential property owners in City. In addition, between October 1, 2006 and October 31, 2007, 545 residential properties were sold and transferred in City. Currently, there are about 600 residential properties listed for sale in City.

5. There are questions of law and fact common to the class. The predominant questions are whether the POS Inspection Ordinance is unconstitutional because it unreasonably and unconstitutionally restrains property owners' right to sell their property without due process of law, and whether the POS Inspection Ordinance is unconstitutional because it takes the right to transfer without providing due process.

6. Walker's claims are typical of those of the class members. All residential property is subject to the POS Inspection Ordinance. Walker's and the class members' claims arise from the face of the POS Inspection Ordinance and City's course of conducted related to its enforcement.

7. Walker will fairly and adequately protect the interests of the class. She understands the claims brought in this case and her responsibilities as a class representative. Moreover, her interests are not antagonistic to the class members' interests because all of their claims are identical. Both Walker and class members stand to benefit from the protection of their constitutional rights.

---

[1] The U.S. Census Bureau defines "housing units" as a house, apartment, mobile home, a group of rooms, or a single room that is occupied, or if vacant is intended for occupancy, as separate living quarters. The U.S. Census Bureau defines "household" to include all persons who occupy a housing unit.

138292v1

8. Walker's counsel, Grippo & Elden LLC, has significant experience in class action and other complex litigation, and are able to commit the resources needed to adequately prosecute the case. And as the Court is well aware, Walker's counsel has vigorously prosecuted these issues on behalf of Mainstreet Organization of Realtors® in both this Court and the Court of Appeals.

9. City "has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." Walker and the proposed class currently seek only injunctive and declaratory relief and, therefore, class certification pursuant to Fed. R. Civ. P. 23(b)(2) is appropriate.

10. In ruling upon the related action filed by Mainstreet Organization of Realtors®, the Court of Appeals stated that a challenge to the POS Inspection Ordinance could be brought in a lawsuit by "all homeowners in Calumet City [] joined in a class action." By this Motion, Walker seeks to implement the suggestion of the Court of Appeals.

11. In further support of this Motion, Walker submits the accompanying Memorandum In Support of Ayanna Walker's Motion for Class Certification.

WHEREFORE, Walker respectfully requests that this Court enter an order determining that this action may proceed as a class action, appointing Walker as class representative, and appointing Grippo & Elden LLC as class counsel.

138292v1

November 19, 2007

Philip C. Stahl
Patrick T. Nash
Maggie M. Hanel
GRIPPO & ELDEN LLC
111 South Wacker Drive
Chicago, Illinois 60606
(312) 704-7700

Respectfully submitted,

**AYANNA WALKER**

By:   /s/ Patrick T. Nash
      One of her Attorneys

138292v1

## CERTIFICATE OF SERVICE

I, Patrick T. Nash, certify that on this 19th day of November, 2007, I served the foregoing **PLAINTIFF AYANNA WALKER'S MOTION FOR CLASS CERTIFICATION** to the following by Electronic Mail Transmission via the ECF System upon:

>Mark H. Sterk
>Odelson & Sterk, Ltd.
>3318 West 95th Street
>Evergreen Park, Illinois  60805
>
>John B. Murphey
>Rosenthal, Murphey & Coblentz
>30 North LaSalle Street
>Suite 1624
>Chicago, IL  60602

>/s/ Patrick T. Nash
>Patrick T. Nash

138292v1