## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

AYANNA WALKER, for herself and all     )
others similarly situated,     )
    )
                *Plaintiff,*     )   Case No. 07 C 6148
    )
   v.     )
    )   Judge Milton I. Shadur
CALUMET CITY, ILLINOIS,     )
    )
               *Defendant.*

## MEMORANDUM SUPPORTING PLAINTIFF AYANNA WALKER'S
## MOTION FOR CLASS CERTIFICATION

Plaintiff, Ayanna Walker ("Walker"), pursuant to Fed. R. Civ. P. 23(a) and (b)(2),

moves this Court for the entry of an order determining that this action may proceed as a class

action against Defendant Calumet City, Illinois ("City"). This memorandum is submitted in

support of that Motion.

## I.   INTRODUCTION

Walker, a property owner in City, has filed this class action seeking a declaration

that City's Point of Sale Inspection Ordinance ("POS Inspection Ordinance") is unconstitutional,

and an injunction enjoining its enforcement. Walker contends that the POS Inspection

Ordinance is unconstitutional because it unreasonably and unconstitutionally restrains property

owners' right to sell their property without due process of law and takes the right to transfer

without providing procedural due process.

Walker seeks certification of a class pursuant to Fed. R. Civ. P. 23(a) and (b)(2).

Each of the requirements set forth in Rules 23(a) and (b)(2) is satisfied. The proposed class of

all owners of residential property in City is numerous. Fed. R. Civ. P. 23(a)(1). There exists at

least one question of fact or law that is common among the class members (*i.e.*, the

constitutionality of the POS Inspection Ordinance). *Id.* at (a)(2). Walker's claims are typical of the class members' claims because they arise from the face of the POS Inspection Ordinance and City's course of conduct related to the POS Inspection Ordinance. *Id.* at (a)(3). Walker and her counsel will fairly and adequately represent the class. *Id.* at (a)(4). Finally, the relief sought by Walker on behalf of the proposed class is currently limited to declaratory and injunctive relief. *Id.* at (b)(2).

As importantly, in ruling upon the related action filed by Mainstreet Organization of Realtors®, successor by name change to Realtor® Association of West/South Suburban Chicagoland (the "Realtor Association"), the Court of Appeals stated that a challenge to the POS Inspection Ordinance could be brought in a lawsuit by "all homeowners in Calumet City [] joined in a class action." Op. at 7. By this Motion, Walker seeks to implement the guidance of the Seventh Circuit.

Accordingly, Walker respectfully requests that this Court certify the class. Walker also respectfully requests that the Court appoint her as class representative and her counsel as class counsel.

## II.    STATEMENT OF FACTS

This Court is very well-versed with respect to City's POS Inspection Ordinance and the other ordinances at issue in this action. Rather than reiterate for this Court the terms and requirements of City's ordinances, which this Court has considered on numerous prior occasions, Walker respectfully directs the Court's attention to the Amended Verified Class Action Complaint For Temporary Restraining Order, Preliminary Injunction, Permanent Injunction, Declaratory and Other Relief, filed November 12, 2007 ("Amended Complaint"), for a discussion of the ordinances. Moreover, no issue of substance or process with respect to the POS Inspection Ordinance has changed since the Court enjoined its enforcement in December 2006.

A.    **Walker's Property and Similarly Situated Property.**

Walker owns residential property in City located at 521-23 Greenbay Avenue. Amended Complaint at ¶ 7. Walker's property contains four dwelling units. *Id.* Each unit has passed City's annual inspections. *Id.* The property is listed for sale and subject to the POS Inspection Ordinance. *Id.* By virtue of its POS Inspection Ordinance, City has taken and interfered and continues to take and interfere with Walker's right to alienate her property without due process. *Id.*

According to U.S. Census Bureau data from 2000, City had a population of 39,071 with 15,947 housing units and at least 15,257 residential properties.[1] Conservatively, this data shows that there are likely more than 15,000 owners of residential property in City. There are about 600 active listings for sale of residential property in City. *Id.* Each such property is subject to the POS Inspection Ordinance if not enjoined. *Id.* at ¶ 19. Between October 1, 2006 and October 31, 2007, 545 residential properties were sold and transferred in City.

B.    **The Proposed Class Consists Of All Owners Of Residential Property In City.**

Walker seeks certification of a Rule 23(b)(2) class consisting of all owners of residential property in City. Walker and the proposed class seek injunctive and declaratory relief to redress the POS Inspection Ordinance's deprivation of rights guaranteed to them by the Fourteenth Amendment.

III.   **PROCEDURAL HISTORY**

As this Court is well aware, on April 24, 2006, Realtor Association filed suit against City challenging the constitutionality of City's POS Inspection Ordinance. On December 8, 2006, the Court enjoined enforcement of the exact POS Inspection Ordinance that Walker

---

[1] The U.S. Census Bureau defines "housing units" as a house, apartment, mobile home, a group of rooms, or a single room that is occupied, or if vacant is intended for occupancy, as separate living quarters.

seeks to enjoin here.  City appealed the December 8 Injunction.  During the pendency of the

appeal, Walker was added as a plaintiff to Realtor Association's suit.

On October 17, 2007, the Court of Appeals vacated the December 8 Injunction on

the sole ground that Realtor Association lacked "prudential" standing.  In ruling that Realtor

Association did not have prudential standing, the Court of Appeals stated that the POS

Inspection Ordinance could (and should) be challenged in a class action lawsuit.  Op. at 7 ("all

the homeowners in Calumet City can be joined in a class action.")

On October 31, 2007, Walker refiled her lawsuit.  She filed her amended, class

action complaint on November 12, 2007.   As set forth below, all requirements of Fed. R. Civ. P.

23(a) and (b)(2) are plainly met.

## IV.   ARGUMENT

Rule 23 of the Federal Rules of Civil Procedure requires a two-step analysis to

determine whether class certification is appropriate.  First, a plaintiff must satisfy all four

requirements of Rule 23(a) (*i.e.*, numerosity, commonality, typicality, and adequacy of

representation).  *Harriston v. Chicago Tribune Co.*, 992 F.2d 697, 203 (7th Cir. 1993).  Second,

the action must also satisfy one of the conditions of Rule 23(b).  *Alliance to End Repression v.

Rochford*, 565 F.2d 975, 977 (7th Cir. 1977).  As discussed below, the requirements of both Rule

23(a) and (b) are satisfied.  Indeed, the Court of Appeals anticipated as much.

Cases filed to remedy constitutional violations based upon city ordinances are

particularly appropriate for class certification.  *See, e.g., Devines v. Maier*, 665 F.2d 138 (7th Cir.

1981)(class action suit challenging city's enforcement of its housing code; class members

entitled to just compensation pursuant to the Fifth Amendment); *McKenzie v. City of Chicago*,

175 F.R.D. 280 (N.D. Ill. 1997)(granting property owners' motion for class certification to

challenge city's municipal code).

4

Accordingly, the Court should certify a class consisting of all owners of residential property in City and appoint Walker as class representative and her counsel as class counsel.

### A.    The Proposed Class Meets The Requirements Of Fed. R. Civ. P. 23(a).

1.    The Proposed Class Is Sufficiently Numerous.

Fed. R. Civ. P. 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable." Impracticability does not mean impossibility; Walker need only prove it would be inconvenient and difficult to join the proposed class members. *Bethards v. Bard Access Sys., Inc.*, No. 94 C 1522, 1995 U.S. Dist. LEXIS 22467, at *10 (N.D. Ill. Feb. 22, 1995). "Where the class is large, the numbers alone are dispositive of the impracticability of joinder," and the Court need not consider other factors to determine whether the numerosity requirement is met. *Thillens, Inc. v. Community Currency Exchange Ass'n*, 97 F.R.D. 668, 677 (N.D. Ill. 1983). Walker may establish impracticability based on good faith estimates, *Young v. County of Cook*, No. 06 C 552, 2007 U.S. Dist. LEXIS 31086, at *7 (N.D. Ill. Apr. 25, 2007), and the court may also rely on "common sense assumptions" and reasonable inferences to determine if the numerosity requirement is met. *Walker v. Bankers Life & Casualty Co.*, No. 06 C 6906, 2007 U.S. Dist. LEXIS 73502, at *7 (N.D. Ill. Oct. 1, 2007)(citation omitted). Although Rule 23(a)(1) contains no threshold requirement, generally 40 or more members are adequate to establish numerosity. *Hyderi v. Washington Mut. Bank, FA*, 235 F.R.D. 290, 296 (N.D. Ill. 2006). Moreover, where the purported class is seeking declaratory and injunctive relief, the remedy would protect the rights of future class members for whom joinder is necessarily impracticable. *See Rosario v. Cook County*, 101 F.R.D. 659, 661 (N.D. Ill. 1983).

Here, it is undeniable that the numerosity requirement is met. The proposed class includes all owners of residential property in City. According to U.S. Census Bureau data from

2000, Calumet City had a population of 39,071 with 15,947 housing units and at least 15,527 residential properties. Clearly, the number of owners of residential property in City is greater than 40 and almost certainly exceeds 15,000. In addition, between October 1, 2006 and October 31, 2007, 545 residential properties were sold and transferred in City. Currently, there are about 600 residential properties listed for sale in City. This is sufficient to meet the numerosity requirement.

2.    Common Questions Of Fact Or Law Exist.

To certify a class, there must exist at least one question of fact or law that is common among the class members. Fed. R. Civ. P. 23(a)(2). The Seventh Circuit has held that "[a] common nucleus of operative fact is usually enough to satisfy the commonality requirement of Rule 23(a)(2)." *Keele v. Wexler*, 149 F.3d 589, 594 (7th Cir. 1998). A common set of operative facts is present when a defendant is claimed to have engaged in "standardized conduct toward the members of the proposed class." *Id.* "Not all factual or legal questions raised in a lawsuit need be common so long as a single issue is common to all class members." *Riordan v. Smith Barney*, 113 F.R.D. 60, 63 (N.D. Ill. 1986). Class certification cannot be defeated merely because there are some factual variations among the members' grievances. *See Allen v. City of Chicago*, 828 F. Supp. 543, 551 (N.D. Ill. 1980).

This element is easily met here because this case involves a facial challenge and Walker and the class have at least the following factual and legal issues in common:

(a) Whether the POS Inspection Ordinance is unconstitutional because it unreasonably and unconstitutionally restrains property owners' right to sell their property without due process of law; and

(b) Whether the POS Inspection Ordinance is unconstitutional because it fails to provide procedural due process.

6

3.    Walker's Claims Are Typical Of The Claims Of The Class.

A class may be certified where "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). A "plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory." *De La Fuente v. Stokely-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983). "Typical does not mean identical, and the typicality requirement is liberally construed." *Gaspar v. Linvatec Corp.*, 167 F.R.D. 51, 57 (N.D. Ill. 1996). The typicality requirement is meant to ensure that the named representative's claims "have the same essential characteristics as the claims of the class at large." *De La Fuente*, 713 F.2d at 232.

Walker's claims are typical of the class members' claims because their claims arise from the POS Inspection Ordinance and a common course of conduct, specifically, City's enforcement of the ordinance. In addition, Walker's claims are typical of the class members' claims because they arise under the same legal theories. If Walker's Fourteenth Amendment rights are being violated by City, then all class members' constitutional rights are likewise being violated by City. Accordingly, Walker's claims are typical.

4.    Walker Will Fairly And Adequately Protect And Represent The Interests Of The Class.

Fed. R. Civ. P. 23(a)(4) requires that Walker fairly and adequately protect and represent the interests of the class. "The adequacy threshold is a low one: 'as long as the Court is assured that the named parties are qualified and capable of fully pursuing the common goals of the class without collusion or conflicts of interest' the requirement is met." *Walllace v. Chicago Housing Authority*, 224 F.R.D. 420, 429 (N.D. Ill. 2004)(*quoting Ridings v. Canadian Imperial Bank of Commerce Trust Co. (Bahamas) Ltd.*, 94 F.R.D. 147, 154 (N.D. Ill. 1982)). The

7

adequacy determination has two elements: (1) Walker's attorneys must be qualified, experienced, and able to conduct the litigation; and (2) Walker's interests must not be antagonistic to the class members' interests. *Sec'y of Labor v. Fitzsimmons*, 805 F.2d 682, 697 (7th Cir. 1982). An adequate class representative must maintain only an "understanding of the basic facts underlying the claims, some general knowledge, and a willingness and ability to participate in discovery." *Wahl v. Midland Credit Management, Inc.*, 243 F.R.D. 291, 298 (N.D. Ill. 2007). The burden of showing this basic understanding is "not difficult." *Murray v. New Cingular Wireless Svc., Inc.*, 232 F.R.D. 295, 300 (N.D. Ill. 2005).

Walker's counsel is experienced in class action and other complex litigation, and they are able to commit the resources needed to adequately prosecute the case. Furthermore, they have vigorously prosecuted the constitutional claims on behalf of Realtors Association in both this Court and the Seventh Circuit in the prior case.

Walker's interests are not antagonistic to the class members' interests because her claims are identical to the claims of the class members. Given such identity, there is no potential for conflicting interests in this action. Walker has a sufficient interest in the outcome of this suit because she is subjected to the POS Inspection Ordinance as are the members of the proposed class, and both she and the class stand to benefit from the protection of their constitutional rights through the declaratory judgment and injunction that Walker seeks.

### B.    The Requirements Of Fed. R. Civ. P. 23(b)(2) Are Met.

Class certification pursuant to Fed. R. Civ. P. 23(b)(2) is appropriate if "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." "The primary limitation on the use of Rule 23(b)(2) is the requirement that injunctive or declaratory relief is the primary or exclusive remedy sought." *Doe*

138165v2

*v. Guardian Life Ins. Co. of Am.*, 145 F.R.D. 466, 477 (N.D. Ill. 1992); *Wallace*, 224 F.R.D. at

431 (where the main sources of relief sought by plaintiff are declaratory and injunctive relief, the

class falls within the ambit of Rule 23(b)(2), and is appropriate for certification).

Here, the only relief currently sought by Walker and the proposed class members

is injunctive and declaratory relief. Specifically, they seek a declaration that the POS Inspection

Ordinance is unconstitutional because it unreasonably and unconstitutionally restrains property

owners' right to sell their property without due process of law and fails to provide procedural due

process, and a preliminary and permanent injunction enjoining enforcement of the POS

Inspection Ordinance. Accordingly, the requirements of Rule 23(b)(2) are satisfied.

## CONCLUSION

The proposed class meets the requirements of Fed. R. Civ. P. 23(a) and (b)(2).

Accordingly, and as the Court of Appeals directed, Walker respectfully requests that this Court

certify the class as set forth herein.

November 19, 2007

Philip C. Stahl
Patrick T. Nash
Maggie M. Hanel
GRIPPO & ELDEN LLC
111 South Wacker Drive
Chicago, Illinois 60606
(312) 704-7700

Respectfully submitted,

**AYANNA WALKER**

By:    /s/ Patrick T. Nash
       One of her Attorneys

138165v2

## CERTIFICATE OF SERVICE

I, Patrick T. Nash, certify that on this 19th day of November, 2007, I served the

foregoing **MEMORANDUM SUPPORTING PLAINTIFF AYANNA WALKER'S**

**MOTION FOR CLASS CERTIFICATION** to the following by Electronic Mail Transmission

via the ECF System upon:

Mark H. Sterk
Odelson & Sterk, Ltd.
3318 West 95th Street
Evergreen Park, Illinois  60805

John B. Murphey
Rosenthal, Murphey & Coblentz
30 North LaSalle Street
Suite 1624
Chicago, IL  60602


/s/ Patrick T. Nash
Patrick T. Nash

138165v2