IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| AYANNA WALKER, | ) | |
|       *Plaintiff,* | ) | |
| v. | ) | Case No. 07 C 6148 |
| CALUMET CITY, ILLINOIS, | ) | |
| | ) | Judge Milton I. Shadur |
|       *Defendant.* | ) | |

**RENEWED MOTION FOR TEMPORARY
RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION**

Ayanna Walker ("Walker") moves the Court to renew its consideration of Walker's Motion For Temporary Restraining Order And/Or Preliminary Injunction ("Motion"). This litigation involves Walker's claims that Calumet City's ("City") Point of Sale Inspection Ordinance ("POS Ordinance") is unconstitutional because it unconstitutionally interferes with the right to freely sell property without due process. On October 31, 2007, Walker filed a Verified Complaint, Motion For Temporary Restraining Order And/Or Preliminary Injunction. Walker's Memorandum In Support Of Her Motion For Temporary Restraining Order And/Or Preliminary Injunction is attached as Ex. 1.

On November 21, 2007, City told the Court and Walker that injunctive relief was unnecessary because City agreed to hold the enforcement of the POS Ordinance in abeyance during the pendency of this litigation. Ex. 2 (Nov. 21, 2007 Tr. at 5:20-24 and 15:24-16:3 ("What the City Council has done is they have voluntarily held the enforcement [o]f the current ordinance in abeyance until this can be resolved, which you know they are not obligated to do because they are not under any court order at this time")). Walker accepted City's representation and did not pursue her request for injunctive relief. *Id.* City reiterated its representation that it was not enforcing the POS Ordinance at the latest Status Hearing on January 16, 2008.

143247v3

Contrary to its representations, as explained in the Declaration of real estate broker Corliss Carter attached at Ex. 3, City has enforced and continues to enforce the POS Ordinance by refusing to issue transfer stamps until property sellers pay what City claims they owe in connection with their water bills. City is thus enforcing Section 14-1(i) of the POS Ordinance that states: "The seller must pay the current water bill . . . and other fees owed by the seller to Calumet City prior to the issuance of transfer stamps." *See* Ex. A to Ex. 1 at §14-1(i). As explained in Walker's Supporting Memorandum, conditioning issuance of transfer stamps on anything other than payment of the transfer tax is unconstitutional. Ex. 1 at p. 8 *citing* Op. Ill. Att'y Gen. No. 94-024 (Oct. 25, 1994), 1994 WL 601863 ("Municipalities are authorized, under Article 11 of the Municipal Code (65 ILCS 5/11-1-1 et seq.) (West 1992) to adopt a number of ordinances and codes designed to protect public health and safety, and are authorized to enforce such codes by requiring permits, fees, and fines…Further, municipalities may impose various fees for other services relating to real property. *In no instance, however, are municipalities authorized to limit the alienability of property in order to enforce such code.*") (emphasis added) (attached as Ex. H to Ex. 1).

The facts supporting this renewed motion – including the specifics of how City has refused to issue transfer stamps until water bills are paid – is set forth in the Declaration of Corliss Carter In Support of Renewed Motion For Temporary Restraining Order And/Or Preliminary Injunction ("Carter Declaration"). Ex. 3. In sum, the Carter Declaration demonstrates that City enforced the POS Ordinance on at least two occasions with respect to property located at 321 Pulaski Road, Calumet City, Illinois ("321 Pulaski"). *Id.* at ¶¶ 6-12. In one instance, the City's unconstitutional conduct directly led to the loss of a sale. *Id.* at ¶¶ 6-9.

143247v3

In light of City's enforcement of the POS Ordinance, Walker respectfully requests that the Court enter immediate injunctive relief. As explained in more detail in Ex. 1, Walker has met her burden of establishing entitlement to injunctive relief. Moreover, as City's recent conduct proves, injunctive relief is plainly in the public interest. Absent an injunction, property owners, such as the owner of 321 Pulaski, will continue to be deprived of their Constitutional rights. Of course, an injunction against enforcement of the POS Ordinance will not harm City because, even with the injunction in place, City may continue to enforce its safety codes through other ordinances that allow City to eliminate code violations, including those created by illegally converted property, that relate to public health and safety, without encroaching on the right to sell property.

For the reasons set forth above and in Ex. 1, Walker requests that the Court immediately enter a temporary restraining order and/or a preliminary injunction that enjoins enforcement of the POS Ordinance. Moreover, Walker requests that the Court accelerate its consideration of Walker's Motion For Class Certification.

Dated: February 12, 2008          Respectfully submitted,

                                  **AYANNA WALKER**


                                  By:/s/ Patrick T. Nash
                                     One of their Attorneys

Philip C. Stahl
Patrick T. Nash
Maggie M. Hanel
GRIPPO & ELDEN LLC
111 South Wacker Drive
Chicago, IL 60606
Phone: (312) 704-7700

143247v3

## CERTIFICATE OF SERVICE

I, Patrick T. Nash, an attorney, hereby certify that on February 12, 2008, I caused the foregoing **RENEWED MOTION FOR TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION** to be served by Electronic Mail Transmission via the ECF System, and by Electronic Mail upon:

John B. Murphy
ROSENTHAL MURPHEY & COBLENTZ
30 North LaSalle Street
Suite 1624
Chicago, Illinois 60602
jmurphey@mcj.com

Mark H. Sterk
ODELSON & STERK, LTD.
3318 West 95th Street
Evergreen Park, Illinois 60805
msterk@odelsonsterk.com

/s/ Patrick T. Nash

143247v3