# EXHIBIT D

## ARTICLE IX. CODE ENFORCEMENT*

---

**\*Cross references:** Fire code prevention, § 30-161 et seq.

**State law references:** Administrative adjudication of ordinances, 65 ILCS 5/1-2.1-1 et seq.

---

## Sec. 2-941. Purpose.

The stated purpose of this article is to provide for the fair and efficient enforcement of the Municipal Code of Calumet City, Illinois, other than those ordinances pertaining to vehicular standing, parking or vehicle compliance regulation (hereafter the "City Code"), as may be allowed by law and directed by ordinance, through an administrative adjudication of violations; and, establishing a schedule of fines and penalties, and authority and procedures for collection of unpaid fines and penalties.

(Code 1980, § 2-501; Ord. No. 99-63, § VI, 11-10-1999)

## Sec. 2-942. Creation.

There is hereby established a department of the city government to be known as the ordinance enforcement department and to have the power to enforce any municipal ordinance as from time to time authorized by the city council, except for (i) any offense enforced pursuant to Article VII.5 of Chapter 17 of this Code; (ii) any offense under the Illinois Vehicle Code (625 ILCS 5/1-100 et seq.); or a similar offense that is a traffic regulation governing the movement of vehicles; and, (iii) except for any reportable offense under 625 ILCS 5/6-204. The establishment of the ordinance enforcement department does not preclude the mayor and city council from using any other method or court with jurisdiction to enforce ordinances of the city.

(Code 1980, § 2-503; Ord. No. 99-63, 11-10-1999)

## Sec. 2-943. Administrative composition.

(a)  The ordinance enforcement department shall be composed of a hearing officer, an ordinance enforcement administrator, system coordinator/computer operator and hearing room security personnel, with the power and authority as hereinafter set forth.

(1)  The hearing officer is authorized and directed to:

a.  The hearing officer, prior to appointment, must be an attorney licensed to practice law for at least three (3) years in the State of Illinois. The hearing officer shall preside over all adjudicatory hearings and shall have the following powers and duties:

1.  To administer oaths;

2.  To hear testimony and accept evidence that is relevant to the existence of the City Code violation;

3.  To issue subpoenas directing witnesses to appear and give relevant testimony at the hearing, upon the request of the parties or their representatives;

4.  To preserve and authenticate the record of the hearing and all exhibits and evidence introduced at the hearing;

5.  To issue and sign a written finding, decision and order stating whether a City Code violation exists;

6. To impose penalties, sanctions or such other relief consistent with applicable City Code provisions and assessing costs upon finding a party liable for the charged violation, except however, that in no event shall the hearing officer have authority to impose a penalty of incarceration; and,

7. To review final determination of liability for an ordinance violation in accordance with the administrative review procedures hereinafter set forth.

b. Prior to conducting administrative adjudication proceedings under this article, the hearing officer shall have successfully completed a formal training program which includes the following:

1. Instruction on the rules of procedure of the administrative hearings over which the hearing officer shall preside;

2. Orientation to each subject area of the code violations that he/she will adjudicate;

3. Observation of administrative hearings; and

4. Participation in hypothetical cases, including ruling on evidence and issuing final orders.

(2) The ordinance enforcement administrator is authorized and directed to:

a. Operate and manage the ordinance enforcement department.

b. Adopt, distribute and process all notices as may be required under this article or as may be reasonably required to carry out the purpose of this article.

c. Collect moneys paid as fines and/or penalties assessed after a final determination of liability.

d. Certify copies of final determinations of an ordinance violation adjudicated pursuant to this article, and any factual reports verifying the final determination of any violation liability which was issued in accordance with this article.

e. Promulgate rules and regulations reasonably required to operate and maintain the administrative adjudication system hereby created.

f. Collect unpaid fines and penalties through private collection agencies and direct the pursuit of all post-judgment remedies available by law.

(3) The system coordinator/computer operator is hereby authorized and directed to operate and maintain the computer programs for the administrative adjudication system of the ordinance enforcement department hereby created, on a day-to-day basis, including but not limited to:

a. Input of violation notice information.

b. Establishing hearing dates and notice dates.

c. Record fine and penalty assessment and payments.

d. Issue payment receipts.

e. Issue succeeding notice of hearing dates and/or final determination of liability.

f. Keep accurate records of appearances and nonappearances at administrative hearings, pleas entered, judgments entered, sanctions imposed, if any, fines and penalties assessed and paid.

(4) All hearing room security personnel shall be qualified off-duty, full-time, part-time or auxiliary police officers who are hereby authorized and directed to:

a. Maintain hearing room decorum.

b. Have and execute authority as is granted to courtroom deputies of the circuit court.

c. Perform such other duties or acts as may reasonably be required and as directed by the hearing officer or ordinance enforcement administrator.

(b) The mayor is hereby authorized to appoint persons to hold the positions above set forth. Other than the hearing officer, one person may hold and fulfill the requirements of one (1) or more of the above stated

positions and compensation for each of the above stated positions shall be as approved by the city council.

(Code 1980, § 2-504; Ord. No. 99-63, 11-10-1999; Ord. No. 01-56, 11-19-2001)

## Sec. 2-944. Procedures.

The system of administrative adjudication of any ordinance violation authorized to be adjudicated hereunder, shall afford a party due process of law and the hearings shall be conducted in accordance with the following procedures:

(1)  Violation notices of any City Code shall be issued by the persons authorized under this Code and shall contain information and shall be certified and constitute prima facie evidence of the violation cited as hereinafter set forth.

(2)  All full-time, part-time and auxiliary police officers as well as other specifically authorized individuals of any department of the city shall have the authority to issue violation notices.

(3)  Any individual authorized hereby to issue violation notices and who detects any ordinance violation authorized to be adjudicated under this article, is authorized to issue notice of violation thereof and shall make service thereof as is hereinafter set forth.

(4)  The violation notice of the City Code shall contain, but shall not be limited to, the following information:

a.  The name of the party violating the ordinance, if known.

b.  The date, time and place of the violation (date of issuance).

c.  The particular ordinance violated.

d.  The fine and any penalty which may be assessed for the ordinance violation.

e.  The signature and identification number of the person issuing the notice.

f.  The date and location of the adjudicating hearing of ordinance violations, and the penalties for failure to appear at the hearing.

g.  That payment of the indicated fine and any late payment shall operate as a final disposition of the violation.

(Code 1980, § 2-505; Ord. No. 99-63, 11-10-1999; Ord. No. 01-56, 11-19-2001)

## Sec. 2-945. Service.

(a)  Service of any violation notice shall be made by the person issuing such notice by:

(1)  Handing the notice to the person responsible for the ordinance violation;

(2)  Handing the notice to the responsible person or leaving the notice with any person twelve (12) years of age or older at the residence of the responsible person;

(3)  Mailing the notice by first class mail, postage prepaid, to the person responsible for the ordinance violation; or,

(4)  Posting the notice upon the property where the violation is found when the person is the owner or manager of the property.

(b)  The correctness of facts contained in any violation notice shall be verified by the person issuing said notice by:

(1)  Signing his name to the notice at the time of issuance; or

(2)  In the case of a notice produced by a computer device, by signing a single certificate, to be kept by the ordinance enforcement administrator, attesting to the correctness of all notices produced by the device while under his control.

(c)  The original or a facsimile of the violation notice shall be retained by the ordinance enforcement administrator and kept as a record in the ordinary course of business.

(d)  Any violation notice issued, signed and served in accordance herewith, or a copy of the notice, shall be*prima facie* correct and shall be  *prima facie* evidence of the correctness of the facts shown on the notice.

(Code 1980, § 2-506; Ord. No. 99-63, 11-10-1999)

## Sec. 2-946. Administrative hearings.

An administrative hearing to adjudicate any alleged City Code ordinance violation on its merits shall be granted to the person named in the ordinance violation notice. All administrative hearings shall be recorded and shall culminate in a determination of liability or nonliability, made by the hearing officer, who shall consider facts and/or testimony without the application of the formal or technical rules of evidence. Evidence, including hearsay, may be admitted only if it is of a type commonly relied upon by reasonable prudent persons in the conduct of their affairs. The hearing officer shall, upon a determination of liability, assess fines, penalties and costs in accordance with section 2-952 hereof. Persons appearing to contest the alleged violation on its merits may be represented by counsel at their own expense. The burden of proof shall be on the alleged offender to refute the*prima facie*  case set forth in the verified notice of violation.

(Code 1980, § 2-507; Ord. No. 99-63, 11-10-1999)

## Sec. 2-947. Notices.

(a)  Upon failure of the person receiving a notice of a violation of the City Code to appear at the time and date designated for a hearing, the ordinance enforcement administrator shall send, or cause to be sent, notices as provided in subsection (b) of this section, by first class mail, postage prepaid, to the person who received the notice of an ordinance violation. Service of notices sent in accordance herewith shall be complete as of the date of deposit in the United States mail.

(b)  The notices sent pursuant to subsection (a) of this section shall be in the following sequence and contain, but not be limited to, the following information:

(1)  Date and location of violation cited in the violation notice.

(2)  Particular ordinance violated.

(3)  Fine and any penalty that may be assessed for late payment.

(4)  A section titled "Notice of Hearing" which shall clearly set forth that the person receiving a notice of the City Code ordinance violation may appear at an administrative hearing to contest the validity of the violation notice on the date and at the time and place as specified in the notice of hearing.

(5)  Date, time and place of the administrative hearing at which the alleged violation may be contested on its merits.

(6)  Statement that failure to either pay fine and any applicable penalty or failure to appear at the hearing on its merits on the date and at the time and place specified will result in a final determination of liability for the "cited" violation in the amount of the fine and penalty indicated.

(7)  Statement that upon the occurrence of a final determination of liability for the failure, and the exhaustion of, or the failure to exhaust, available administrative or judicial procedures for review, any unpaid fine or penalty will constitute a debt due and owing the city.

(c)  A notice of final determination of liability shall be sent following the conclusion of administrative hearing, as is hereinafter set forth, and shall contain, but not be limited to, the following information and warnings:

(1)  A statement that the unpaid fine and any penalty assessed is a debt due and owing the city;

(2)  A statement of any sanction ordered or costs imposed which costs are debts due and owing the city; and

(3)  A warning that failure to pay the fine and any penalty due and owing the city within the time

specified may result in proceeding with collection procedures in the same manner as a judgment entered by any court of competent jurisdiction.

(Code 1980, § 2-508; Ord. No. 99-63, 11-10-1999)

## Sec. 2-948. Final determination of liability.

A final determination of liability shall occur following the failure to pay the fine or penalty after the hearing officer's determination of liability and the exhaustion of, or the failure to exhaust, any administrative review procedures hereinafter set forth. Where a person fails to appear at the administrative hearing to contest the alleged violation on the date and at the time and place specified in a prior served or mailed notice pursuant to section 2-947(b) hereof, the hearing officer's determination of liability shall become final either upon a denial of a timely petition to set aside that determination or upon the expiration of the period for filing a petition without a filing having been made.

(Code 1980, § 2-509; Ord. No. 99-63, 11-10-1999)

## Sec. 2-949. Petition to set aside determination.

A petition to set aside a final determination of liability may be filed with the ordinance enforcement administrator within twenty-one (21) days of the date of the final determination of liability and payment of twenty-five dollars ($25.00).

(Code 1980, § 2-510; Ord. No. 99-63, 11-10-1999)

## Sec. 2-950. Judicial review.

Any final decision by a hearing officer that a City Code violation does or does not exist shall constitute a final determination for purposes of judicial review under the Illinois Administrative Review Law (735 ILCS 5/3-101 et seq.).

(Code 1980, § 2-511; Ord. No. 99-63, 11-10-1999)

## Sec. 2-951. Enforcement of judgment.

(a)  Any fine, other sanction, or costs imposed, or part of any fine, other sanction, or costs imposed, remaining unpaid after the exhaustion of or the failure to exhaust judicial review procedures under the Illinois Administrative Review Law (735 ILCS 5/3-101 et seq.) are a debt due and owing the municipality and may be collected in accordance with applicable law.

(b)  After expiration of the period in which judicial review under the Illinois Administrative Review Law (735 ILCS 5/3-101 et seq.) may be sought for a final determination of a code violation, unless stayed by a court of competent jurisdiction, the findings, decision, and order of the hearing officer may be enforced in the same manner as a judgment entered by a court of competent jurisdiction.

(c)  In any case in which a hearing officer finds that a defendant has failed to comply with a judgment ordering a defendant to correct a code violation or imposing any fine or other sanction as a result of a code violation, any expenses incurred by the city to enforce the judgment including, but not limited to, attorney's fees, court costs, and costs related to property demolition or foreclosure after they are fixed by the hearing officer, shall be a debt due and owing the municipality and may be collected in accordance with applicable law.

(d)  A lien shall be imposed on the real estate or personal estate, or both, of the defendant in the amount of any debt due and owing the city under this section. The lien may be recorded and enforced in the same manner as a judgment lien pursuant to a judgment of a court of competent jurisdiction. No lien may be enforced under this section until it has been recorded in the manner provided by Article XII of the Code of Civil Procedure (735 ILCS 5/1-101 et seq.) or by the Uniform Commercial Code (810 ILCS 5/1-101et seq.).

(e)  A hearing officer may set aside any judgment entered by default and set a new hearing date upon a petition filed within twenty-one (21) days after the issuance of the order of default if the hearing officer determines that the petitioner's failure to appear at the hearing was for good cause or at any time if the

petitioner establishes that the municipality did not provide proper service of process.

(Code 1980, § 2-512; Ord. No. 99-63, 11-10-1999)

## Sec. 2-952. Schedule of fines/penalties.

For an ordinance violation of the City Code, fines and penalties shall be as established from time to time by the mayor and city council.

(Code 1980, § 2-513; Ord. No. 99-63, 11-10-1999)

**//Calumet City, Illinois/MUNICIPAL CODE CALUMET CITY, ILLINOIS Codified through Ord. No. 07-72, enacted June 14, 2007. (Supplement No. 7)/Chapter 2 ADMINISTRATION*/ARTICLE IX. CODE ENFORCEMENT***

# EXHIBIT E

# DIVISION 2. RENTAL DWELLING INSPECTIONS*

---

**\*Editor's note:** Ord. No. 06-49, adopted June 22, 2006, amended division 2 in its entirety to read as herein set out. Former division 2, which consisted of §§ 14-711—14-718, pertained to similar subject matter and derived from the 1980 Code; Ord. No. 87-5, adopted Mar. 26, 1987; Ord. No. 87-16, adopted July 23, 1987; Ord. No. 88-2, adopted Feb. 25, 1988; Ord. No. 89-8, adopted Feb. 9, 1989; Ord. No. 89-40, adopted Nov. 9, 1989; Ord. No. 90-1, adopted Jan. 11, 1990; Ord. No. 94-16, adopted May 12, 1994; and Ord. No. 04-42,adopted June 29, 2004.

---

## Sec. 14-711. Certificate of occupancy requirement.

(a)   No owner, agent or person (hereinafter referred to as "responsible party") in charge of a one-family, two-family or multiple-family dwelling (hereinafter referred to as "rental dwelling"), as those terms are defined in the property maintenance code, shall allow any person to occupy the same as a tenant or lessee or for valuable consideration unless said dwelling or structure shall have been inspected and determined to be in compliance with all of the provisions of the property maintenance code as well as all health and building ordinances as evidenced by a certificate of occupancy issued by the department of inspectional services ("department"). Thereafter, all rental properties shall be inspected annually and an updated certificate of occupancy issued.

(b)   No certificate of occupancy shall be issued unless the applicant[,] owner or operator agrees in his application to an inspection pursuant to this section. Notwithstanding any other provisions of this Code, when the city conducts inspections of a tenant's rental dwelling, the city must obtain the consent of such tenant to conduct the inspection. If a tenant refuses consent, the city may attempt to obtain a warrant pursuant to subsection (d) below.

(c)   Prior to the time that the department is scheduled to conduct the inspection, the department shall deliver to the owner and occupants of the structure written notice that includes the following:

   (1)   Date and time of the inspection;

   (2)   A statement that the owner or tenant has the right to withhold his consent to the inspection and require the city to attempt to obtain a warrant to conduct the inspection;

(d)   If the owner or occupant does not consent to the attempted inspection, the director of inspectional services ("director") or his designee shall seek in the circuit court of Cook County a warrant in accordance with the appropriate laws of the State of Illinois to allow an inspection. The application for the warrant shall specify the basis upon which the warrant is being sought and shall include a statement that the inspection will be limited to a determination whether there are violations of the city building and zoning ordinances or any applicable housing, fire or property maintenance codes or regulations. The court may consider any of the following factors along with such other matters as it deems pertinent in its decision as to whether a warrant shall issue:

   (1)   Eyewitness account of violation;

   (2)   Citizen complaints;

   (3)   Tenant complaints;

   (4)   Plain view violations;

   (5)   Violations apparent from city records;

   (6)   Property deterioration;

   (7)   Age of property;

   (8)   Nature of alleged violation;

   (9)   Similar properties in the area;

(10)  Documented violations on similar properties in the area;

(11)  Passage of time since last inspection;

(12)  Previous violations on the property.

(e)  If the annual inspection establishes that the rental dwelling complies with all the provisions of the property maintenance code as well as all other health, zoning, and building ordinances of the city, then the department of inspectional services shall issue a certificate of occupancy for said dwelling or structure. The certificate shall indicate the date of the inspection; that such dwelling or structure complies with the requirements of the property maintenance code as well as other health and building ordinances that apply to the dwelling. One (1) copy of the certificate shall be delivered to or mailed to the owner of the dwelling unit. A record of all certificates shall be kept on file by the department, and copies shall be furnished upon request to any person having a proprietary interest or tenancy interest in the dwelling affected. The director shall submit once a month to the mayor and the city council a list of addresses of those dwellings which have been inspected the previous month with an indication whether or not said dwellings have been issued certificate of occupancy permits. Every certificate of occupancy shall be issued for a period of one (1) year after its date of issuance, unless sooner revoked.

(f)  Inspection fee schedule.

(1)  Fifty dollars ($50.00) yearly.

(2)  Ten dollars ($10.00) per additional unit.

(3)  All inspection fees as herein provided shall be paid prior to the issuance of a certificate of occupancy.

(4)  Each fee set for the above covers the cost of one (1) follow-up inspection to verify compliance. In the event that additional inspections are required because full compliance did not exist at the time of the reinspection, then an additional reinspection fee of fifty dollars ($50.00) plus ten dollars ($10.00) per unit shall be assessed.

(5)  If an owner, agent or tenant has failed to appear for two previously scheduled inspections, an additional inspection fee of fifty dollars ($50.00) plus ten dollars ($10.00) per unit shall be assessed.

(Ord. No. 05-49, § 1, 6-22-2005)

## Sec. 14-712. Notice of violation.

(a)  Whenever the building official determines that any rental dwelling or the premises surrounding fails to meet the requirements set forth in this chapter or in applicable rules and regulations issued pursuant thereto, the building official in accordance with the property maintenance code and the other city health, and building codes shall issue a notice setting forth the alleged failures and advising the responsible party that such failures must be corrected. This notice shall:

(1)  Be in writing.

(2)  Set forth the alleged violations of this chapter or of applicable rules and regulations issued pursuant thereto.

(3)  Describe the rental dwelling where the violations are alleged to exist or to have been committed. Such written notice shall specify an appropriate or acceptable method of correction.

(4)  Specify a specific date for the correction of any violation alleged.

(5)  Be served upon the responsible party of the rental dwelling by the building official, or mailed to the responsible party. If one (1) or more persons to whom such notice is addressed cannot be found after diligent effort to do so, service may be made upon such persons by posting the notice in or about the rental dwelling described in the notice.

(b)  At the end of the period of time allowed for the correction of any violation alleged, which was stated in the inspection notice, the building official shall reinspect the rental property described in the notice.

(c)  If, upon reinspection, the violations are determined by the building official not to have been corrected, the

building official, in turn, shall issue an O.V. (ordinance violation) ticket to initiate legal proceedings to be handled in Calumet City's housing court for the immediate correction of the alleged violations or shall order the rental property vacated within thirty (30) days, or both.

(Ord. No. 06-49, § 1, 6-22-2006)

## Sec. 14-713. Responsibility of tenants.

No tenant shall damage or cause to be damaged any unit or building leased nor shall any damage be caused to the general premises of any building used by the tenants. Each tenant and the families of each tenant shall maintain his rental unit free of any litter, and tenants shall not litter any of the premises or the buildings provided for use by the tenants. The tenants must maintain their responsibilities as outlined in the property maintenance code, subject to O.V. citations.

(Ord. No. 06-49, § 1, 6-22-2006)

## Sec. 14-714. Penalties.

Any responsible party of a rental dwelling who has received an order or notice of an alleged violation of this article shall be subject to a penalty of not less than one hundred dollars ($100.00) nor more than one thousand dollars ($1,000.00) for each day the alleged violation continues after expiration of the specified reasonable consideration period; provided that no such penalty shall be applicable while reconsideration, hearing or appeal to a court of competent jurisdiction is pending in the matter.

(Ord. No. 06-49, § 1, 6-22-2006)

## Sec. 14-715. Validity and severability.

If any section, subsection, paragraph, sentence, clause, or phrase of this Code shall be declared invalid for any reason whatsoever, this decision shall not affect the remaining portions of this Code, which shall continue in full force and effect, and to this end, the provisions of this Code are hereby declared to be severable.

(Ord. No. 06-49, § 1, 6-22-2006)

## Sec. 14-716. Savings clause.

This Code shall not affect violations of any other ordinance, code or regulation of the jurisdiction existing prior to the effective date hereof, and any such violation shall be governed and shall continue to be punishable to the full extent of the law under the provisions of those ordinances, codes or regulations in effect at the time the violation was committed.

(Ord. No. 06-49, § 1, 6-22-2006)

Secs. 14-717—14-750. Reserved.