IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| AYANNA WALKER, | ) | |
| Plaintiff, | ) | Case No. 07C 6148 |
| vs. | ) | |
| | ) | Judge Milton I. Shadur |
| CALUMET CITY, ILLINOIS | ) | Magistrate Judge Valdez |
| Defendant. | ) | |

**DEFENDANT'S OPPOSITION TO PROPOSED
CLASS ACTION CERTIFICATION**

Plaintiff seeks to have this case certified as a class action pursuant to FRCP 23(a) and 23(b)(2). Walker asks this Court to certify a class "consisting of all owners of residential property in [Calumet] City." 2d Am. Cplt., Par.24. Plaintiff's request to certify a class consisting of all owners of residential property in Calumet City should be denied.

Under Rule 23, a member of a class may sue as a class representative if (1) joinder of all members is impractical because the class is so numerous; (2) there are questions of law and fact common to the entire class; (3) the class representative's claims are typical of those of the class members; and (4) the representative will fairly and adequately protect the interest of the class. This is a conjunctive requirement. "[F]ailure to meet any one of them precludes certification as a class." Retired Chicago Police Association v. City of Chicago, 7 F.3d 584, 596 (7th Cir. 1993). Assuming plaintiff can meet this initial burden, she must also show that the requirements for one of the subsections of Rule 23(b) is met. For purposes of this response, the City acknowledges that this action satisfies the 23(b)(2).

In the present case, the proposed class is patently overbroad. Plaintiff has conceded that at the present time there are fewer than 500 homes listed for sale in Calumet City. 2d Am. Cplt., Par. 22. Yet plaintiff seeks to represent every owner of residential property in the City,

regardless of whether the property is presently being offered for sale.  As we pointed out during the Realtors litigation, as of the 2000 census, Calumet City has a total of 15,933 housing units (**www.infoplease.com/us/census/data/illinois/calumet-city/housing.html**).

Because, over 95% of the residential properties in Calumet City are not for sale, the putative class definition would include over 15,000 class members who are not currently subject to the Ordinance, have no present intention of selling their home, and therefore would not have individual standing to challenge the Ordinance.  A party who is not selling her house is not subject to the Ordinance and would not have standing to challenge it.  Schmidling v. City of Chicago, 1 F.3d 494 (7th Cir. 1993).  Therefore, the proposed class improperly includes individuals who are not subject to the Ordinance and are therefore improper class members.  Simer v. Rios, 661 F.2d 655, 670 (7th Cir. 1981); Tatz v. Nanophase Technologies, 2003 WL 21372471 (N.D. IL 2003) (Typicality "requires the Court to determine whether the representative plaintiff's claims have the same essential characteristics as the claims of the class at large.").  In our case, the vast majority of putative class members have no claim against the City, because they are not proposing to sell their homes.

This substantial overbreadth makes the proposed class improper.  Oshana v. Coca Cola, 472 F.3d 506, 514-15 (7th Cir. 2000).  Because the vast majority of the proposed class members are not subject to the Ordinance, the claims of Walker are not "typical of those of the class" for purposes of Rule 23(a).  Burns v. First American Bank, 2006 WL 3754829 (N.D. IL 2006) ("'Courts faced with an overbroad class may deny certification for want of typicality.'").

This Court must perform a "rigorous analysis" in order to be satisfied that the requirements of Rule 23 are met.  General Telephone Company of Southwest v. Falcon, 457 U.S. 147, 161 (1982).  In order to meet the typicality requirement, the named representatives must

establish the bulk of the elements of each member's claim when she proves her own. <u>Ellis v. Elgin Riverboat Resort</u>, 217 F.R.D. 415, 428 (N.D. IL 2003). In the present case, the vast majority of the proposed class members have no claim against the City. Like most of us, they are living in their homes with no intent to sell in the foreseeable future. Because the class members and class representatives are not suffering the same injury, the typicality requirement cannot be met. <u>East Texas Motor Freight System v. Rodriguez</u>, 431 U.S. 395, 403 (1977) (class representative and class members must suffer the same injury).

      Accordingly, this Court should deny the request for class certification.

      Respectfully submitted,

      City of Calumet City

      By:   /s/ John B. Murphey

| | |
|---|---|
| JOHN B. MURPHEY/ARDC #1992635 | MARK STERK/ARDC #3125540 |
| Rosenthal, Murphey & Coblentz | Odelson & Sterk, Ltd. |
| 30 North LaSalle Street, Suite 1624 | 3318 West 95th Street |
| Chicago, Illinois 60602 | Evergreen Park, Illinois 60805 |
| Tel. (312) 541-1070 | Tel. (708) 424-5678 |
| Fax (312) 541-9191 | Fax (708) 424-5829 |

**CERTIFICATE OF SERVICE**

I hereby certify that on March 24, 2008, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of said filing to all parties listed below:

Philip C. Stahl
Maggie M. Hanel
Patrick Thomas Nash
Grippo & Elden
111 South Wacker Drive
Chicago, Illinois 60606

Mark H. Sterk
Michael Joseph Hayes, Jr.
Robert Wilder
Richard F. Bruen, Jr.
Odelson & Sterk
3318 W. 95th St.
Evergreen Park, Ill. 60805

        /s/    Douglas M. Doty
ROSENTHAL, MURPHEY & COBLENTZ
Attorneys for Calumet City
30 North LaSalle Street, Suite 1624
Chicago, Illinois 60602
Tel. (312) 541-1070
Fax: (312) 541-9191