IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AYANNA WALKER, for herself and all others similarly situated, ) ) ) *Plaintiffs*, ) ) v. ) ) CALUMET CITY, ILLINOIS, ) ) *Defendant*. | Case No.  07 C 6148  Judge Milton I. Shadur |

**PLAINTIFF AYANNA WALKER'S AMENDED MOTION FOR CLASS CERTIFICATION**

Pursuant to Fed. R. Civ. P. 23(a) and (b)(2), Plaintiff Ayanna Walker ("Walker") respectfully requests that this Court enter an order determining that this action may proceed as a class action against Defendant Calumet City, Illinois ("City").  Walker defines the proposed class as all owners of residential property in City who are attempting to sell or transfer property subject to City's Point of Sale Inspection Ordinance ("POS Inspection Ordinance").  Walker further requests that she be appointed class representative and Grippo & Elden LLC be appointed counsel for the class.

In support of this Amended Motion, Walker states as follows:

1. Walker, a property owner in City, has filed this class action seeking a declaration that City's POS Inspection Ordinance is unconstitutional because it unreasonably and unconstitutionally restrains City's property owners' right to sell their property without due process of law and otherwise fails to provide procedural due process.  *See* Second Amended Complaint, Counts I and II.  Walker also seeks a preliminary injunction against enforcement of the POS Inspection Ordinance.  *Id.*

147011v1

2.  In addition, Walker contends that certain provisions of the Zoning Code, as applied by City, are unconstitutional because they effectively prohibit owners of legal nonconforming property from selling such property as nonconforming in violation of their constitutional rights against unreasonable governmental restriction on the right to sell private property and 65 ILCS 5/11-13-1. *See* Second Amended Complaint, Count III. Walker also seeks a preliminary injunction prohibiting City from engaging in certain conduct that effectively prevents the sale of legal nonconforming property as legal nonconforming. *Id.*

3.  As explained in more detail in the accompanying memorandum, all of the requirements of Rule 23(a) and (b)(2) of the Federal Rules of Civil Procedure are met.

4.  Numerosity cannot be disputed and has been conceded by City. The proposed class consists of all owners of residential property in City who are attempting to sell or transfer property subject to the POS Inspection Ordinance. Currently, there are more than 550 single and multi-family residential properties for sale in City.

5.  There are questions of law and fact common to the class. The predominant questions are (1) whether the POS Inspection Ordinance is unconstitutional because it unreasonably and unconstitutionally restrains property owners' right to sell their property without due process of law, (2) whether the POS Inspection Ordinance is unconstitutional because it takes the right to transfer without providing due process, and (3) whether certain provisions of the Zoning Code as applied by City are unconstitutional and in violation of 65 ILCS 5/11-13-1 because they effectively prohibit owners of legal nonconforming property from selling such property as nonconforming.

6.  Walker's claims are typical of those of the class members. All residential property is subject to the POS Inspection Ordinance. Walker's and the class members' claims

under Counts I and II arise from the face of the POS Inspection Ordinance. In addition, Walker owns legal nonconforming property subject to the Zoning Code's provisions at issue and City's conduct associated therewith and her claims are thus typical of other owners of legal nonconforming property under Count III.

7. Walker will fairly and adequately protect the interests of the class. She understands the claims brought in this case and her responsibilities as a class representative. Moreover, her interests are not antagonistic to the class members' interests because all of their claims are identical. Both Walker and class members stand to benefit from the protection of their constitutional rights.

8. Walker's counsel, Grippo & Elden LLC, has significant experience in class action and other complex litigation, and are able to commit the resources needed to adequately prosecute the case. And as the Court is well aware, Walker's counsel has vigorously prosecuted these issues on behalf of Mainstreet Organization of Realtors® in this Court, the Court of Appeals and the United States Supreme Court.

9. City has conceded that the requirements of Rule 23(b)(2) have been satisfied. *See* City's March 24 Br. at p.1. City "has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." Fed. R. Civ. P. 23(b)(2). Walker and the proposed class currently seek only injunctive and declaratory relief and, therefore, class certification pursuant to Fed. R. Civ. P. 23(b)(2) is appropriate.

10. In ruling upon the related action filed by Mainstreet Organization of Realtors®, the Court of Appeals stated that a challenge to the POS Inspection Ordinance could be brought in a lawsuit by "all [] homeowners in Calumet City [] joined in a class action."

*Mainstreet Org. of Realtors v. Calumet City*, 505 F.3d 742, 747 (7th Cir. 2007). In discussing Walker's original motion for class certification, filed on November 19, 2007, this Court suggested that the proper class should be owners of residential property in City who are attempting to sell or transfer property subject to the POS Inspection Ordinance. By this Amended Motion, Walker seeks to implement the suggestions of both the Court of Appeals and this Court.

        11. In further support of this Amended Motion, Walker submits the accompanying Memorandum In Support of Plaintiff Ayanna Walker's Amended Motion for Class Certification.

        WHEREFORE, Walker respectfully requests that this Court enter an order determining that this action may proceed as a class action, appointing Walker as class representative, and appointing Grippo & Elden LLC as class counsel.

April 2, 2008

Philip C. Stahl  
Patrick T. Nash  
Donald P. Bunnin  
Maggie M. Hanel  
GRIPPO & ELDEN LLC  
111 South Wacker Drive  
Chicago, Illinois 60606  
(312) 704-7700

Respectfully submitted,

**AYANNA WALKER**

By:   /s/ Patrick T. Nash  
      One of her Attorneys

## CERTIFICATE OF SERVICE

I, Patrick T. Nash, certify that on this 2nd day of April, 2008, I served the foregoing **PLAINTIFF AYANNA WALKER'S AMENDED MOTION FOR CLASS CERTIFICATION** and **MEMORANDUM SUPPORTING PLAINTIFF AYANNA WALKER'S AMENDED MOTION FOR CLASS CERTIFICATION** to the following by Electronic Mail Transmission via the ECF System upon:

>Mark H. Sterk
>ODELSON & STERK, LTD.
>3318 West 95th Street
>Evergreen Park, Illinois  60805
>
>John B. Murphey
>ROSENTHAL, MURPHEY & COBLENTZ
>30 North LaSalle Street
>Suite 1624
>Chicago, IL  60602

>/s/ Patrick T. Nash
>Patrick T. Nash

147011v1