IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AYANNA WALKER, for herself and all others similarly situated, ) ) ) *Plaintiff*, ) ) v. ) ) CALUMET CITY, ILLINOIS, ) ) *Defendant*. | Case No. 07 C 6148 Judge Milton I. Shadur |

**MEMORANDUM SUPPORTING PLAINTIFF AYANNA WALKER'S
AMENDED MOTION FOR CLASS CERTIFICATION**

Plaintiff, Ayanna Walker ("Walker"), pursuant to Fed. R. Civ. P. 23(a) and (b)(2), moves this Court for the entry of an order determining that this action may proceed as a class action against Defendant Calumet City, Illinois ("City"). This memorandum is submitted in support of Walker's Amended Motion for Class Certification.

**I.      INTRODUCTION**

Walker, a property owner in City, has filed this class action seeking (i) a declaration that City's Point of Sale Inspection Ordinance ("POS Inspection Ordinance") is unconstitutional, (ii) certain provisions of City's Zoning Code, as applied by City, are unconstitutional as respects owners of legal nonconforming property such as Walker, (iii) an injunction enjoining the enforcement of the POS Inspection Ordinance, and (iv) an injunction enjoining City from refusing to issue "re-build" letters (*i.e.*, stating that legal nonconforming property can be rebuilt as such in accordance with City's Zoning Ordinance) in connection with proposed sales of legal nonconforming property. Walker contends that the POS Inspection Ordinance is unconstitutional because it unreasonably and unconstitutionally restrains property owners' right to sell their property without due process of law and takes the right to transfer

147367v1

without providing procedural due process. She contends that certain provisions of the Zoning Code as applied by City are unconstitutional because they effectively prohibit owners of legal nonconforming property from selling such property as nonconforming in violation of the protections in the U.S. Constitution against unreasonable governmental restriction on the right to sell private property and 65 ILCS 5/11-13-1. More specifically, Walker contends that City knows that lenders require a re-build letter from City before lenders will loan money for the purchase of legal nonconforming property but City uniformly refuses to issue such letters. As a result of City's conduct, owners of legal nonconforming property are effectively prohibited from selling their property as legal nonconforming and instead are forced by City to deconvert their property if they want to sell it.

      Walker seeks certification of a class pursuant to Fed. R. Civ. P. 23(a) and (b)(2). In its March 24 brief, City conceded that "this action satisfies [Rule] 23(b)(2)." City Br. at p.1. City's concession was appropriate because the relief sought by Walker on behalf of the proposed class is currently limited to declaratory and injunctive relief. As set forth below, each of the requirements set forth in Rule 23(a) is also satisfied. The proposed class -- all owners of residential property in City who are attempting to sell or transfer property that is subject to the POS Inspection Ordinance -- is numerous (a point conceded by City at the March 26 status hearing). Fed. R. Civ. P. 23(a)(1). There exists questions of fact and law that are common among the class members (*i.e.*, the constitutionality of the POS Inspection Ordinance and City's uniform refusal to issue "re-build" letters in connection with the sale of legal nonconforming property). *Id*. at (a)(2). Walker's claims are typical of the class members' claims because they arise from the face of the POS Inspection Ordinance which applies to all owners of residential property in City regardless of whether such property is conforming or legal nonconforming. *Id*.

2

at (a)(3). Likewise, Walker owns a legal nonconforming property (which City recently certified) subject to the contested Zoning Code provisions and City's uniform refusal to issue "re-build" letters. *Id*. Walker and her counsel will fairly and adequately represent the class (again, a point conceded by City). *Id*. at (a)(4).

As importantly, in ruling upon the related action filed by Mainstreet Organization of Realtors®, successor by name change to Realtor® Association of West/South Suburban Chicagoland (the "Realtor Association"), the Court of Appeals stated that a challenge to the POS Inspection Ordinance could be brought in a lawsuit by "all [] homeowners in Calumet City [] joined in a class action." *Mainstreet Org. of Realtors v. Calumet City*, 505 F.3d 742, 747 (7th Cir. 2007). In discussing Walker's original motion for class certification, filed November 19, 2007, this Court suggested that the proper class should be owners of residential property in City who are attempting to sell or transfer property that is subject to the POS Inspection Ordinance. By this Amended Motion, Walker seeks to implement the suggestions of both the Seventh Circuit and this Court.

Accordingly, Walker respectfully requests that this Court certify the class. Walker also respectfully requests that the Court appoint her as class representative and her counsel as class counsel.

## II.   STATEMENT OF FACTS

This Court is very well-versed with respect to City's POS Inspection Ordinance and the other ordinances at issue in this action. Rather than reiterate for this Court the terms and requirements of City's ordinances, which this Court has considered on numerous prior occasions, Walker respectfully directs the Court's attention to the Second Amended Verified Class Action Complaint For Temporary Restraining Order, Preliminary Injunction, Permanent Injunction, Declaratory and Other Relief, filed March 4, 2008 ("Second Amended Complaint"), for a

discussion of the ordinances. Moreover, no issue of substance or process with respect to the POS Inspection Ordinance has changed since the Court enjoined its enforcement in December 2006 in the litigation filed by Realtor Association.

### A. Walker's Property and Similarly Situated Property.

Walker owns residential property in City located at 521-23 Greenbay Avenue. Second Amended Complaint at ¶ 7. Walker's property contains four dwelling units. *Id*. Each unit has passed City's annual inspections. *Id.* At the March 26 Status Conference, City represented to the Court that it recently "certified" that Walker's property is legal nonconforming. The property is listed for sale and subject to the POS Inspection Ordinance. *Id.* By virtue of its POS Inspection Ordinance, City has taken and interfered and continues to take and interfere with Walker's right to alienate her property without due process. *Id.*

In the year immediately preceding the filing of this lawsuit, 545 residential properties were sold and transferred in City. As of March 27, 2008, there were 586 active listings for sale of single and multi-family residential property in City, identified in the MLS. Other property is also for sale "by owner" that is not identified in the MLS. All property that is for sale is subject to the POS Inspection Ordinance if not enjoined. *See, e.g.*, Second Amended Complaint at ¶¶ 22-23. Likewise, each legal nonconforming property is subject to the Zoning Code provisions and City's refusal to issue re-build letters.

### B. The Proposed Class Consists Of All Owners Of Residential Property In City Who Are Attempting To Sell Or Transfer Property That Is Subject To The POS Inspection Ordinance.

Walker seeks certification of a Rule 23(b)(2) class consisting of all owners of residential property in City who are attempting to sell or transfer property that is subject to the POS Inspection Ordinance.

147367v1

## III. ARGUMENT

Rule 23 of the Federal Rules of Civil Procedure requires a two-step analysis to determine whether class certification is appropriate. First, a plaintiff must satisfy all four requirements of Rule 23(a) (*i.e.*, numerosity, commonality, typicality, and adequacy of representation). *Harriston v. Chicago Tribune Co.*, 992 F.2d 697, 203 (7th Cir. 1993). Second, the action must also satisfy one of the conditions of Rule 23(b). *Alliance to End Repression v. Rochford*, 565 F.2d 975, 977 (7th Cir. 1977). As discussed below, the requirements of both Rule 23(a) and (b) are satisfied. Indeed, the Court of Appeals anticipated as much.

Cases filed to remedy constitutional violations based upon city ordinances are particularly appropriate for class certification. *See, e.g., Devines v. Maier*, 665 F.2d 138 (7th Cir. 1981)(class action suit challenging city's enforcement of its housing code; class members entitled to just compensation pursuant to the Fifth Amendment); *McKenzie v. City of Chicago*, 175 F.R.D. 280 (N.D. Ill. 1997)(granting property owners' motion for class certification to challenge city's municipal code).

Accordingly, the Court should certify a class consisting of all owners of residential property in City who are attempting to sell or transfer property that is subject to the POS Inspection Ordinance and appoint Walker as class representative and her counsel as class counsel.

### A. The Proposed Class Meets The Requirements Of Fed. R. Civ. P. 23(a).

#### 1. The Proposed Class Is Sufficiently Numerous.

Fed. R. Civ. P. 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable." Impracticability does not mean impossibility; Walker need only prove it would be inconvenient and difficult to join the proposed class members. *Bethards v. Bard Access Sys., Inc.*, No. 94 C 1522, 1995 U.S. Dist. LEXIS 22467, at *10 (N.D. Ill. Feb. 22,

1995). "Where the class is large, the numbers alone are dispositive of the impracticability of joinder," and the Court need not consider other factors to determine whether the numerosity requirement is met. *Thillens, Inc. v. Community Currency Exch. Ass'n*, 97 F.R.D. 668, 677 (N.D. Ill. 1983). Walker may establish impracticability based on good faith estimates, *Young v. County of Cook*, No. 06 C 552, 2007 U.S. Dist. LEXIS 31086, at *7 (N.D. Ill. Apr. 25, 2007), and the court may also rely on "common sense assumptions" and reasonable inferences to determine if the numerosity requirement is met. *Walker v. Bankers Life & Cas. Co.*, No. 06 C 6906, 2007 U.S. Dist. LEXIS 73502, at *7 (N.D. Ill. Oct. 1, 2007)(citation omitted). Although Rule 23(a)(1) contains no threshold requirement, generally 40 or more members are adequate to establish numerosity. *Hyderi v. Washington Mut. Bank, FA*, 235 F.R.D. 290, 296 (N.D. Ill. 2006). Moreover, where the purported class is seeking declarative and injunctive relief, the remedy would protect the rights of future class members for whom joinder is necessarily impracticable. *See Rosario v. Cook County*, 101 F.R.D. 659, 661 (N.D. Ill. 1983).

Here, City conceded numerosity at the March 26 Status Hearing. It is undeniable that the numerosity requirement is met. Currently, there are more than 550 active listings for the sale of single and multi-family residential property in City and more property for sale "by owner." In the year immediately preceding the filing of this lawsuit, 545 residential properties were sold and transferred in City. Clearly, the number of owners of residential property in City who have listed their property for sale is greater than 40. This is sufficient, as City concedes, to meet the numerosity requirement.

    2.    <u>Common Questions Of Fact Or Law Exist.</u>

To certify a class, there must exist at least one question of fact or law that is common among the class members. Fed. R. Civ. P. 23(a)(2). The Seventh Circuit has held that "[a] common nucleus of operative fact is usually enough to satisfy the commonality requirement

147367v1

of Rule 23(a)(2)." *Keele v. Wexler*, 149 F.3d 589, 594 (7th Cir. 1998). A common set of operative facts is present when a defendant is claimed to have engaged in "standardized conduct toward the members of the proposed class." *Id*. "Not all factual or legal questions raised in a lawsuit need be common so long as a single issue is common to all class members." *Riordan v. Smith Barney*, 113 F.R.D. 60, 63 (N.D. Ill. 1986). Class certification cannot be defeated merely because there are some factual variations among the members' grievances. *See Allen v. City of Chicago*, 828 F. Supp. 543, 551 (N.D. Ill. 1980).

This element is easily met here because this case involves a facial challenge (Counts I and II of the Second Amended Complaint) and Walker and the class have at least the following factual and legal issues in common (with respect to all Counts in the Second Amended Complaint):

(a)   Whether the POS Inspection Ordinance is unconstitutional because it unreasonably and unconstitutionally restrains property owners' right to sell their property without due process of law;

(b)   Whether the POS Inspection Ordinance is unconstitutional because it fails to provide procedural due process; and

(c)   Whether certain provisions of the Zoning Code, as applied by City (*e.g.*, in refusing to issue re-build letters), are unconstitutional and in violation of 65 ILCS 5/11-13-1 because they effectively prohibit owners of legal nonconforming property from selling such property as nonconforming.

3.   <u>Walker's Claims Are Typical Of The Claims Of The Class.</u>

A class may be certified where "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). A "plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to

7

the claims of other class members and his or her claims are based on the same legal theory." *De La Fuente v. Stokely-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983). "Typical does not mean identical, and the typicality requirement is liberally construed." *Gaspar v. Linvatec Corp.*, 167 F.R.D. 51, 57 (N.D. Ill. 1996). The typicality requirement is meant to ensure that the named representative's claims "have the same essential characteristics as the claims of the class at large." *De La Fuente*, 713 F.2d at 232.

Walker's claims are typical of the class members' claims because their claims arise from the POS Inspection Ordinance and a common course of conduct, specifically, City's enforcement of the ordinance. In addition, Walker's claims are typical of the class members' claims because they arise under the same legal theories. If Walker's Fourteenth Amendment rights are being violated by City, then all class members' constitutional rights are likewise being violated by City. Moreover, Walker owns a legal nonconforming property subject to the Zoning Code's disputed provisions and City's uniform refusal to issue "re-build" letters. Accordingly, Walker's claims are typical of all class members (for Counts I and II) and for all members of the class who own legal nonconforming property (Count III).

4.  <u>Walker Will Fairly And Adequately Protect And Represent The Interests Of The Class.</u>

Fed. R. Civ. P. 23(a)(4) requires that Walker fairly and adequately protect and represent the interests of the class. At the March 26 Status Conference, City correctly conceded that Walker satisfied this element of Rule 23. "The adequacy threshold is a low one: 'as long as the Court is assured that the named parties are qualified and capable of fully pursuing the common goals of the class without collusion or conflicts of interest' the requirement is met." *Wallace v. Chicago Hous. Auth.*, 224 F.R.D. 420, 429 (N.D. Ill. 2004) *quoting Ridings v. Canadian Imperial Bank of Commerce Trust Co. (Bahamas) Ltd.*, 94 F.R.D. 147, 154 (N.D. Ill.

1982). The adequacy determination has two elements: (1) Walker's attorneys must be qualified, experienced, and able to conduct the litigation; and (2) Walker's interests must not be antagonistic to the class members' interests. *Secretary of Labor v. Fitzsimmons*, 805 F.2d 682, 697 (7th Cir. 1982). An adequate class representative must maintain only an "understanding of the basic facts underlying the claims, some general knowledge, and a willingness and ability to participate in discovery." *Wahl v. Midland Credit Mgmt., Inc.*, 243 F.R.D. 291, 298 (N.D. Ill. 2007). The burden of showing this basic understanding is "not difficult." *Murray v. New Cingular Wireless Serv., Inc.*, 232 F.R.D. 295, 300 (N.D. Ill. 2005).

Walker's counsel is experienced in class action and other complex litigation, and they are able to commit the resources needed to adequately prosecute the case. Furthermore, they have vigorously prosecuted the constitutional claims on behalf of Realtors Association in this Court, the Seventh Circuit and the Supreme Court in the prior case.

Walker's interests are not antagonistic to the class members' interests because her claims are identical to the claims of the class members. Given such identity, there is no potential for conflicting interests in this action. Walker has a sufficient interest in the outcome of this suit because she is subjected to the POS Inspection Ordinance, Zoning Code, and City's conduct as are the members of the proposed class, and both she and the class stand to benefit from the protection of their constitutional rights through the declaratory judgment and injunction that Walker seeks.

### B.    The Requirements Of Fed. R. Civ. P. 23(b)(2) Are Met.

Class certification pursuant to Fed. R. Civ. P. 23(b)(2) is appropriate if "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." "The primary limitation on the use of Rule 23(b)(2) is the

9

147367v1

requirement that injunctive or declaratory relief is the primary or exclusive remedy sought." *Doe v. Guardian Life Ins. Co. of Am.*, 145 F.R.D. 466, 477 (N.D. Ill. 1992); *Wallace*, 224 F.R.D. at 431 (where the main sources of relief sought by plaintiff are declaratory and injunctive relief, the class falls within the ambit of Rule 23(b)(2), and is appropriate for certification).

As conceded by City in its March 24 brief, "this action satisfies [Rule] 23(b)(2)." City Br. at p.1. Here, the only relief currently sought by Walker and the proposed class members is injunctive and declaratory relief. Specifically, they seek a declaration that the POS Inspection Ordinance is unconstitutional because it unreasonably and unconstitutionally restrains property owners' right to sell their property without due process of law and fails to provide procedural due process, and a preliminary and permanent injunction enjoining enforcement of the POS Inspection Ordinance. They also seek a declaration that certain provisions of the Zoning Code as applied by City are unconstitutional because they effectively prohibit owners of legal nonconforming property from selling such property as nonconforming in violation of the protections in the U.S. Constitution against unreasonable governmental restriction on the right to sell private property and 65 ILCS 5/11-13-1. Accordingly, as conceded by City, the requirements of Rule 23(b)(2) are satisfied.

## CONCLUSION

The proposed class meets the requirements of Fed. R. Civ. P. 23(a) and (b)(2). Accordingly, Walker respectfully requests that this Court certify the class as set forth herein.

April 2, 2008

Philip C. Stahl
Patrick T. Nash
Donald P. Bunnin
Maggie M. Hanel
GRIPPO & ELDEN LLC
111 South Wacker Drive
Chicago, Illinois  60606
(312) 704-7700

Respectfully submitted,

**AYANNA WALKER**

By:   /s/ Patrick T. Nash
         One of her Attorneys

11

147367v1