IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | | |
|---|---|---|---|
| AYANNA WALKER, | ) | | |
| Plaintiff, | ) | Case No. 07C 6148 | |
| vs. | ) | | |
| | ) | Judge Milton I. Shadur | |
| CALUMET CITY, ILLINOIS | ) | Magistrate Judge Valdez | |
| Defendant. | ) | | |

## MOTION TO DISMISS

Defendant Calumet City, Illinois (the "City") moves pursuant to FRCP 12(b)(1) and 12(b)(6) to dismiss the Complaint herein because the City's "Point of Sale Inspection Ordinance" (as defined in par. 2 of the Complaint and attached thereto as Exhibit A) for the following reasons:

1. Plaintiff lacks standing to challenge the Ordinance because (as represented in open court) the Subject Property has passed a rental inspection, and will not need a redundant POS sale inspection as a condition to the sale of the Subject Property. The Subject Property has further been certified as legal nonconforming. Therefore, Plaintiff's claims are moot and she lacks standing to challenge the Ordinance.

Nevertheless, because of the pendency of the class action certification Motion, we address the constitutional challenges to the facial validity of the Ordinance in this Motion.

2. The Point of Sale Inspection Ordinance (which for the most part we will refer to as the "Ordinance") does not "unreasonably and unconstitutionally restrain" the alienation of property," as alleged in Count I.

3. Count II fails to state a claim because the Ordinance provides adequate pre and post-deprivation due process to satisfy the requirements of procedural due process.

4.      Count III fails to state a claim because the "deconversion" provisions of the Ordinance are constitutional on their face because by their terms they do not apply to legal nonconforming uses. In addition, Plaintiff has failed to allege that the City has ever asserted that the Subject Property is or has been illegally converted. She has therefore not alleged an injury from the Ordinance's illegal conversion provisions, thereby precluding a case or controversy with respect to Count III.

In further support of this Motion, and subject to leave of Court, the City separately files its supporting memorandum.

> Respectfully submitted,
>
> City of Calumet City
>
> By:     /s/ John B. Murphey

JOHN B. MURPHEY
ARDC #1992635
Rosenthal, Murphey & Coblentz
30 North LaSalle Street, Suite 1624
Chicago, Illinois 60602
Tel. (312) 541-1070
Fax (312) 541-9191

MARK STERK/ARDC
#3125540
Odelson & Sterk, Ltd.
3318 West 95th Street
Evergreen Park, Illinois 60805
Tel. (708) 424-5678
Fax (708) 424-5829

G:\rmcj\Calumet City\Walker\MTD.doc

**CERTIFICATE OF SERVICE**

      I hereby certify that on April 9, 2008, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of said filing to all parties listed below:

| | |
|---|---|
| Philip C. Stahl<br>Maggie M. Hanel<br>Patrick Thomas Nash<br>Grippo & Elden<br>111 South Wacker Drive<br>Chicago, Illinois 60606 | Mark H. Sterk<br>Michael Joseph Hayes, Jr.<br>Robert Wilder<br>Richard F. Bruen, Jr.<br>Odelson & Sterk<br>3318 W. 95th St.<br>Evergreen Park, Ill. 60805 |

      /s/   Douglas M. Doty
ROSENTHAL, MURPHEY & COBLENTZ
Attorneys for Calumet City
30 North LaSalle Street, Suite 1624
Chicago, Illinois 60602
Tel. (312) 541-1070
Fax: (312) 541-9191