IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AYANNA WALKER, for herself and all others similarly situated, )<br>)<br>)<br>*Plaintiffs*, )<br>)<br>v. )<br>)<br>)<br>CALUMET CITY, ILLINOIS, )<br>)<br>)<br>*Defendant.* ) | Case No. 07 C 6148<br><br>Judge Milton I. Shadur |

**MOTION FOR LEAVE TO FILE AMENDED COMPLAINT TO ADD A NEW
PLAINTIFF AND FOR EXTENSION OF TIME TO FILE BRIEFS REGARDING
MOOTNESS, CLASS CERTIFICATION AND MOTION TO DISMISS**

Plaintiff Ayanna Walker ("Walker"), on behalf of herself and all others similarly situated, by her attorneys, Grippo & Elden LLC, files this motion for leave to file an amended complaint and for an extension of time to file briefs regarding mootness, class certification and the motion to dismiss filed by Calumet City, Illinois ("City"). Below, we first discuss relevant procedural history. We then briefly respond to City's mootness arguments, explain why it is most prudent to add an additional plaintiff and request that the Court set a new schedule for briefing mootness, class certification and City's Motion to Dismiss.

<u>Relevant Procedural History</u>

1. On October 31, 2007, Walker filed her suit seeking, among other things, a declaration that City's Point of Sale Inspection Ordinance (the "Ordinance"), is facially unconstitutional. On the same date, Walker also filed a motion for a Preliminary Injunction seeking to enjoin enforcement of the Ordinance. The Court has yet to consider the motion for

Preliminary Injunction because City has represented to the Court that it will not enforce the Ordinance until the Court addresses whether the amended Ordinance is constitutional.

2. On November 12, 2007, Walker amended her complaint to assert it as a class action. On November 17, 2007, Walker filed a motion for class certification. Since that filing, City has consistently delayed the case and the Court's consideration of class certification. Indeed, even though Walker filed her class certification motion more than 5 months ago, at City's request, the Court deferred considering the motion.

3. In January 2008, City amended its Ordinance. In light of the amendment, the Court ordered Walker to file an amended complaint to address the new ordinance. Walker complied and filed her second amended complaint on March 4, 2008. City continued to refuse to take a position on class certification. Consequently, on March 5, 2008, Walker filed a motion to compel City to take a position on class certification. In response, the Court ordered a new briefing schedule. Walker filed her amended motion for class certification on April 2, 2008.

<u>City's Mootness Arguments</u>

4. Instead of responding on the merits of class certification, City instead attempted to moot Walker's claim and/or otherwise take action that would render Walker an inadequate class representative. For example, City selectively stated it would not enforce the Ordinance against Walker because in February 2008 Walker passed an inspection under a separate ordinance applicable to rental dwellings in City. City's conduct is unprecedented and not allowed by the Ordinance. Indeed, ever since City's ordinances have been on the books, each and every rental property in City has had to pass an annual inspection under a rental dwelling inspection ordinance in order for the landlord to be able to rent the property. If an owner of rental property in City wanted to sell the property, however, the property owner also

had to pass a point of sale inspection under the Ordinance even if it had just passed a rental dwelling inspection the previous week or month. Thus for every multi-family rental dwelling in the City – except for Walker's property – an owner must pass a point of sale inspection ordinance if she wants to sell regardless of whether she has recently passed a rental inspection.

5.  City has also taken the position that it "certified" that Walker's property is legal nonconforming thus mooting her claim. City is wrong. In Counts I and II of her complaint, Walker facially challenges the Ordinance on the grounds that it unreasonably restrains the right to freely sell property and because it lacks due process. Those constitutional flaws exist with respect to all property in City – regardless of whether the property is conforming or legal nonconforming. Thus, City's one-time certification of Walker's property as "legal nonconforming" has no impact whatsoever on her standing to assert the first two counts in her complaint.

6.  Similarly, City's "certification" of Walker's property of legal nonconforming has no adverse impact on her standing to press her Count III. Indeed, it does just the opposite – it establishes that she is an ideal class representative to pursue the claim. Despite City's professed confusion over Count III, it is straightforward. Count III alleges that, as respects the sale of legal nonconforming property, City unconstitutionally interferes with the sale of property by uniformly refusing to issue re-build letters requested by prospective lenders that state that, in compliance with the Zoning Code, legal nonconforming property can be rebuilt if it is damaged by less than 50%.[1] There can be no question that such is the City's policy as its preprinted forms state in italicized text that it will not issue such letters. In the absence of such a letter, lenders refuse to loan money to buyers resulting in owners of legal nonconforming

---

[1] Contrary to City's statements, Walker is not challenging the provisions of the Zoning Code that provide that legal nonconforming property cannot be rebuilt if it is damaged by more than 50%. Instead, Walker is challenging City's uniform refusal to issue re-build letters.

property not being able to sell their property to any buyer requiring a loan to finance the purchase. Thus, in order to have standing to challenge City's refusal to issue re-build letters, a plaintiff would necessarily have to own legal nonconforming property. Thus, contrary to City's argument, the fact that City has "certified" Walker's property as legal nonconforming does not render her claim moot. To the contrary, City's certification has established a necessary prerequisite to Walker's ability to pursue Count III, namely that she does in fact own legal nonconforming property and thus is damaged by City's refusal to issue re-build letters. City's "promise" to not require a point of sale inspection also has no bearing on Walker's standing to pursue Count III. Even if Walker does not have to pass a point of sale inspection, if City refuses to issue a re-build letter once Walker finds a buyer – as its forms provide – Walker will be effectively prohibited from selling her property unless she deconverts.

<div align="center">Additional Plaintiffs</div>

7.  For these and other reasons,[2] Walker contends that City's recent conduct does not adversely affect her ability to act as class representative. However, Walker also believes that the most prudent way to proceed is to add an additional plaintiff that could prosecute this action in the event the Court disagrees with Walker's position. Thus, Walker respectfully requests that the Court grant her and an additional plaintiff, Nick Salinske, leave to file an amended complaint. Mr. Salinske owns property in City that is listed for sale. Consequently, he is subject to the Ordinance and can also serve as a class representative. A proposed third amended complaint is attached hereto as Exhibit 1.

---

[2] In this submission, Walker has not developed all of the arguments regarding why City's conduct does not moot Walker's claim and/or make her an inadequate class representative. Walker has requested an extension of the briefing schedule to more fully address mootness issues and will explain additional reasons why City's conduct has no adverse impact on her ability to serve as class representative.

8.      In addition to Mr. Salinske, Walker can inform the Court that two other property owners, Debra Houston and Hussein Mann, will also seek to become plaintiffs challenging the (recently amended) Ordinance. The Court is familiar with Ms. Houston and Mr. Mann because they own property in the City at 514 Forsythe. During the pendency of the litigation filed by the Realtor Association, City interfered with the sale of their property in violation of the Court's injunction. The Court ordered that City compensate Houston and Mann for their damages but City has refused to do so. As a result, Houston and Mann filed their own lawsuit challenging the Ordinance which was assigned to Judge Coar. Walker and the Realtor Association intervened in that case and filed a motion to stay, which Judge Coar granted. Concurrent with this motion, Walker has also filed a motion to transfer the Houston/Mann litigation to this Court on relatedness grounds. If granted, Walker is informed that Houston and Mann will promptly file a motion to lift the stay so that they can file an amended complaint challenging the Ordinance and City's refusal to compensate them for their damages caused by City's previous interference with the sale of their property.

Extension of Briefing Schedule

9.      If the Court grants Walker and Salinske leave to file an amended complaint and/or grants the motion to transfer the Houston/Mann litigation, this case will have undergone significant procedural changes that affect mootness and class certification. Consequently, Walker requests that the Court first rule on these motions before requiring additional briefing on class certification, mootness and City's motion to dismiss.

10.     In all events, even if the Court denies the motion for leave to file an amended complaint and/or the motion to transfer the Houston/Mann litigation, Walker requests an extension of time to respond to City's position on mootness and class certification as well as

5

City's motion to dismiss. In addition to addressing the many issues raised by City, Walker's counsel is also facing a very tight deadline to file a reply brief in the United States Supreme Court supporting Realtor Association's petition for a writ of certiorari. To date, counsel has not yet received City's response to the writ petition. The reply, however, must be sent to the Supreme Court by May 9.

Dated: May 1, 2008                                    Respectfully submitted,

**AYANNA WALKER FOR HERSELF AND
ALL OTHERS SIMILARLY SITUATED**


By:    /s/ Patrick T. Nash
      One of Their Attorneys

Philip C. Stahl
Patrick T. Nash
Donald P. Bunnin
Maggie M. Hanel
GRIPPO & ELDEN LLC
111 South Wacker Drive
Chicago, IL 60606
Phone: (312) 704-7700
Fax: (312) 558-1195

6

149826v1

## CERTIFICATE OF SERVICE

I, Patrick T. Nash, an attorney, hereby certify that on May 1, 2008, I caused the foregoing **MOTION FOR LEAVE TO FILE AMENDED COMPLAINT TO ADD A NEW PLAINTIFF AND FOR EXTENSION OF TIME TO FILE BRIEFS REGARDING MOOTNESS, CLASS CERTIFICATION AND MOTION TO DISMISS** to be served by Electronic Mail Transmission via the ECF System, and by Electronic Mail upon:

<div style="columns:2">

John B. Murphy
ROSENTHAL MURPHEY & COBLENTZ
30 North LaSalle Street
Suite 1624
Chicago, Illinois 60602
jmurphey@mcj.com

Mark H. Sterk
ODELSON & STERK, LTD.
3318 West 95th Street
Evergreen Park, Illinois 60805
msterk@odelsonsterk.com

</div>

/s/ Patrick T. Nash
Patrick T. Nash

149826v1