IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AYANNA WALKER, for herself and all others similarly situated, | ) ) ) |
| *Plaintiffs,* | ) Case No. 07 C 6148 ) |
| v. | ) ) Judge Milton I. Shadur |
| CALUMET CITY, ILLINOIS, | ) ) |
| *Defendant.* | ) |

### PLAINTIFF AYANNA WALKER'S MOTION TO REASSIGN RELATED CASE UNDER LOCAL RULE 40.4

Pursuant to Local Rule 40.4, Plaintiff Ayanna Walker ("Walker") respectfully requests that this Court reassign another case pending in this District, captioned *Hussein H. Mann and Debra Houston-Mann v. Calumet City, Illinois*, Case No. 08-cv-555 (the "Mann Action"), to this Court. A copy of the Complaint in the Mann Action, without Exhibits, is attached hereto as Exhibit A. **The Plaintiffs in the Mann Action consent to the reassignment of the Mann Action to this Court and join in this motion.**

In support of this motion, Walker states as follows:

1.  On January 25, 2008, Hussein H. Mann and Debra Houston-Mann (the "Manns") filed the Mann Action complaint in the United States District Court for the Northern District of Illinois, Eastern Division. *See* Exhibit A. The Mann Action has been assigned to Judge Coar.

2.  On March 26, 2008, Mainstreet Organization of Realtors® ("Association") and Walker's motion to intervene in the Mann Action was granted by Judge Coar. *See* Exhibit B.

149821v1

3. On March 31, 2008, Judge Coar granted Association and Walker's motion to stay the Mann Action pending this Court's ruling on whether to preliminarily enjoin Defendant Calumet City, Illinois's ("City") Point of Sale Inspection Ordinance ("POS Inspection Ordinance"). *See* Exhibit B.

4. Pursuant to Local Rule 40.4, the Mann Action should be reassigned to this Court.

5. This action and the Mann Action involve many of the same issues of fact or law. *See* Local Rule 40.4(a)(2). The predominant issues in both lawsuits are (1) whether the POS Inspection Ordinance is unconstitutional because it unreasonably and unconstitutionally restrains property owners' right to sell their property without due process of law, and (2) whether the POS Inspection Ordinance is unconstitutional because it takes the right to transfer without providing due process.

6. Both this case and the Mann Action are pending in the United States District Court for the Northern District of Illinois, Eastern Division. *See* Local Rule 40.4(b)(1).

7. The handling of this action and the Mann Action by this Court is likely to result in a substantial saving of judicial time and effort. *See* Local Rule 40.4(b)(2). By this motion, Walker seeks to avoid concurrent litigation in more than one federal forum. As a matter of judicial economy, the Mann Action should be reassigned to this Court. Walker not only filed her claim several months before the Mann Action was filed, but this Court is intimately familiar with the issues because it has been presiding over related litigation for approximately two years.

8. Neither this action nor the Mann Action have progressed to the point where reassigning the Mann Action would be likely to delay the proceedings in the Mann Action. *See* Local Rule 40.4(b)(3). City has not filed a responsive pleading to the complaint in

the Mann Action. Here, the Court has pending before it Walker's motion for preliminary injunction and motion for class certification, as well as City's motion to dismiss. The Mann Action has been stayed pending this Court's determination of whether City's POS Inspection Ordinance should be enjoined.

9.   Both this action and the Mann Action are susceptible of disposition in a single proceeding. *See* Local Rule 40.4(b)(4). Given the commonality of issues and requested relief, there is no danger of a need for multiple proceedings.

10.   It is Walker's understanding that, if the Court grants this motion to reassign, the Manns will file a motion to lift the stay entered by Judge Coar on March 31, 2008, and promptly file an amended complaint, pursuant to Fed. R. Civ. P. 15(a)(1)(A), given that City has not served a responsive pleading.

WHEREFORE, Walker respectfully requests that this Court enter an order reassigning *Hussein H. Mann and Debra Houston-Mann v. Calumet City, Illinois*, Case No. 08-cv-555, to this Court and providing for such additional relief as the Court deems appropriate.

May 1, 2008                                Respectfully submitted,

                                                              **AYANNA WALKER**

Philip C. Stahl                              By:     /s/ Patrick T. Nash
Patrick T. Nash                                      One of her Attorneys
Donald P. Bunnin
Maggie M. Hanel
GRIPPO & ELDEN LLC
111 South Wacker Drive
Chicago, Illinois  60606
(312) 704-7700

## CERTIFICATE OF SERVICE

I, Patrick T. Nash, certify that on this 1st day of May, 2008, I served the foregoing **PLAINTIFF AYANNA WALKER'S MOTION TO REASSIGN RELATED CASE UNDER LOCAL RULE 40.4** to the following by Electronic Mail Transmission via the ECF System upon:

>Mark H. Sterk
>ODELSON & STERK, LTD.
>3318 West 95th Street
>Evergreen Park, Illinois  60805
>
>John B. Murphey
>ROSENTHAL, MURPHEY & COBLENTZ
>30 North LaSalle Street
>Suite 1624
>Chicago, IL  60602

And by Electronic Mail on:

>Marcia B. Gevers
>MARCIA B. GEVERS & ASSOCIATES
>19710 Governors Highway, Suite 8
>Flossmoor, IL 60422
>Counsel for Hussein H. Mann and Debra Houston-Mann

>/s/ Patrick T. Nash
>Patrick T. Nash

149821v1