IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

AYANNA WALKER, for herself and all )
others similarly situated, )
)                    Case No. 07 C 6148
*Plaintiffs,* )
)                    Judge Milton I. Shadur
v. )
)
)
CALUMET CITY, ILLINOIS, )
)
)
*Defendant.* )

## MEMORANDUM IN SUPPORT OF ENTRY OF ORDER
## THAT GRANTS PLAINTIFF PERMANENT RELIEF

Plaintiff Ayanna Walker ("Walker") submits this memorandum in connection with the order that the Court should enter in connection with its determination that Walker's claims are moot. Walker requests that the Court enter the order attached as Exhibit A. Such order grants Walker the permanent relief that is necessary if her claims are, in fact, moot. The order also provides Walker protection in the event Defendant Calumet City ("City") reneges on the concessions it made to moot her claims. In support of her request, Walker states as follows:

1.     City recently told the Court that it (a) would not enforce its Point of Sale Inspection Ordinance against Walker, and (b) had "certified" that Walker's property is legal nonconforming. On the basis of City's statements, on May 6, 2008, the Court orally ruled that Walker's claims are moot. The Court requested that City prepare a draft order. City circulated the proposed form of order attached as Exhibit B. City's proposed order does not accurately reflect the Court's rulings because, among other things, it does not include any permanent relief for Walker regarding City's "concessions" regarding her property. Without such permanent

relief, and a court order protecting Walker's property rights, Walker's claims are not moot and Walker is not protected from City reneging on its concessions after Walker's suit is dismissed.

2.    In circumstances such as is presented here, a case becomes moot only if the plaintiff obtains <u>all</u> of the relief she sought in her suit. *Laskowski v. Spellings*, 443 F.3d 930 (7th Cir. 2006) (even if some claims become moot, the entire case cannot be dismissed as moot if "meaningful relief" can be granted); *NLRB v. Pfizer, Inc.*, 763 F.2d 887, 888 n.1 (7th Cir. 1985) (case is not moot if award does not give litigant all the relief he sought); *Lowe v. Duckworth*, 663 F.2d 42 (7th Cir. 1981) (case should be dismissed as moot only "[w]hen all the relief sought has been obtained"). Thus, to dismiss Walker's claims as moot, the Court's order must grant Walker all of the relief she sought in her suit.

3.    Instead of entering the order requested by City, Walker requests that the Court enter the proposed order attached as Exhibit A, which contains limited, but permanent, relief in favor of Walker. There are compelling reasons for including permanent relief in the order. This is not a situation where Walker's claims became moot because City amended its Point of Sale Inspection Ordinance. Rather, Walker's claims became moot because City decided not to enforce the Point of Sale Inspection Ordinance against Walker. Because the Point of Sale Inspection Ordinance remains on the books, it is critical that City's concessions be contained in an order because, absent an order, nothing would prevent City from revoking its concessions after Walker's claims are dismissed. Case law is clear that, absent permanent relief, Walker's claims are not moot. *Horina v. City of Granite City, Illinois*, No. 05-cv-0079, 2005 U.S. Dist. LEXIS 36386, at *11-12 (S.D. Ill. Aug. 29, 2005) ("defendant cannot moot a claim simply by voluntarily ceasing behavior when it is free to resume that behavior at any time"); *Sefick v. Gardner*, 164 F.3d 370, 372 (7th Cir. 1998) (a current policy, adopted after the commencement

2

of the lawsuit, that was not implemented by statute or regulation and could be changed again, is a voluntary cessation of the challenged conduct that does not eliminate the controversy).

4.    In Walker's case, City may simply refuse to issue transfer stamps, resulting in Walker not only not getting the benefit of City's concessions, but also having no immediately available remedy.  The Court may recall that, in the Realtor Association case, City's file regarding the property owned by Debra Houston (at 514 Forsythe) plainly showed that it was "legal nonconforming."  When Houston tried to close the sale of her property, City refused to issue transfer stamps and there was no closing of the sale.  When the Realtor Association filed a contempt motion against City for violating this Court's injunction regarding the sale of Houston's property, City took the position that the notation in Houston's property file  that the property was "legal nonconforming" did not actually mean that City would so treat the property.  Of course, nothing prevents City from taking the same position regarding Walker's property.  City's personnel violated the preliminary injunction despite repeated advice and directions from counsel.  It is unthinkable that Walker would have to rely on City's "concessions" without an order that can be enforced.

5.    In addition, if City acts improperly in the future despite its concessions (*e.g.*, by refusing to issue transfer stamps), if permanent relief is not included in the Court's order, Walker will have no process by which to obtain prompt relief.  If Walker is required to file a new lawsuit, it could take weeks to even get a hearing.  City would undoubtedly assert lack of federal jurisdiction (*i.e.*, because the claim is for breach of City's unilateral promise to not enforce its Point of Sale Inspection Ordinance against Walker and there is no diversity jurisdiction).  Permanent relief is thus necessary so that City is at risk for a contempt finding if it reneges on its concessions in the future.  By providing permanent relief in the order, Walker

3

would have a procedure to obtain immediate and expedited relief if City acts improperly (as it did regarding Houston's property).

6.     City, of course, should have no objection to such permanent relief being contained in the order if it truly intends to not enforce the Point of Sale Inspection Ordinance against Walker and truly intends to forever "certify" that her property is legal nonconforming. If, on the other hand, City does not so intend, Walker's claims are not moot.

7.     City's proposed form of order also fails to address the relief Walker sought under Count III of her complaint. In that Count, Walker sought an injunction requiring City to issue a "re-build" letter (*i.e.*, a letter stating that Walker's property can be re-built as legal nonconforming property in the event it is damaged by less than 50%) in connection with any proposed sale of Walker's property. Walker's proposed Third Amended Complaint also sought an injunction requiring City to provide lenders, potential buyers and other entities confirmation that Walker's property is legal nonconforming and/or that all four units of her property may be leased. By asserting Walker's claims are moot, City must also necessarily agree that Walker is entitled to relief in connection with these claims. If City disputes that Walker is entitled to such relief, her suit is not moot. *See* cases cited in ¶2, above.

8.     Finally, by virtue of the permanent relief that Walker has obtained in this litigation as respects her property, she is entitled to an award of attorneys' fees and expenses pursuant to 42 U.S.C. § 1988.

4

150747v1

9.      For the reasons set forth above, Walker requests that the Court enter the

proposed order attached as Exhibit A.

DATED:  May 13, 2008

Respectfully submitted,

**AYANNA WALKER**

Philip C. Stahl
Patrick T. Nash
Donald P. Bunnin
GRIPPO & ELDEN LLC
111 South Wacker Drive
Chicago, IL 60606
Phone: (312) 704-7700
Fax: (312) 558-1195

By: /s/ Patrick T. Nash
        One of Her Attorneys

150747v1

## CERTIFICATE OF SERVICE

I, Patrick T. Nash, certify that on this 13th day of May, 2008, I served the

foregoing **MEMORANDUM IN SUPPORT OF ENTRY OF ORDER THAT GRANTS**

**PLAINTIFF PERMANENT RELIEF** to the following by Electronic Mail Transmission via

the ECF System upon:

Mark H. Sterk
ODELSON & STERK, LTD.
3318 West 95th Street
Evergreen Park, IL  60805


John B. Murphey
ROSENTHAL, MURPHEY & COBLENTZ
30 North LaSalle Street
Suite 1624
Chicago, IL  60602


/s/ Patrick T. Nash
Patrick T. Nash

Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| AYANNA WALKER, | ) | |
| Plaintiff, | ) | Case No. 07C 6148 |
| vs. | ) | |
| | ) | Judge Milton I. Shadur |
| CALUMET CITY, ILLINOIS | ) | Magistrate Judge Valdez |
| Defendant. | ) | |

## FINAL ORDER TERMINATING SUIT

This matter comes before the Court on (1) the Motion of plaintiff Ayanna Walker ("Walker") for Leave to File Amended Complaint to Add a New Plaintiff and for Extension of Time to File Briefs Regarding Mootness, Class Certification and Motion to Dismiss, and (2) Walker's Motion to Reassign Related Case Under Local Rule 40.4. The Court has also reviewed defendant City of Calumet City's ("City") memorandum on mootness and class certification issues. The Court is also aware of the pendency of <u>Mann, et al v. Calumet City</u>, No. 08 C 555 which is currently pending before Judge Coar. It is hereby ORDERED:

1. For the reasons set forth in Paragraph 3 below, Walker's Motion for Leave to File Amended Complaint to Add a New Plaintiff and for Extension of Time to File Briefs Regarding Mootness, Class Certification and Motion to Dismiss is denied.

2. For the reasons set forth in Paragraph 3 below, Walker's Motion to Reassign Related Case Under Local Rule 40.4 is denied. The related case, <u>Mann, et al v. Calumet City</u>, No. 08 C 555, shall remain pending before Judge Coar.

3. Based on City's statements supporting its position that Walker's claims are moot, including that (a) Walker's property located at 521-23 Greenbay Avenue in City does not need to pass a point of sale inspection in order for her to sell her property and that City will not otherwise enforce its Point of Sale Ordinance against Walker, and (b) City has certified that Walker's property located at 521-23 Greenbay Avenue in City is legal nonconforming, the Court finds that Walker's claims in this action are moot.

4. City is permanently enjoined from (a) enforcing its Point of Sale Inspection Ordinance with respect to property located at 521-23 Greenbay Avenue, and (b)

150592v1

prohibiting the sale of 521-23 Greenbay Avenue or refusing to issue transfer stamps in the absence of a point of sale inspection and/or issuance of a "Certificate of Compliance."

5. City's certification that Walker's property located at 521-23 Greenbay Avenue is legal nonconforming applies to the property in perpetuity as long as the property is not substantially modified.

6. Based on paragraphs 3-5 above and pursuant to Walker's additional claims for relief, City is permanently enjoined from refusing to (a) issue a re-build letter (*i.e.*, a letter stating that the property can be re-built as legal nonconforming property in the event it is damaged by less than 50%) in connection with any proposed sale of Walker's property located at 521-23 Greenbay Avenue in City, and (ii) provide confirmation to lenders, potential buyers or other entities that Walker's property located at 521-23 Greenbay Avenue in City is legal nonconforming and/or that all four units of her property may be leased.

7. Because Walker has succeeded in obtaining the permanent relief she sought in her suit as respects her property, the Court awards Walker her attorneys' fees and expenses pursuant to 42 U.S.C. § 1988. Walker shall submit her fee petition pursuant to Local Rule 54.3.

8. Nothing in this Order should be viewed as limiting the rights of any other City homeowner to seek intervention in the Mann action and/or to file a new lawsuit challenging the constitutionality of City's Point of Sale Inspection Ordinance or its alleged failure to issue re-build letters and/or confirmations that property is legal nonconforming in connection with the sale of legal nonconforming property.

Dated: May __, 2008                    Enter:


                                       _____
                                       Judge Milton I. Shadur


2

Exhibit B

DEFENDANT'S PROPOSED ORDER

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| AYANNA WALKER, | ) | |
| | ) | Case No. 07C 6148 |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | Judge Milton I. Shadur |
| CALUMET CITY, ILLINOIS | ) | Magistrate Judge Valdez |
| Defendant. | ) | |

## FINAL ORDER OF DISMISSAL

This matter comes before the Court on (1) the Motion of plaintiff Ayanna Walker ("Walker") for Leave to File Amended Complaint to Add a New Plaintiff and for Extension of Time to File Briefs Regarding Mootness, Class Certification and Motion to Dismiss, and (2) Walker's Motion to Reassign Related Case Under Local Rule 40.4. The Court has also reviewed defendant City of Calumet City's ("City") memorandum on mootness and class certification issues. The Court is also aware of the pendency of Mann, et al v. Calumet City, No. 08 C 555 which is currently pending before Judge Coar. It is hereby ORDERED:

1. For the reasons set forth in Paragraph 3 below, Walker's Motion for Leave to File Amended Complaint to Add a New Plaintiff and for Extension of Time to File Briefs Regarding Mootness, Class Certification and Motion to Dismiss is denied.

2. For the reasons set forth in Paragraph 3 below, Walker's Motion to Reassign Related Case Under Local Rule 40.4 is denied. The related case, Mann, et al v. Calumet City, No. 08 C 555, shall remain pending before Judge Coar.

3. The Court has reviewed the City's submissions supporting its position that Walker's claims are moot, and finds that (because Walker has already submitted the property located at 521-23 Greenbay Avenue to a Rental Inspection Ordinance, and has corrected all identified Code violations in accordance with the terms thereof, she does not need to pass a redundant point of sale inspection in order for her to sell her property and that City will not otherwise enforce its Point of Sale Ordinance against Walker. The Court also finds that as part of the same rental inspection City has

150592v1

certified that Walker's property located at 521-23 Greenbay Avenue in City is a legal nonconforming use under the City's Zoning Ordinance.

4.     Based on these findings, the Court finds that Walker's claims in this action are moot.

5.     This action is dismissed without prejudice. Nothing in this Order should be viewed as limiting the rights of any other City homeowner to seek intervention in the <u>Mann</u> action and/or to file a new lawsuit challenging the constitutionality of City's Point of Sale Inspection Ordinance or its alleged failure to issue re-build letters and/or confirmations that property is legal nonconforming in connection with the sale of legal nonconforming property.

Dated: May 6, 2008            Enter:

_____

Judge Milton I. Shadur

2

150592v1