IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| AYANNA WALKER, | ) | |
| Plaintiff, | ) | Case No. 07C 6148 |
| vs. | ) | |
| | ) | Judge Milton I. Shadur |
| CALUMET CITY, ILLINOIS, | ) | Magistrate Judge Valdez |
| Defendant. | ) | |

## CITY'S RESPONSE TO PLAINTIFF'S MEMORANDUM AND LETTER TO COURT

The City of Calumet City ("City") opposes the relief sought in Walker's "Memorandum in Support of Entry of Order that Grants Plaintiff Permanent Relief." This Court should also decline the proposal set forth in Attorney Nash's letter communication to this Court on May 13, 2008. In support of this Response the City states:

1. With respect to the Memorandum, this Court should not grant the relief proposed. The thrust of this Court's ruling is that the <u>independent intervening events</u> of (1) Walker submitting herself to an annual rental inspection; (2) Walker completing all necessary repair work on the Subject Property; (3) Walker obtaining a Certificate of Compliance; and (4) Walker obtaining a certification as to legal nonconforming use moots her challenge to the City's Amended Point of Sale Inspection Ordinance. The efforts of plaintiff's attorney had nothing to do with these independent intervening events.

2. This Court's dismissal order had nothing to do with the granting of any sort of injunctive relief. Walker's proposal for an entry of an injunctive order is nothing more than a ploy by Walker in an effort to open the door for Section 1988 attorneys fees.

3. The mooting of Walker's claim by virtue of these independent intervening events means there is no case or controversy between the parties. Absent a case or controversy, this Court has no jurisdiction to enter any sort of after-the-fact order granting plaintiff any relief. The

same considerations that caused this Court to dismiss this action should cause this Court to deny plaintiff's strategic fee request.

4. As to the letter request that the City not enforce the amended Point of Sale Ordinance pending ruling by Judge Coar, the City respectfully submits that this is no longer a matter within this Court's purview. The appropriate way of addressing this matter is, first, by way of a request to the other side (a practice not yet evidenced by counsel in the two years this matter has been proceeding), then by way of an appropriate motion before a court having jurisdiction of the subject matter and the parties.

Accordingly, both the request in the Memorandum and the request in the letter should be denied.

> City of Calumet City
>
> By: /s/ John B. Murphey

JOHN B. MURPHEY/ARDC #1992635
Rosenthal, Murphey & Coblentz
30 North LaSalle Street, Suite 1624
Chicago, Illinois 60602
Tel. (312) 541-1070
Fax (312) 541-9191

MARK STERK/ARDC #3125540
Odelson & Sterk, Ltd.
3318 West 95th Street
Evergreen Park, Illinois 60805
Tel. (708) 424-5678
Fax (708) 424-5829

G:\rmcj\Calumet City\Walker\City's Respone to Mem & letter to court.doc

**CERTIFICATE OF SERVICE**

      I hereby certify that on May 14, 2008, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of said filing to all parties listed below:

| | |
|---|---|
| Philip C. Stahl | Mark H. Sterk |
| Maggie M. Hanel | Michael Joseph Hayes, Jr. |
| Patrick Thomas Nash | Robert Wilder |
| Grippo & Elden | Richard F. Bruen, Jr. |
| 111 South Wacker Drive | Odelson & Sterk |
| Chicago, Illinois 60606 | 3318 W. 95th St. |
| | Evergreen Park, Ill. 60805 |

      /s/   Douglas M. Doty
ROSENTHAL, MURPHEY & COBLENTZ
Attorneys for Calumet City
30 North LaSalle Street, Suite 1624
Chicago, Illinois 60602
Tel. (312) 541-1070
Fax: (312) 541-9191