

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| AYANNA WALKER, | ) | |
| Plaintiff, | ) | Case No. 07C 6148 |
| vs. | ) | |
| | ) | Judge Milton I. Shadur |
| CALUMET CITY, ILLINOIS | ) | Magistrate Judge Valdez |
| Defendant. | ) | |

### FINAL ORDER OF DISMISSAL

This matter comes before the Court on (1) the Motion of plaintiff Ayanna Walker ("Walker") for Leave to File Amended Complaint to Add a New Plaintiff and for Extension of Time to File Briefs Regarding Mootness, Class Certification and Motion to Dismiss, and (2) Walker's Motion to Reassign Related Case Under Local Rule 40.4. The Court has also reviewed defendant City of Calumet City's ("City") memorandum on mootness and class certification issues. The Court is also aware of the pendency of Mann, et al v. Calumet City, No. 08 C 555 which is currently pending before Judge Coar. It is hereby ORDERED:

1. For the reasons set forth in Paragraph 3 below, Walker's Motion for Leave to File Amended Complaint to Add a New Plaintiff and for Extension of Time to File Briefs Regarding Mootness, Class Certification and Motion to Dismiss is denied.

2. For the reasons set forth in Paragraph 3 below, Walker's Motion to Reassign Related Case Under Local Rule 40.4 is denied. The related case, Mann, et al v. Calumet City, No. 08 C 555, shall remain pending before Judge Coar.

3. The Court bases its decision that Walker's claim are moot on the following representations made by City: (a) because Walker has already submitted the property located at 521-23 Greenbay Avenue (the "Subject Property") to an annual inspection under the City's Rental Dwelling Inspection Ordinance, and has corrected all identified Code violations in accordance with the terms thereof, Walker does not need to pass a redundant point-of-sale inspection in order for her to sell the Subject Property; (b) City will not otherwise enforce its Point of Sale Inspection Ordinance

150592v2

(other than the payment of the transfer tax itself) as to the Subject Property; (c) City will issue transfer stamps and/or a Certificate of Compliance upon payment of the transfer tax in connection with the transfer of the Subject Property;and (d) City has certified that the Subject Property is a legal nonconforming use under City's Zoning Ordinance, a status which runs with the land,and is subject to loss or elimination only for the reasons set forth in Section V of the Calumet City Zoning Ordinance, "Nonconforming Buildings and Uses," as that Ordinance currently exists.

4. Based on the representations made by City, as summarized in Paragraph 3, the Court finds that Walker's claims in this action are moot.

5. Nothing in this Order should be viewed as limiting the rights of any other City homeowner to seek intervention in the Mann action and/or to file a new lawsuit challenging the constitutionality of City's Point of Sale Inspection Ordinance or its alleged failure to issue re-build letters and/or confirmations that property is legal nonconforming in connection with the sale of legal nonconforming property. In addition, entry of this Order is without prejudice to Walker's right to file a motion to recover her attorney's fees and costs pursuant to 42 U.S.C. §1988 or City's right to oppose any such motion.

6. The City through its attorney shall cause a copy of this Order to be recorded in the Office of the Cook County Recorder of Deeds, and forward a stamped copy of the recorded document to Walker's attorney.

Dated: May 22, 2008    Enter:

    *[signature]*
    Judge Milton I. Shadur