1

```
           IN THE UNITED STATES DISTRICT COURT
               NORTHERN DISTRICT OF ILLINOIS
                      EASTERN DIVISION


AYANNA WALKER,                         ) DOCKET NO. 07 C 6148
                                       )
                         Plaintiff,)
                                       )
    vs.                                )
                                       )
CALUMET CITY, ILLINOIS                 ) Chicago, Illinois
                                       ) May 6, 2008
                         Defendant.) 9:00 o'clock a.m.



       TRANSCRIPT OF PROCEEDINGS BEFORE THE HONORABLE
                  MILTON I. SHADUR, Judge

APPEARANCES:

For the Plaintiff:
                    MR. PATRICK T. NASH



For the Defendant:
                    MR. JOHN B. MURPHEY and
                    MR. MARK STERK


                       JESSE ANDREWS
       Official Court Reporter - U. S. District Court
                   219 S. Dearborn Street
                    Chicago, Illinois  60604
                       (312) 435-6899


            *    *    *    *    *    *
```

2

1        THE CLERK:  07 C 6148, Walker vs. Calumet city.
2        MR. HASH:  Good morning, your Honor.  Patrick Nash
3 on behalf of the plaintiff.
4        MR. STERK:  Good morning, your Honor.  Mark Sterk,
5 S-T-E-R-K, on behalf of the defendant, City of Calumet City.
6        MR. MURPHEY:  John Murphey, also for the City.
7        THE COURT:  Good morning.
8        Well, I have gotten this in the form of a motion
9 seeking leave to file an Amended Complaint, add a new
10 plaintiff, and the extension of time to file briefs about
11 mootness and class certification, and a motion to dismiss.
12 And then a motion for reassignment of the related case under
13 40.4.  And as I read it, it strikes me that that's sort of a
14 bootstrapping operation.
15        Let me just explain that.  You know when I got this
16 motion because one of the exceptions to prohibition against ex
17 parte communications is that Judge-to-Judge communications are
18 permitted.  I spoke to Judge Coar and said, "You know, you
19 have gotten under our random assignment system a newly-filed
20 case that involves much the same issues, although some
21 material differences in terms of the plaintiffs from the one
22 that I have been living with for some period of time."  And I
23 asked him what might his preferences be.
24        Although I know that it's proper to bring the motion
25 before the judge with the lowered-umbered case, just a little

3

1  bit of history about Rule 40.4, which is our reassignment on
2  relatedness ground.  You know as I explain often the condition
3  of 40.4(a) are comparatively easy -- that is, the definition
4  of relatedness.  All you have to satisfy is any one of those
5  four conditions, and several of them are really easy to
6  satisfy.  What is tougher in 40.4(b), the idea of conditions
7  of reassignment based on relatedness because that's stated in
8  the conjunctive, not the disjunctive.  It means ail four
9  things have to be satisfied.
10          Historically we had one case some time ago that I
11 remember very vividly because I had the case.  And there had
12 been a case before my good friend and colleague Judge Norgle,
13 which was on appeal.  And the Court of Appeals in its infinite
14 wisdom said, "Well, the requirement that both cases be pending
15 is satisfied," because one of them is pending in the Court of
16 Appeals and one of them pending in the District Court.  An
17 obvious reflection of a lack of understanding of what our
18 random system is about.  And as a result, my careful
19 distinction of the Norgle case was met with a statement by
20 Court of Appeals, "Why don't these people know what they ought
21 to be doing in terms of having the cases handled by the same
22 Judge."  They think that it's easy to manage calendars the way
23 they do in which they have got a lot of flexibility along
24 those lines.
25          We promptly amended our 40.4(b)(1) to say "both

4

cases are pending in this court." And so far we haven't had any reverberation. Although every once in a while the Court of Appeals comes out with one of these statements, "We don't understand why." Sort of like "Why is the district judge a specialist so that everything that involves this issue goes to the same district judge?"

And my reason for starting this way is this: I have expressed myself I think in the past as being very much concerned as to whether under all of the circumstances Ms. Walker really has a live case. And I've indicated that I thought that the issues of mootness were really very difficult, very troublesome. And the idea of saying "Well, there has been an assignment on our computerized random system," which we guard very jealously, but it's about to be modified so that the case ends up in front of me, because I have history on this one, is not really the factor that we have historically in our district court viewed as compelling.

My tendency, very candidly, is it's desired to expand the new case in a way that picks up the issues that apparently would be clearly live in that case, the place to do it is there and not here. And I had unwisely I guess volunteered that if it's Judge Coar's decision to retain the case, as he has the right to do, and if he think that he needs some background information, I will be glad to furnish it.

So I will tell you right now I am not prepared to

5

ask the Executive Committee to reassign the newly-filed case here. And I believe that given the fact that as I read it the plaintiff in that new case, although you may want to massage the Complaint in an appropriate way to pick up all of the issues, represents a life controversy, whereas I am not so sure about Ms. Walker's situation. I think the way to deal with that is to amend the thing there and leave the case before Judge Coar. As I say I will be perfectly willing to volunteer if he wants to ask me anything about what happened on this one historically. So that's where I am on this motion.

    And now Mr. Nash, anything that you want to add?

    MR. HASH: Right.

    Well, I guess first I am only talking right now about the motion to reassign the Walker case to you. We will talk about our motion for leave to file a new complaint later. That's a separate matter with different plaintiffs, and does not involve Walker at all -- or does not involve Houston and the case before Judge Coar.

    THE COURT: When you talk about "new plaintiffs," you know I really don't want to separate those. Because what I have said is that if you think that it is appropriate to be adding new plaintiffs to be doing things that would fairly permit you to present all of the issues as live issues, that the way to do it is with a case that we clearly know is a

6

1  viable case.  And that's the one that's the newly-filed one.
2          MR. HASH:  Well, your Honor, let me first address
3  our motion for leave to file a new complaint in this case.
4  That has nothing to do with the case before Judge Coar.  What
5  we have done -- what we are asking the Court to do is that we
6  allow us to file a new complaint in this case that adds
7  Mr. Salinske at a new plaintiff.
8          Mr. Salinske is a homeowner in Calumet City.  He's
9  subject to the ordinance.  The reason we want to do that is
10 because of you Honor's concern about mootness on behalf of Ms.
11 Walker.  So it seems to me that the way to cure that, we think
12 that the claims are new, but in the event that your Honor find
13 that they are, we can proceed in this case with a different
14 class, and we can go forward.  That's completely independent
15 from what is pending before Judge Coar.
16         THE COURT:  Mr. Sterk.
17         MR. STERK:  That one is a little bit confusing to
18 me.  It seems that if Walker's Complaint is moot, it's moot
19 now.
20         THE COURT:  Yes.
21         MR. MURPHEY:  And it can't be kept on -- it
22 shouldn't be kept on life support pending location of a
23 substitute plaintiff.  We have a -- we have a live controversy
24 in terms of this Mann-Hussein Complaint in front of Judge
25 Coar, I think because of this -- there is a damage element, as

1  you will recall, because that was at issue.
2          THE COURT:  Yes.
3          MR. MURPHEY:  So with that damage element there,
4  it's very difficult for me to perceive how that case could go
5  away, because it deals with past conduct.  So there is a
6  moving target of sales and transactions, doesn't really -- may
7  not impact that.  So it seems to me in terms of case
8  management one forum is better.  And it seems that as much I
9  have enjoyed this process here, that the most efficient way to
10 do it is in the front of a single judge where we know we are
11 going do have a live case.
12         THE COURT:  And if need be an appropriate amendment
13 can be made in that case that picks up any issues that are
14 thought not to be posed there, and that potentially, for
15 example, in the class category.  And I have got to tell you
16 that was my initial reading as well.
17         MR. HASH:  But your Honor, Houston Mann, the case
18 pending before Judge Coar is not styled as a class action.
19 They have not expressed any indication to me that they want to
20 proceed as a class action.  We are here before your Court on a
21 class action.
22         Cal City has taken certain actions they claims moots
23 Ms. Walker's ability to served as the class rep.  All we are
24 seeking to do is to add an additional plaintiff in this case
25 who can serve as the class rep in the class action before you

8

in the event that your Honor rules that Ms. Walker's claims are moot.

So there is no aspect of the class action case that properly be before Judge Coar. That's a standalone case challenging -- you might recall, when the Realtor Association were the plaintiff in the case your Honor entered an injunction against enforcement of the point of sale inspection ordinance.

THE COURT: Right.

MR. HASH: Cal City violated that injunction by interfering with the sale of property by Houston Mann. Your Honor entered an order saying that Ms. Houston and Mr. Mann were entitled to damages as the result of Cal City's conduct. Cal City has not paid those damage and that's what the Houston Mann case is all about. It's not -- it's nothing to do with the class action case that the Seventh Circuit told us that we ought to file in light of its ruling on standing. The class action case is before you, not before Judge Coar, and would not properly be before Judge Coar.

MR. STERK: Mann has characterized himself as a Verified Complaint for Temporary Restraining Order, Preliminary Injunction, Permanent Injunction, Declaratory and other relief.

MR. HASH: But it's not a class action.

MR. MURPHEY: Not yet. Maybe we will see what she

9

does. But if Ms. Walker's claim is moot now, there can't be a certification. That's the issue that we raised in our last filing, your Honor.

      MR. HASH: Your Honor --

      MR. MURPHEY: There would be -- we want to make the City's position perfectly clear, your Honor. Because Walker's Complaint is largely a facial challenge, we are not running away from the challenge. We filed our motion to dismiss. We think the fine tuning of the ordinance passes muster. What I don't want to do on behalf of my client is have a reprieve of what happened a year ago where there was an order entered in this case for better or for worse the ordinance is good or the ordinance is bad, and then it flunks this standing test.

      THE COURT: Let me ask a questions. If the kind of relief that Mr. Murphey has described is being requested in the other action, then how do we define what ought to be the tyranny of labels when we say, "Well, but that's not a class action." If it is seeking exactly the kind of relief that a successful class action would generate, the questions of whether the thing is done under the auspices of Rule 23 or not is, as I have frequently commented, something that usually a defendant ought to be more instead in instead of plaintiff, Because if they are successful they get the benefit of preclusion kind of argument that prevents other people from attacking. If they are unsuccessful, then the relief that has

10

been obtained is exactly what the class would get -- and that is saying, "This ordinance is no good, and they are stuck." And therefore any subsequent plaintiff would be in a position to assert defensive issue preclusion or defensive claim preclusion.

So you know the fact that it's not labeled as a class action really doesn't focus I think on the substantive reality of what's involved. I am bothered by the idea -- you know I think that I commented last time that I did not think of this one as being in the category that we frown upon, which defendant seeks to pick off plaintiff after plaintiff in the hope of avoiding ever having the issues dealt with. The distinction that is involved with the Walker plaintiff is one that's created by the property having being categorized as a legal nonconforming use.

MR. HASH: Your Honor, let me see if I can address that. The fact that they categorized the property as legal nonconforming has actually no impact on her standing. And we set this out in paragraphs 4 and 5 of our motion for leave to file the Amended Complaint.

Let me explain it to you. The City has done two things: They have said the property is legal nonconforming, and she does not have to pass a point of sale inspection because she just passed rental dwelling. It doesn't matter that they have designated her property as legal nonconforming.

11

The point of sale inspection ordinance applies to conforming property, legal nonconforming property. It doesn't matter whether the property is conforming or legal nonconforming. The fact that they designate it as such has no impact, because Walker says that the ordinance is facially unconstitutional. It's unconstitutional as respects to all property. It does not matter one bit whether they designate it as legal nonconforming.

They have also said that the designation of legal nonconforming means Count 3, but it doesn't. In fact it establishes that Walker is the perfect plaintiff to challenge Count 3.

Count 3 says that Cal City interferes with the sale of property by refusing to issue what are called "rebuild letters," where lenders say this property is legal nonconforming. If it's destroyed by less than 50%, Cal City, can it be rebuilt as legal nonconforming? Cal City refuses to issues those letters. So in order to challenge whether that conduct is permissible, the plaintiff must own legal nonconforming property. And so the fact that they designated it as legal nonconforming shows that she's the perfect plaintiff, not that her claim is moot.

MR. MURPHEY: Let me back up. The overriding concern that I have on behalf of -- I think what should be both parties, your Honor -- is that it doesn't take any great

12

imagination to envision a year from now somebody on the 27th floor saying to Mr. Nash, "You passed the inspection. The City said go ahead. You are a legal nonconforming use. The universal rule in Illinois, anywhere in the country is that if it is destroyed by more than 50% appears your have to play by the new rules. Counsel, you are crying with a loaf of bread in your arm. What are you doing in this court?" That is the fair, and I don't think it is a courtesy fair. And the way to get this case handled is in a forum where there is a live controversy which will defy mootness. I guarantee we are not going to try to pick up Ms. Mann by paying her money.

MR. HASH: But your Honor, if counsel's concern is that, then the way to proceed is to grant us leave to file our Amended Complaint, which will add a new plaintiff in this case as the putative class rep, Mr. Salinske, who has none of the mootness problems that they have identified with respect to Ms. Walker. They have not given him a pass on the point of sale inspection. They have designated his property as legal nonconforming. He could be the class rep. There would be no question about mootness. Your Honor could consider class certification. If you grant it, then there is going to be no question whatsoever before the Seventh Circuit whether this -- whether the Court had -- or whether the plaintiff had standing to bring the case. That's the sensible way to proceed: Allow us to amend. Add the new class rep, resolve those issues.

13

And if the Houston Mann case stays before Judge Coar, so be it.  They can proceed there.

THE COURT:  Well, I have got to tell you I am not persuaded.  You know for many years I have been referring to a case called Ross against Interocean, different context of course, in which the Court of Appeals decides six years after judgment that there was no jurisdiction, you know, and people have to go back to square one.  I am not faulting you, by the way, for that.  It's just that all courts deal with issues that are jurisdictional and they are particularly sensitive to matters of standing.

The idea of treating an action such as this that might be characterized I think most charitably as moribund (if not dead) and saying, "Well, let's try to breathe life into it by giving something else," is something that does not seem to me to be very persuasive when there is the potential for the same thing being done in the action before Judge Coar.  There is nothing that, for example, that precludes -- now I don't know who is representing the plaintiff in that action -- but there would be nothing, for example, to preclude an intervention in that case if necessary in order to do precisely what you are talking about here.  And that would then be in a case that has none of the potential for the kind of look back that says, "Too bad.  You know, we know you have gone through all of this work, but it's of no avail because of

14

the fact there is a flaw that preexisted."

And I am -- you know I am very troubled by the prospect of that. It's not that I shy away from work, as you know. I am perfectly happy to deal with issues that are before me. But the idea of doing it and having it turn out to be a potential dry run is very troublesome. And that's the thing that is concerning me, and it's really echoing the point that Mr. Murphey made.

MR. HASH: Well, your Honor, then in our motion for leave to file the Amended Complaint we sought alternative relief. We thought by filing an Amended Complaint we would solve all of the problems that your Honor has identified about potential mootness, because we have a plaintiff that did not have any of these problems. In the alternative we asked for an extension to file our brief on the mootness point. Because we are convinced that once you see it layed out you will agree that Ms. Walker's claim is not moot. What the City has done has not affected here ability to challenge the constitutionality of the ordinance, or the constitutionality of Cal City's conduct in how it treats legal nonconforming property owners.

THE COURT: But that's chancy, and you got an alternative that's not chancy. And I don't understand why in the interest of good lawsuit administration -- I am not talking about judicial administration -- the sensible thing to

do is not to pursue the other course that I have talked about that enables you to eliminate the prospect that you may be wrong.

You know, what was it that Oliver Cromwell said to Parliament when they were about to decree his execution: "I beseech thee in the bowels of Christ, gentlemen, to consider that thee may be wrong." you know. And none of us has an unclouded crystal on that score.

I'm very bothered by the prospect -- I am very bothered by, you know you might be right, you might be wrong. But the idea of saying, "Well, let's take a risk," when that risk is not present as for example you were to seek to be added to the case before Judge Coar, which is a live one, and it's certainly a live one, doesn't persuade me at all.

MR. HASH: But we are not taking a risk by asking to brief the mootness issue. I mean if you decide, you agree with us after --

THE COURT: Sure you are. Suppose I am wrong when I decide that one? I know, I can't -- no, seriously...

MR. MURPHEY: It just seems, your Honor, that this other fellow who wants to come into the case, the proposed new plaintiff, he can intervene in front of Judge Coar. It's the same thing.

THE COURT: Yes. And then you have got a lawsuit that has a guaranteed life as contrasted with one that, as I

16

1  say, is chancy, speculative.  It may be right, it may be
2  wrong, but why take the risk?
3         That's the thing that troubled me as I read the
4  motion.  I look at it -- you know I anticipated there was
5  going to be another lawsuit obviously.  But if so, it seems to
6  me to be the appropriate vehicle for either amendment to the
7  Complaint there or intervention or something that then can
8  pose all of the issues that are sought to be presented in this
9  case.  So I --
10         MR. HASH:  Your Honor, I don't see the risk by if
11 you add a new plaintiff here that doesn't have the potential
12 mootness problems.  Then we have -- we can go forward with
13 this case before your Honor who has been addressing these
14 issues for two years.  I don't see that -- I don't see where
15 that presents risks to me, to Cal City or to the Court,
16 because then we can move forward towards resolution.
17         MR. MURPHEY:  The risk is this:  I was taking to
18 task by Judge Posner during oral argument in the Realtors case
19 for not being aggressive enough on this issue of standing and
20 on jurisdictional issues.  I cannot in good faith let that
21 happen again.
22         MR. HASH:  But we have a new plaintiff, then there
23 is standing, then there is no question.
24         MR. MURPHEY:  I think we -- I rest my case.
25         THE COURT:  I am not prepared to grant any of the

17

1 relief that's sought here.  And I believe that the appropriate
2 determination is to treat the matter as to plaintiff Walker as
3 having been rendered moot, which creates as I believe a
4 determination that without prejudice to the ability to pursue
5 the substantive issue of the ordinance in another - in the
6 other forum.
7          You are free to do that.  You are free to do that
8 with this putative new plaintiff, because of the fact that the
9 nature of what's sought as was read to me in that other
10 lawsuit partakes of the same kind of prayer for relief that
11 would be involved on behalf of the class -- that is, a
12 challenge to the ordinance itself, means that you would
13 readily satisfy the conditions for intervention, because it
14 meets the need of saying, "Well, our interest is not
15 adequately -- are -- not are -- "a new plaintiff's interest is
16 not adequately represented by the existing plaintiff, and
17 therefore we seek to intervene on that ground which satisfies
18 the standards," and the case then moves forward with the issue
19 as everybody wants them.
20          I don't understand the City to be shying away from
21 dealing with the matter.  They are ready to meet that.  And
22 they are ready to meet that in an appropriate forum.  What Mr.
23 Murphey is saying is that he is concerned that the whole thing
24 could be confronted here and then unraveled because of the
25 substantive defects that he has talked about, and that I am

```
                                                              18
 1  concerned with.
 2          So I am not prepared to grant the relief here.  And
 3  I believe that the appropriate order is one that basically
 4  dismiss this action on mootness grounds, which I can make
 5  plain is then without prejudice to the assertion of the
 6  comparable claim, including a claim for class certification if
 7  desired, by an appropriate plaintiff with a live controversy.
 8  Okay.
 9          Don't misunderstand.  You know it should not be
10  doubt on your part that I am prepared to deal with the
11  substantive issues.  For heaven's sake we have being doing
12  that for a year now.  And the expectations were frankly
13  defeated as you know by the Court of Appeals determination.
14  And by the way, did the Supreme Court ever act on the cert
15  application.
16          MR. STERK:  We just filed our brief in opposition,
17  your Honor.
18          THE COURT:  All right.  Any way, that's my reaction,
19  Mr. Nash.  And what I would ask is that counsel prepare a
20  proposed form of order reflecting that, and I will then see
21  whether it touches all of the bases.  And if so, that is going
22  to be my determination.
23          Thank you.  Okay.
24          MR. STERK:  Thank you, your Honor.
25          MR. HASH:  Thank you, your Honor.
```

1      (WHICH WERE ALL OF THE PROCEEDINGS HAD AT THE HEARING OF
       THE ABOVE-ENTITLED CAUSE ON THE DAY AND DATE AFORESAID.)
2
                         C E R T I F I C A T E
3
   I HEREBY CERTIFY that the foregoing is a true and correct
4  transcript from the report of proceedings in the
   above-entitled cause.
5
   /S/Jesse Andrews
6  JESSE ANDREWS, CSR
   OFFICIAL COURT REPORTER
7  UNITED STATES DISTRICT COURT
   NORTHERN DISTRICT OF ILLINOIS
8  EASTERN DIVISION
   DATED: June 3, 2008
9