IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| AYANNA WALKER, | ) | |
| Plaintiff, | ) | Case No. 07 C 6148 |
| vs. | ) | |
| | ) | Judge Milton I. Shadur |
| CALUMET CITY, ILLINOIS, | ) | Magistrate Judge Valdez |
| Defendant. | ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S PETITION FOR AWARD OF
ATTORNEY'S FEES AND EXPENSES PURSUANT TO 42 U.S.C. § 1988**

**I.   Introduction**

There is more than a little irony in Walker's contention that she is a prevailing party for purposes of **§** 1988 fees.[1]   The fee claim is ironic because:

► Walker sought to invalidate the Ordinance.  That failed.

► Walker sought to enjoin the point-of-sale provisions.  That failed.

► Walker sought to turn Illinois land use law on its head by asking this Court to rule that ordinances requiring elimination of nonconforming use in the case of premises destruction is unconstitutional.  That failed.

► Walker sought to certify a class action.  That failed.

► Walker fought tooth-and-nail against dismissal of this action on mootness grounds.  That failed.

What is most ironic about the Petition is Walker's refusal to acknowledge that her case is an unintended but dramatic demonstration that the Ordinance is reasonable.  The Court will recall that Walker's predominant constitutional claim is that the inspectional and code compliance requirements of the Ordinance amount to an unconstitutional "restraint on alienation"

---

[1] Of course, we all know that "Walker" is the legal equivalent of a nom-de plume. The real plaintiff is the local Realtors Association, which is waging a multi-front war against the point-of-sale inspection ordinance. <u>Mann v. City of Calumet City</u>, 08 C 555 (Judge Coar); <u>Salinske v. City of Calumet City</u>, 08 CV 3017 (Judge Anderson).

of real property. And yet, Walker voluntarily submitted herself to the identical processes set forth in the City's Rental Inspection Ordinance. The City inspected her property, she received a punchlist of corrective measures, she fixed the problems, and she received her annual certificate allowing her to continue with the rental of the premises. With very little fanfare and no difficulty, Walker was able to alienate her property (or at least alienate a leasehold interest) while voluntarily working hand-in-hand with the City to make sure the rental dwelling complies with applicable City codes. The Walker experience demonstrates in real world terms that the Ordinance is a rational means of maintaining the housing stock without burdening property owners. The point-of-sale inspectional processes are identical to the annual rental inspection processes. The Walker episode proves our case.

One of the risks of choosing a straw plaintiff is that the straw person may choose to act in her own self-interest rather than in favor of the advocate's cause. Either unbeknownst to, or in spite of, the Realtors' cause, Walker herself conceded to the validity of the Ordinance by submitting to and successfully passing the very code compliance inspection process being challenged by the Realtors. The Ordinance certainly didn't restrain Walker's ability to alienate her property to her tenants. By voluntarily and successfully complying with the City's inspection and fix-up requirements, Walker mooted her own claim and – in the City's view – became the poster child for the validity of the Ordinance.

In light of these facts, we respectfully paraphrase this Court. Characterizing Walker's assertion that she is a § 1988 prevailing party under Buckhannon as "ironic" is really too tepid. "Chutzpah" is more appropriate. Carmichael v. Payment Center, 2002 WL 31177470 (N.D.Ill. 2002); Kosinski, "Lawsuit, Shmawsuit," 103 Yale L.J. 463 (1993) (noting that Yiddish "is quickly supplanting Latin as the spice in American legal argot.").

For the reasons set forth below, the Petition should be denied.

**II.    Walker Is Not A "Prevailing Party" Because (1) She Did Not Receive Any Of The Relief Sought In Her Complaint; And (2) All Of The Actions Taken By The City Toward Walker And The Subject Property Were Voluntary And Wholly Unrelated To Walker's Complaint.**

(a)    **Buckhannon and Its Progeny**

The Supreme Court set forth the appropriate analysis for the determination of whether a party is a "prevailing party" and entitled to attorney's fees in Buckhannon Board and Care Home, Inc. v. West Virginia Department of Health and Human Resources, 532 U.S. 598 (2001). In Buckhannon, the Court rejected the "catalyst theory," which posits that a plaintiff is a "prevailing party" if it achieves the desired result because the lawsuit brought about a voluntary change in the defendant's conduct. Id. at 601, 605. A defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial imprimatur on the change. Id. at 605. Judicial imprimatur requires a judicially sanctioned change in the legal relationship of the parties. Id. The U.S. Supreme Court held that the term "prevailing party" does not authorize an award of attorney's fees without a corresponding alteration in the legal relationship of the parties. Id.

To qualify as a prevailing party, a civil rights plaintiff must obtain at least some relief on the merits of his claim. King v. Illinois State Board of Elections, 410 F.3d 404, 414 (7th Cir. 2005); Lapka v. Chertoff, 517 F.3d 974, 987 (7th Cir. 2008); Crabill v. Trans Union, L.L.C., 259 F.3d 662, 665 (7th Cir. 2001). The plaintiff must obtain an enforceable judgment against the defendant from whom fees are sought, … or some comparable relief through a consent decree or settlement. Id.; see also T.D. v. LaGrange School District, 349 F.3d 469, 478 (7th Cir. 2003); Crabill, 259 F.3d at 667 (stating a plaintiff must obtain formal judicial relief, and not merely

"success," in order to be deemed a prevailing or successful party under any attorney's fee provision comparable to the civil rights attorney's fees statute.).

Ultimately, a party 'prevails' when actual relief on the merits of her claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff. Id.; see also Sole v. Wyner, ___U.S.___, 127 S.Ct. 2188, 2194 (2007); Zessar v. Helander, ___F.Supp.2d___, 2007 WL 1703915 *1, *3 (N.D.Ill. 2007) citing Buckhannon (when a defendant voluntarily mooted the action, where there was no change in the legal relationship between the parties, the plaintiff was not considered a prevailing party and, therefore, was not entitled to attorney's fees.).

**(b)　Walker's Petition For Attorney's Fees Should Be Denied Because Walker Was Not Successful On The Merits Of Any Of Her Claims.**

Walker's petition for attorney's fees should be denied because Walker was not successful on the merits of any of her claims. The City filed a motion to dismiss on the basis of mootness because Walker had complied with the requirements of the parallel Ordinance. Walker vigorously opposed the motion to dismiss. This Court agreed with the City. Walker cannot claim that she is the prevailing party "receiv[ing] all the relief she sought" when she went to such great lengths to attempt to defeat the motion to dismiss.

Walker's assertion that she received all of the relief she sought in this Court's Order is absurd. A review of Walker's Complaint demonstrates that she has not received any of the relief she sought in this matter.

**Count I**. Walker sought an injunction on the basis that the Ordinance unreasonably restrains the right of property owners to transfer their property. Walker voluntarily complied with the Ordinance by submitting the Subject Property to an inspection, making the necessary repairs and the City certifying the Subject Property as legally nonconforming. Her actions made

4

Count I moot. Walker did not obtain any judicial determination that the Ordinance is unconstitutional nor did this Court enter an injunction. Thus, Walker is not a "prevailing party" as to Count I.

**Count II.** Walker sought an injunction on the basis that the Ordinance was unconstitutional in that it failed to provide Walker (or any property owner) procedural due process. This Court never made a determination that the Ordinance failed to provide Walker procedural due process. This Court granted Walker none of the relief she sought in Count II of her Complaint. Walker's compliance with the Ordinance rendered Count II moot. Thus, Walker is not a "prevailing party" as to Count II.

**Count III.** Walker sought an injunction on the basis that the City unconstitutionally applies the Zoning Code to force the de-conversion or modification of legal nonconforming property as a condition of the right to sell such property. Again, Walker complied with the requirements of the Ordinance when she submitted the Subject Property to inspection and corrected any and all defects/repairs. The City certified the property as legal nonconforming. The Subject Property complied with the requirements of the City's Zoning Code. Walker's compliance rendered Count III moot. Walker did not receive any of the relief she sought in Count III. Therefore, Walker is not a "prevailing party" as to Count III.

Walker failed to obtain any of the relief she sought in her Complaint. Walker cannot be considered a "prevailing party" when she left this courtroom empty-handed. See Buckhannon, 532 U.S. at 613-614 (Scalia, concurring); see also Crabill, 259 F.3d at 666 (stating "a litigant who left the courthouse emptyhanded" gets no fees.). Thus, Walker's petition for attorney's fees should be denied.

Because, Walker failed to obtain any of the relief she sought in her Complaint, her petition for attorney's fees should be denied.

**(c)   Walker Is Not A "Prevailing Party" Because All of the Actions Undertaken By the City Were Voluntary and In Response to Walker's Application.**

Walker is not a "prevailing party" because all of the actions undertaken by the City were voluntary and unrelated to Walker's Complaint. Walker submitted her property to an inspection for multi-unit rental dwellings. The Subject Property was inspected and Walker was informed of what corrections/repairs needed to be completed in order to bring it into compliance. Walker made the corrections and the City certified the Subject Property as legal nonconforming. Walker's submission of the Subject Property to an inspection obviated the need for a redundant point-of-sale inspection. Walker had already brought her property into compliance with the same building code requirements she claimed were vague and petty.

There is a complete absence of any judicial imprimatur which resulted in any change in the legal relationship of the parties in this case. The City's voluntary actions were not precipitated by nor in response to any order or ruling by this Court. This Court did not conclude that any portion of the Ordinance was unconstitutional. The Ordinance remains in full force and effect. No portion of the Ordinance has been repealed or amended as a result of Walker's lawsuit. This Court did not make any findings or rulings that the City had engaged in any wrongdoing nor is there any evidence of wrongdoing by the City. This Court has not made any rulings on the merits of Walker's claims. The Order dismissing Walker's claims as moot does not rise to the level a judicially sanctioned change in the party's relationship that materially altered the legal relationship between the parties. If Walker had obtained any real relief, why in the world would the same associational plaintiffs filed two other identical lawsuits?

6

In Buckhannon, the state legislature repealed the contested provision while discovery was still pending and prior to any substantive judicial determinations. Buckhannon, 532 U.S. at 601. Defendant moved to dismiss the case as moot. Id. The Court held that without a judgment on the merits, there is no change in legal relationship and the plaintiff was not deemed a prevailing party. Id. at 605.

Buckhannon is equally applicable here, but for a slightly different reason. The City has not repealed or revised any portion of the Ordinance. It was not the Calumet City council, but the voluntary actions by Walker which mooted the matter when she submitted the Subject Property to an inspection and brought it into compliance.

Walker's claim that "the Court based its Order on Calumet City's representation that it would not enforce the Ordinance against Walker" is contrary to the express language of the Order. Walker apparently fails to comprehend the express language of this Court's Order. The Order states that the reason that the City was waiving the inspection requirement of the Ordinance is that: "Walker has already submitted the property located at 521-23 Greenbay Avenue (the "Subject Property") to an annual inspection under the City's Rental Dwelling Inspection Ordinance, and has corrected all identified Code violations in accordance with the terms thereof, Walker does not need to pass a redundant point-of-sale inspection in order for her to sell the Subject Property." The Order states that the City would not otherwise enforce the Ordinance because Walker complied with it by submitting the Subject Property to an inspection and correcting any defects. The City prevailed by obtaining Walker's compliance. The City certified the Subject Property as legally nonconforming under the City's Zoning Code.

Walker still remains subject to the requirements of the Ordinance. The Order dismissing this matter expressly states that Walker remains subject to certain requirements of the Ordinance,

7

i.e., payment of real estate transfer taxes and transfer of the tax stamps to a prospective buyer. If Walker had not submitted the Subject Property to the inspection which has resulted in the waiver of the inspection requirement under the Ordinance, this matter would still be pending before this Court and moving forward.

Walker's assertion that the possibility of a contempt proceeding is sufficient to meet the requirement of judicial imprimatur is without merit. This Court specifically stated on the record on May 15, 2008 that it would not retain jurisdiction over this matter. See Transcript of Proceedings, May 15, 2008, page 11 ("Transcript, p. ___"). This Court mentioned, "there is, of course, contempt which is available when people violate a court ruling…That's a matter of law." Transcript, p. 11-12. Walker is attempting to convolute this Court's statement of the possibility of a "potential" contempt proceeding as somehow meeting the requirement of judicial imprimatur. Walker has not cited any precedent to support this bald assertion. Buckhannon does not permit this stretch.

This Court did not require "that the Order be recorded in the Office of the Cook County Recorder of Deeds to ensure that Calumet is forever legally bound by its certification that Walker's property is legal nonconforming." This Court ordered the parties to come an agreed Order dismissing Walker's claims as moot and setting forth the parties' respective positions. This Court made it abundantly clear on the record that it would not craft the resolution between the parties. This Court stated, "So, again, I am not going to design your procedure for you. I simply wanted to get before both sides the areas in which I thought that you were at least nominally at cross purposes, but not in fact I thought." Transcript p. 10.

In response to Walker's assertion that the certification runs with the land and that it should be included in the Order, this Court specifically stated that it was not the Court's

8

determination that was at issue. This Court did state that it thought that Walker is entitled to have the certification memorialized and it should be effective but went on to state, "and so how you do that is not really a matter for my immediate concern. It's a matter that I think that the two sides can readily confirm just by confirming about them." Transcript, p. 8. As this Court pointed out, the status of the land being certified as legally nonconforming runs with the land <u>as a matter of Illinois law</u>. Once the City certified the land as legally nonconforming, such designation runs with the land regardless of ownership. The Order reflects that in paragraph 3(d). This Court never ordered the City to file the certification with the Recorder of Deeds. The City voluntarily agreed to do so.

Walker's assertion that "the Order formalizing and memorializing Calumet City's concessions was entered at Walker's insistence because of her concerns that a purely voluntary undertaking on Calumet City's part would not provide adequate protection in the future" is factually incorrect. First, the City never made any "concessions." Walker complied with the inspection requirement of the Ordinance when she submitted the Subject Property to an inspection and made all the necessary corrections/repairs under a separate ordinance called the Rental Dwelling Inspection Ordinance. The inspection requirement under that ordinance is identical to the one in the Ordinance. The City voluntarily waived a second and redundant inspection because the purpose of the Ordinance was served.

None of these actions by the City qualifies as any so-called "concession." Walker complied with the requirements of the Ordinance and the City waived a redundant inspection. Once Walker sells the property, pays the real estate transfer taxes, the City will issue her the transfer stamps and/or a Certificate of Compliance. Walker's compliance with the Ordinance and

9

the City abiding by the Ordinance's terms hardly qualifies as any so-called "concessions" by the City.

Second, the Order was not entered at Walker's insistence.  The City filed a motion to dismiss which was opposed by Walker and granted by this Court.  This Court ordered the parties to confer and agree on the terms of the order dismissing Walker's claims as moot.  Walker's claim that the Order was entered at her insistence is wrong.  Walker lost her chance to challenge the Ordinance.  To that extent, she lost the case.

Third, Walker's "concerns" stemmed from her attorney's so-called "experience" with the City and what he characterized as the City's reluctance/refusal to issue transfer stamps.  Transcript, p. 10.  This Court rhetorically asked, "What is a Court supposed to do with the prospect of future scofflaw activity on the part of anyone?"  Walker requested that the Order dismissing Walker's claims as moot include that the City would issue the transfer stamps once payment of the tax.  The City registered no objection to a recitation that we would follow our own Ordinance, and included it in paragraph 3(c).  Any other "concerns" raised by Walker as to any of the City's affirmative statements, which mooted Walker's claims, was heard and the City voluntarily agreed to confirm/include all of them in the Order.

Walker has failed to cite a single case or any precedent at all which demonstrates that Walker qualifies as a "prevailing party" and is entitled to attorney's fees by this Court granting the City's motion to dismiss.  Therefore, her petition for attorney's fees should be denied.

**III.    Walker's Reliance On Johnny's Icehouse To Support Her Petition For Attorney's Fees Is Wholly Misplaced.**

Walker's reliance on Court's opinion in Johnny's Icehouse v. Amateur Hockey Association of Illinois, No. 00 C 7363, 2001 WL 893840, *1 (N.D. Ill. Aug. 7, 2001) is misplaced.

In Johnny's Icehouse, this Court held two full days of evidentiary hearings on plaintiff's motion for a temporary restraining order which was supplemented by extensive pre- and post-hearing briefing. Id. at *1. This Court found that plaintiff had "more than amply sustained its burden, and was therefore entitled to a TRO, regarding the Westenberg and Watts issues." Id. In light of that ruling, defendant agreed to discontinue both the Westenberg disciplinary and the Watts disciplinary investigation permanently and memorialized the parties' settlement agreement in this Court's Order. Id. at *2.

This Court concluded that the Order subjected what would otherwise have been merely a private settlement agreement to judicial oversight and enforcement and it did so in response to plaintiff's concerns that a purely voluntary undertaking on defendant's part would not alone provide adequate protection in the future. Id. at *3. This Court found the Order "clearly bears the mark of judicial sanction" because of the defendant's agreement to drop the disciplinary proceedings arose out of this Court's finding of wrongdoing on defendant's part after a full-fledged factual hearing. Johnny's Icehouse, 2001 WL 893840 at *3. Further, this Court stated that the defendant's agreed to reduce its commitment to a court order which obviated the need for a conversion of the TRO into a preliminary injunction. Id.

The facts here are the exact opposite. This Court has never held any evidentiary hearings on a motion for preliminary injunction. Walker never met her burden on the merits of any claim she sought in this Court. This Court made no merits-based rulings—preliminary or otherwise—as to the validity of the Ordinance. The Order in this matter is not a settlement agreement between the parties. It is an Order which was entered by this Court granting the City's motion to dismiss on the basis of mootness. The City's voluntary actions of waiving the inspection requirement arose out of Walker's compliance with the same requirements. The City's actions

11

were not in response to any adverse ruling by this Court. Thus, there is a complete absence of judicial imprimatur necessary for the award of attorney's fees. As this Court stated (at *2), where a defendant voluntarily changes its conduct, the change "lacks the necessary judicial imprimatur" for a finding that the plaintiff has prevailed. Therefore, Johnny's Icehouse is not controlling or applicable to the facts of this matter. Accordingly, Walker's petition for attorney's fees should be denied.

Walker also cites to two other cases at the very end of her petition. Neither case is controlling or applicable to the facts of this matter. In Cruz v. Globe Realty Management Co., No. 03 C 9298, 2005 WL 3455846 *1 (N.D. Ill. Dec. 13, 2005), the parties entered into a settlement agreement and the Court entered an agreed order of dismissal. The order of dismissal instructed the parties to comply with the settlement agreement, explicitly stated the Court retained jurisdiction to enforce the settlement agreement and otherwise dismissed the case with prejudice with each party to bear attorney's fees and costs. Id. Defendant breached the settlement agreement and plaintiff was entitled to some award of attorney's fees relative to enforcing the terms of the settlement agreement. Id. at *6.

The facts here are distinguishable. There is no settlement. The Order granted the City's motion to dismiss as a result of Walker's actions. This Court specifically stated that it would not retain jurisdiction over this matter. Walker's claims became moot as a result of her compliance with the Ordinance.

Walker completely misrepresents the ruling in Peterson v. Gibson, 372 F.3d 862 (7th Cir. 2004). Walker claims that Peterson stands for the proposition that a party should be awarded attorney's fees where the parties' settlement agreement was "incorporated into the dismissal order." Id. at 866-67. Walker has taken a fragment of a sentence in the Peterson opinion and

represented to this Court that this is what the Seventh Circuit ruled in this case. The Seventh Circuit's ruling was the exact opposite. The Seventh Circuit stated in <u>Peterson</u>, "there is in fact no order that we can find in the record, and none provided by the parties, concerning the settlement at all, and thus no judicial imprimatur whatsoever under <u>Buckhannon</u>. Because Peterson received no relief from the judgment of the court, and because the settlement was not a judicially sanctioned change in the legal relationship of the parties, Peterson was not a prevailing party under § 1988, and is not entitled to attorney's fees." Id. at 867.

<u>Peterson</u> demonstrates that Walker is not entitled to attorney's fees. Walker has not received any of the relief she has sought in her Complaint. This Court has not provided Walker with any relief in the form of a judgment. The City's voluntary action in waiving the inspection requirement under the Ordinance was due to Walker's compliance with it. No ruling by this Court has resulted in a judicially sanctioned change in the legal relationship of the parties. Thus, Walker is not a prevailing party under § 1988 and is not entitled to attorney's fees.

Defendant respectfully requests that this Court deny Walker's Petition for Attorney's Fees.

    Respectfully submitted,
    City of Calumet City
    By:   /s/ John B. Murphey

| | |
|---|---|
| JOHN B. MURPHEY/ARDC #1992635 | MARK STERK/ARDC #3125540 |
| Rosenthal, Murphey & Coblentz | Odelson & Sterk, Ltd. |
| 30 North LaSalle Street, Suite 1624 | 3318 West 95th Street |
| Chicago, Illinois 60602 | Evergreen Park, Illinois 60805 |
| Tel. (312) 541-1070/Fax (312) 541-9191 | Tel. (708) 424-5678/Fax (708) 424-5829 |

G:\rmcj\calumet City\walker\Resp.Atty.Fees.doc

**CERTIFICATE OF SERVICE**

      I hereby certify that on July 21, 2008, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of said filing to all parties listed below:

| | |
|---|---|
| Philip C. Stahl | Mark H. Sterk |
| Maggie M. Hanel | Michael Joseph Hayes, Jr. |
| Patrick Thomas Nash | Robert Wilder |
| Grippo & Elden | Richard F. Bruen, Jr. |
| 111 South Wacker Drive | Odelson & Sterk |
| Chicago, Illinois 60606 | 3318 W. 95th St. |
| | Evergreen Park, Ill. 60805 |

      /s/   Douglas M. Doty
ROSENTHAL, MURPHEY & COBLENTZ
Attorneys for Calumet City
30 North LaSalle Street, Suite 1624
Chicago, Illinois 60602
Tel. (312) 541-1070
Fax: (312) 541-9191