IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

AYANNA WALKER,                        )
                                      )
                    Plaintiff,        )
                                      )
     v.                               )        No.  07 C 6148
                                      )
CALUMET CITY, ILLINOIS,               )
                                      )
                    Defendant.        )

SUPPLEMENT TO MEMORANDUM ORDER

This Court's September 25, 2008 memorandum order ("Order"),

having rejected the effort by counsel for Calumet City ("City")

to escape liability for the attorney's fees earned by counsel for

plaintiff Ayanna Walker ("Walker") in this 42 U.S.C. §1983[1]

lawsuit, ordered City's counsel to file a prompt response dealing

with quantification of the fee award.  City's counsel more than

met the requirement for promptness when on the very next day,

September 26, they filed "Calumet City's Supplemental Memorandum

on the Issue of Attorney's Fees (Pursuant to Order of 9/25/08)"--

but regrettably their response was fatally flawed factually and

legally.  This opinion hastens to narrow the focus of the dispute

to the only item left open:  the hourly rates properly chargeable

by Walker's counsel for use in calculating the lodestar figure.

City's counsel, having lost their frontal attack on any fee

award by an unpersuasive effort to invoke Buckhannon Bd. & Care

_____

    [1]    All further references to Title 42's provisions will
simply take the form "Section--."

<u>Home, Inc. v. W. Va. Dep't of Health & Human Res.</u>, 532 U.S. 598 (2001), now seek to minimize the award by characterizing Walker's counsel as having obtained only partial success.  But that skewed analysis rests on a fundamental mischaracterization of this lawsuit, which is after all <u>Walker's</u> lawsuit.[2]

In that respect City and its counsel prefer to gloss over (or rather to ignore entirely) the facts (1) that Walker owns real estate in Calumet City that has been and is a legal nonconforming use and (2) that her goal from the beginning has been to preserve the full value of her property against the threat posed by City's then-enacted Ordinance.  This lawsuit provided her a total victory in that regard, not a partial one: This Court's May 22, 2008 Final Order of Dismissal compelled City not only to confirm that legal-nonconforming-use status but also to do so with a commitment that ran with the land, thus assuring the continuing marketability of Walker's property as comprising multiple occupancy residential units.

But, say City's counsel, Walker did not gain that victory by succeeding in her original prayer to have the Ordinance declared

---

[2]  Walker's counsel had previously represented the Realtor Association of West/South Suburban Chicagoland in mounting a constitutional attack on City's Point of Sale Inspection Ordinance (the "Ordinance").  That effort was ultimately rejected by our Court of Appeals in <u>MainStreet Org. of Realtors v. Calumet City</u>, 505 F.3d 742 (7th Cir. 2007), and counsel and their Association client have swallowed that loss:  No part of the services rendered in that case are the subject of the current Section 1988 application.

2

unconstitutional.  What irony--or better still, what chutzpah.
That posture of affairs was created by City and its counsel
themselves--they amended the original Ordinance before _its_
constitutionality could be adjudicated, then sought
unsuccessfully to moot Walker's challenge to the revised
Ordinance, but without providing her with the real protection she
needed to preserve the value of her property.  City's position is
strikingly reminiscent of the old story about the defendant who,
having murdered both his parents, sought the court's mercy
because he was an orphan.  Moreover, Walker's victory is measured
by the fact that she accomplished it through her counsel's direct
efforts, not the particular theory by which her counsel
succeeded.

It bears repeating, as Order at 2-3 stressed, that the
amended Ordinance that was generated by City and its counsel
would have afforded Walker less than the full relief that she
obtained through her counsel's efforts and this Court's
insistence, as embodied in the Final Order of Dismissal.  This
case calls directly into play the lessons taught by the seminal
opinion in Hensley v. Eckerhart, 461 U.S. 424, 435
(1983)(citation and footnote omitted):

> Many civil rights cases will present only a single
> claim.  In other cases the plaintiff's claims for
> relief will involve a common core of facts or will be
> based on related legal theories.  Much of counsel's
> time will be devoted generally to the litigation as a
> whole, making it difficult to divide the hours expended

on a claim-by-claim basis.  Such a lawsuit cannot be
viewed as a series of discrete claims.  Instead the
district court should focus on the significance of the
overall relief obtained by the plaintiff in relation to
the hours reasonably expended on the litigation.

Where a plaintiff has obtained excellent results, his
attorney should recover a fully compensatory fee.
Normally this will encompass all hours reasonably
expended on the litigation, and indeed in some cases of
exceptional success an enhanced award may be justified.
In these circumstances the fee award should not be
reduced simply because the plaintiff failed to prevail
on every contention raised in the lawsuit.  Litigants
in good faith may raise alternative legal grounds for a
desired outcome, and the court's rejection of or
failure to reach certain grounds is not a sufficient
reason for reducing a fee.  The result is what
matters.[3]

In short, Walker has scored a total victory as to her

property, and her lawyers are accordingly entitled to total

compensation, even though she did not prevail on all theories

advanced on her behalf.[4]  And this is quite apart from the added

factor that City's opposition is extraordinarily niggardly, for

it was the final order that Walker obtained against City, rather

than any merits-based loss on Walker's part, that averted a

ruling on constitutionality of the earlier Ordinance.[5]

---

[3]  [Footnote by this Court]  City's citation to, and its
attempted reliance on, our Court of Appeals' ten-day old opinion
in Deicher v. City of Evansville, 2008 WL 4276588, at *8 (7th
Cir. Sept. 19) is mysterious indeed.  If anything, given Walker's
total success in achieving her substantive goal, what was said in
Deicher cuts in Walker's favor rather than City's.

[4]  As Order at 3 said, Walker does not seek fees for her
counsel's work done in seeking class certification.

[5]  No holding is made or implied here as to what the result
of a merits-based decision would have been.  But that is of no

This Court has accordingly exercised its equitable judgment called for by <u>Hensley</u>, 461 U.S. at 436-37, and it approves the totality of the hours encompassed in Walker's submission. That leaves open only (1) the issue of hourly rates, as to which Walker's submission is lacking an appropriate confirmation supporting the characterization that the figures used are indeed "their standard hourly rates" (Walker's Reply at 14) and (2) the amount of fees ascribable to time spent in August through October 2008 in connection with the current matter.[6] When Walker's counsel provides that information together with a calculation of the interest component of the award,[7] this Court will be in a position to enter the appropriate order.

_____

Milton I. Shadur
Senior United States District Judge

Date:  September 29, 2008

_____

moment, because the language quoted above from <u>Hensley</u> confirms that no reduction in fees would have been occasioned even by a rejection of the constitutional attack.

[6] Walker's success in the present dispute as to fees entitles her to recover the fees-on-fees component as well.

[7] City's currently-filed response correctly points out that Walker's application reflects the lawyers' historical hourly rates in effect in both 2007 and 2008, the only two years involved. That may well obviate the need to employ the more complex (though more precise) interest calculation suggested in the Order. This Court therefore leaves to Walker's counsel the way in which the ultimate submission takes account of the interest component of the award.